Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br>    **1. DIRECT COPYRIGHT INFRINGEMENT**<br>    **2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

Brandon Vogts, through counsel, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

## PARTIES

4. Vogts is a professional photographer residing in Los Angeles County, CA. Vogts specializes in photographing residential and commercial interiors, luxury real estate, and architecture.

5. Defendant PENSKE MEDIA CORPORATION ("PMC") is a Delaware corporation with its principal place of business located at 11175 Santa Monica Blvd., Los Angeles, CA 90025. PMC is the parent company of DIRT (defined below). PMC is well-versed in copyright law: it is a publishing and media company; and it has been sued numerous times for, and has initiated numerous lawsuits alleging, copyright infringement.

6. Defendant DIRT.COM, LLC ("DIRT") is a Delaware limited liability company with its principal place of business located at 11175 Santa Monica Blvd., Los Angeles, CA 90025. DIRT is a subsidiary of PMC. DIRT, along with PMC, owns, operates, and/or controls the commercial website dirt.com ("DIRT's WEBSITE"). DIRT's WEBSITE features content focused on real estate.

7. Defendant MOVE, INC. ("MOVE") is a Delaware corporation with its principal place of business located at 30700 Russell Ranch Road, Westlake Village, CA 91362. MOVE owns, operates, and/or controls the commercial website realtor.com ("MOVE's Website"). MOVE is likewise well-versed in copyright law, as it has been sued numerous times for copyright infringement.

8. On information and belief, Plaintiff alleges that Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with PMC, DIRT, and MOVE, the "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged

herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. On information and belief, Plaintiff alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATING TO THE SUBJECT PHOTOGRAPHS

10. MOVE's Website, as its name (realtor.com) suggests, offers a comprehensive list of properties, as well as other information and tools, for prospective purchasers to make "informed real estate decisions."

11. MOVE's Website does this by compiling and publishing information from Multiple Listing Service feeds ("MLS") and other public records, and then making that available in its search engine ("MLS Search Engine").

12. In connection therewith, MOVE licenses photographs of properties, among other things, from Real Estate Business Services, Inc. ("REBS"). REBS purports to have the right to display listing data from numerous California Associations, Boards, and MLS providers.

13. Only real estate brokers can be participants in an MLS. Participants who tender listing data into an MLS grant a limited "license" for use of that data—including the display of photographs—subject to specific rules, regulations, limitations, and restrictions.

14. Most MLSs allows participants to display MLS information through two different methods: (1) Internet Data Exchange ("IDX"), and (2) Virtual Office

Websites ("VOWs"). These two methods are intended for different purposes, and are each regulated by their own set of rules.

15. The primary purpose of IDX is marketing, and more specifically, lead generation. IDX allows participants to display MLS data on their websites in order to attract visitors and generate customers. The system is highly regulated because it is open to the public, and only "active" listings may be shown to the public via IDX. Display of "sold" properties is prohibited.

16. In contrast, VOWs are not intended for lead generation. Instead, they are intended to be used by participants to service existing clients, and are treated as an extension of brokerage services. A VOW is a website (or a feature of a website) through which the participant can provide real estate brokerage services to consumers with whom the participant has first established a broker-consumer relationship, and where the consumer can search MLS data subject to the participant's oversight, supervision, and accountability. Participants can display both "active" and "sold" data via VOW; however, the display of "sold" data is permitted in only two specific circumstances: (1) participants may use sold data to support an estimate of value on a particular property for a particular client (commonly referred to as "comps"), and (2) the listing participant of a property may use "sold" data for that property in advertising that particular listing agent's services (i.e., a participant can advertise his or her own prior sales). Any other use of "sold" information, including importation of "sold" information into a separate database or compilation, is unauthorized and prohibited.

17. Participants are strictly prohibited from (1) commercially exploiting any content from MLS listings; or (2) re-commercializing, or receiving anything of value for the utilization, transmission, retransmission, or repackaging in any format, of any information obtained from the MLS. In short, MLS data (including photographs) is to be used via VOW solely for the purpose of providing bona fide real estate services to existing clients.

18. Likewise, MLSs grant limited licenses to non-participants that are subject to similar rules, regulations, limitations, and restrictions.

19. Among other things, the written terms and conditions of licenses between an MLS and a non-participant generally require that the non-participant refresh all MLS downloads, and Internet Data Exchange ("IDX") displays automatically fed by those downloads, at least once every 12 hours; and generally do not permit the non-participant to copy, display, or distribute real estate listing information and associated photographs for real estate listings under certain circumstances (e.g., when a listing is expired/withdrawn/sold).

20. Those terms and conditions are consistent with the rules and regulations for MLS and IDX use applicable to participants, which specific state that a participant cannot display all data from expired/withdrawn/sold listings.

21. MOVE is not a real estate broker nor an MLS participant.

*   *   *

22. Vogts took and owns 53 original photographs registered with the United States Copyright Office under U.S. Copyright Reg. Nos. VA 2-213-119 (registered July 6, 2020); VA 2-230-981 (registered January 7, 2021); and VA 2-227-873 (October 12, 2020) (collectively, the "Subject Photographs"). True and correct copies of the Subject Photographs are set forth in **Exhibit 1**.

23. Upon information and belief, Vogts alleges that MOVE failed to comply with the above-referenced rules, regulations, limitations, and restrictions. Specifically, Vogts alleges that, *inter alia*, MOVE did not use the Subject Photographs to support an estimate of value on a particular property for a particular client, but rather simply parked them on its Website to be viewed by anyone; stored the Subject Photographs within a separate database of "sold" properties; and allowed users to search its MLS Search Engine unimpeded without the requisite oversight or supervision. That is, on its own initiative, and for its own financial benefit, MOVE instigated the long-term display of the Subject Photographs for

purposes other than marketing the properties depicted in those Photographs; designed and programmed its software to copy, reproduce, and display images to which it had no rights or license; and actively used the Subject Photographs beyond the property listings without instruction, request, or other action of the individual or entity that uploaded those Photographs to MOVE's Website.

24. Upon information and belief, Vogts further alleges that, on its own initiative and for its own benefit, MOVE re-purposed and re-commercialized the Subject Photographs (defined below) (1) for marketing purposes, rather than the provision of bona fide real estate brokerage services to existing clients; and/or (2) by distributing those Photographs, and/or otherwise making those Photographs available, to DIRT for use on DIRT's Website.

25. Following the publication and display of the Subject Photographs, Defendants (and each of them) displayed, published, reproduced, created derivative works of, distributed, and/or otherwise used verbatim copies of the Subject Photographs, in their entireties, on DIRT's WEBSITE for commercial purposes without license, authorization, or consent from Vogts (collectively, the "Accused Posts"). DIRT identifies MOVE as the source of the Subject Photographs as used in the Accused Posts. True and correct copies of screen captures of the Accused Posts are set forth in **Exhibit 1**.

26. DIRT's Website identifies the author of the Accused Posts as Mark David, DIRT's co-founder and editor-in-chief.

27. Upon information and belief, Vogts alleges that DIRT knew that MOVE's distribution of the Subject Photographs to it, and/or MOVE making the Subject Photographs available to DIRT, was without license, authorization, or consent from Vogts.

28. On September 22, 2021, in an attempt to informally resolve this dispute, Vogts sent a letter to PMC and DIRT demanding that they cease-and-desist from their unauthorized commercial use of the Subject Photographs in the

Accused Posts. PMC and DIRT refused to do so. Worse still, as of the date of this Complaint, numerous of the Accused Posts are still displayed on DIRT's Website. A true and correct printout of the webpage on DIRT's Website displaying those Accused Posts is attached hereto as **Exhibit 2**.

29. Similarly, on December 10, 2021, Vogts sent a letter to MOVE demanding that it cease-and-desist from its unauthorized uses of the Subject Photographs. MOVE failed to respond entirely.

30. Consequently, to prevent further harm to his copyrights in the Subject Photographs, Vogts initiated this action.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

31. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

32. Upon information and belief, Plaintiff alleges that Defendants, and each of them, had access to the Subject Photographs, including through MLSs, Plaintiff's website, MOVE and/or MOVE's Website, a third-party website, an authorized licensee of the Subject Photographs, and/or Internet search engine.

33. Upon information and belief, Plaintiff alleges that Defendants, and each of them, stored, copied, displayed, published, reproduced, created derivative works of, distributed, and/or otherwise used the Subject Photographs without license, authorization, or consent from Plaintiff, including in the Accused Posts.

34. Due to Defendants' (and each of their) acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

35. Due to Defendants' (and each of their) acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Photographs. Specifically, MOVE obtained from profits from its distribution of, and/or making available, the Subject Photographs to DIRT; and DIRT and PMC obtained profits

from displaying the Accused Posts in conjunction with advertisements, as shown in **Exhibit 2**. This entitles Plaintiff to disgorgement of Defendants' profits attributable to Defendants' infringement of Plaintiff's copyrights in the Subject Photographs in an amount to be established at trial.

36. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional, malicious, and/or taken with reckless disregard for Plaintiff's rights.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement Against PMC)**

37. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

38. Upon information and belief, Plaintiff alleges that PMC had knowledge of, and materially contributed to, the Accused Posts; and had the right and ability to supervise, and a direct financial interest in (and realization of profits through), DIRT's conduct alleged herein—specifically, DIRT's storage, copying, display, publication, reproduction, creation of derivative works, distribution, and/or other use of the Accused Posts on DIRT's Website.

39. As a result of PMC's acts of contributory and/or vicarious copyright infringement, Plaintiff has suffered, and will continue to suffer, damages in an amount to be established at trial.

40. Due to PMC's acts of contributory and/or vicarious copyright infringement, PMC has obtained profits it would not have realized but for its infringement of Plaintiff's copyrights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of PMC's profits attributable to its and DIRT's infringement of Plaintiff's copyrights in and to the Subject Photographs, in an amount to be established at trial.

41. Upon information and belief, Plaintiff alleges that PMC has committed contributory and/or vicarious copyright infringement with actual or constructive knowledge of Plaintiff's rights, such that said acts of contributory and/or vicarious copyright infringement were, and continue to be, willful, intentional, malicious, and/or taken with reckless disregard for Plaintiff's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

    a. That Plaintiff be awarded Defendants' (and each of their) profits, plus Plaintiff's losses, attributable to Defendants' infringements of the Subject Photographs, the exact sum to be proven at the time of trial; or, if elected, statutory damages as available under 17 U.S.C. § 504;

    b. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

    c. That Plaintiff be awarded pre-judgment interest as allowed by law;

    d. That Plaintiff be awarded such further relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 18, 2022

DONIGER/BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*