Lincoln D. Bandlow (SBN: 170449)
Lincoln@BandlowLaw.com
Rom Bar-Nissim (SBN: 293356)
Rom@BandlowLaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.556.9680
Facsimile: 310.861.5550

Attorneys for Defendants
Penske Media Corporation
and Dirt.com, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10,<br><br>        Defendants. | Case No.:  2:22-cv-01153-AB-PVC<br><br>**ANSWER TO COMPLAINT OF DEFENDANTS PENSKE MEDIA CORPORATION AND DIRT.COM, LLC**<br><br>Assigned to: Hon. Andre Birotte Jr. |

Defendants Penske Media Corporation ("PMC") and Dirt.com, LLC ("Dirt") (collectively, "Penske Defendants") by and through their undersigned counsel, hereby answer the Complaint of plaintiff Brandon Vogts ("Vogts"). The Penske Defendants, as individual defendants, respond to the allegations contained in Vogts' Complaint only insofar as they pertain to those particular defendants and not as to any other defendant in this matter. If an allegation is not specifically admitted, it is hereby denied.

## JURISDICTION AND VENUE

1. The Penske Defendants deny that they have committed any infringement or wrongful acts, but do not contest that this action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq.*

2. The Penske Defendants do not contest this Court's federal jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a-b).

3. The Penske Defendants deny that they have committed any infringement or wrongful acts, but they do not contest Vogts' selection of venue in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(a).

## PARTIES

4. The Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore on that basis deny the allegations of Paragraph 4.

5. The Penske Defendants admit that PMC is a Delaware corporation with its principal place of business located at 11175 Santa Monica Blvd., Los Angeles, CA 90025 and that PMC is the parent company of Dirt. As to the remaining allegations contained in Paragraph 5, they constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants deny the remaining allegations of Paragraph 5.

6. The Penske Defendants admit the allegations of Paragraph 6.

7. The Penske Defendants lack knowledge and information sufficient to

form a belief as to the truth of the allegations of Paragraph 7, and therefore on that basis deny the allegations of Paragraph 7.

8. The Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore on that basis deny the allegations of Paragraph 8.

9. The allegations contained in Paragraph 9 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants deny the allegations contained in Paragraph 9.

## **CLAIMS RELATING TO THE SUBJECT PHOTOGRAPHS**

10. The Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore on that basis deny the allegations of Paragraph 10.

11. The Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore on that basis deny the allegations of Paragraph 11.

12. The allegations contained in Paragraph 12 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore on that basis deny the allegations of Paragraph 12.

13. The allegations contained in Paragraph 13 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore on that basis deny the allegations of Paragraph 13.

14. The Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore on that basis deny the allegations of Paragraph 14.

15. The allegations contained in Paragraph 15 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore on that basis deny the allegations of Paragraph 15.

16. The allegations contained in Paragraph 16 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore on that basis deny the allegations of Paragraph 16.

17. The allegations contained in Paragraph 17 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore on that basis deny the allegations of Paragraph 17.

18. The allegations contained in Paragraph 18 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore on that basis deny the allegations of Paragraph 18.

19. The allegations contained in Paragraph 19 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore on that basis deny the allegations of Paragraph 19.

20. The allegations contained in Paragraph 20 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth

ANSWER TO COMPLAINT OF DEFENDANTS PENSKE MEDIA CORPORATION AND DIRT.COM, LLC

of the allegations of Paragraph 20, and therefore on that basis deny the allegations of Paragraph 20.

21.     The allegations contained in Paragraph 21 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore on that basis deny the allegations of Paragraph 21.

22.     The Penske Defendants admit that, according to the United States Copyright Office's online records, Copyright Registration Nos.: (1) VA 2-21-119 was registered on July 6, 2020 to Vogts for various photographs; (2) VA 2-230-981 was registered on January 7, 2021 to Vogts for various photographs; and (3) VA 2-227-873 was registered on October 12, 2020 to Vogts for various photographs. As to the remaining allegations contained in Paragraph 22, they constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22, and therefore on that basis deny the remaining allegations of Paragraph 22.

23.     The allegations contained in Paragraph 23 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore on that basis deny the allegations of Paragraph 23.

24.     The Penske Defendants admit that Dirt accessed the allegedly infringed copyrighted works through the website realtor.com. As to the remaining allegations contained in Paragraph 24, they constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants deny the remaining allegations of Paragraph 24.

25.     The Penske Defendants admit that Dirt identified defendant Move, Inc.

("Move") as the source of the allegedly infringed copyrighted works. As to the remaining allegations contained in Paragraph 25, they constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants deny the remaining allegations contained in Paragraph 25.

26. The Penske Defendants admit the allegations of Paragraph 26.

27. The allegations contained in Paragraph 27 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore on that basis deny the allegations of Paragraph 27.

28. The Penske Defendants admit that Vogts sent them a cease-and-desist letter and Exhibit 2 to the Complaint contains articles from Dirt's website. The Penske Defendants deny the remaining allegations of Paragraph 28.

29. The Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore on that basis deny the allegations of Paragraph 29.

30. The allegations contained in Paragraph 30 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore on that basis deny the allegations of Paragraph 30.

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement – Against All Defendants, and Each)**

31. The Penske Defendants incorporate by reference their responses to Paragraphs 1 through 30 of Vogts' Complaint set forth above as if they were fully set forth herein.

32. The Penske Defendants admit that they accessed the copyrighted

works at issue in Vogts' Complaint via Move's website. As to the remaining allegations contained in Paragraph 32, they constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32, and therefore on that basis deny the remaining allegations of Paragraph 32.

33. The allegations contained in Paragraph 33 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and therefore on that basis deny the allegations of Paragraph 33.

34. The allegations contained in Paragraph 34 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants deny the allegations contained in Paragraph 34 and deny that Plaintiff has been damaged in any manner or at all.

35. The Penske Defendants admit that advertisements appear on Dirt's articles. As to the remaining allegations contained in Paragraph 35, they constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35, and therefore on that basis deny the remaining allegations of Paragraph 35.

36. The allegations contained in Paragraph 35 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants deny the allegations of Paragraph 35.

**SECOND CLAIM FOR RELIEF**

**(For Vicarious and/or Contributory Copyright Infringement Against PMC)**

37. The Penske Defendants incorporate by reference their responses to Paragraphs 1 through 36 of Vogts' Complaint set forth above as if they were fully set

forth herein.

38. The allegations contained in Paragraph 38 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants deny the allegations contained in Paragraph 38.

39. The allegations contained in Paragraph 39 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants deny the allegations contained in Paragraph 39.

40. The allegations contained in Paragraph 40 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants deny the allegations contained in Paragraph 40.

41. The allegations contained in Paragraph 41 constitute conclusions of law to which no response is required. Insofar as a response is required, the Penske Defendants deny the allegations contained in Paragraph 41.

## PRAYER FOR RELIEF

a. The Penske Defendants deny that Vogts is entitled to the relief requested in Paragraph (a) of Vogts' Prayer for Relief in the Complaint.

b. The Penske Defendants deny that Vogts is entitled to the relief requested in Paragraph (b) of Vogts' Prayer for Relief in the Complaint.

c. The Penske Defendants deny that Vogts is entitled to the relief requested in Paragraph (c) of Vogts' Prayer for Relief in the Complaint.

d. The Penske Defendants deny that Vogts is entitled to the relief requested in Paragraph (d) of Vogts' Prayer for Relief in the Complaint.

## AFFIRMATIVE DEFENSES

The Penske Defendants assert the following affirmative defenses to Vogts' Complaint. All such defenses are pled in the alternative, do not constitute an admission of liability, do not imply a concession that Vogts is entitled to any relief, and do not constitute an assumption of the burden of proof and/or persuasion that

would otherwise rest on Vogts. The Penske Defendants allege that they cannot fully anticipate all affirmative defenses that may be applicable to the present action. Accordingly, the Penske Defendants hereby reserve their right to assert additional affirmative defenses based on information subsequently acquired through discovery, investigation, or otherwise, if and to the extent such affirmative defenses are applicable. Subject to the foregoing, for their affirmative defenses in this action, Penske Defendants hereby assert and allege the following:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Vogts' Complaint and each claim for relief therein (in whole or in part) fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (License)

Vogts' claims fail (in whole or in part) because the Penske Defendants secured the appropriate license for Vogts copyrighted works.

### THIRD AFFIRMATIVE DEFENSE
### (Fair Use)

Vogts' claims fail (in whole or part) because, to the extent Vogts' works allegedly were copied without authorization from Vogts (which the Penske Defendants expressly deny) such use was transformative and constituted "fair use" under 17 U.S.C. § 107.

### FOURTH AFFIRMATIVE DEFENSE
### (No Underlying Infringement)

Vogts' claims of contributory and vicarious copyright infringement against PMC are barred (in whole or in part) as Vogts cannot establish any underlying infringement by a third-party.

**FIFTH AFFIRMATIVE DEFENSE**

Vogts' claim based upon contributory copyright infringement against PMC is barred as PMC did not have knowledge of any underlying third-party infringement.

**SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Inducement, Material Contribution or Cause)**

Vogts' claim based upon contributory copyright infringement against PMC is barred as PMC did not induce, material contribute or cause any purported third-party infringement.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Right and Ability to Control)**

Vogts' claim based upon vicarious copyright infringement against PMC is barred as PMC did not have the right and ability to control any purported third-party infringement.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Direct Financial Benefit)**

Vogts' claim based upon vicarious copyright infringement against PMC is barred as PMC did not receive a direct financial benefit from the alleged infringement.

**NINTH AFFIRMATIVE DEFENSE**

**(No Causation)**

Vogts did not suffer any harm as a result of any acts or omissions of the Penske Defendants as alleged in the Complaint or otherwise, and any purported damages or harm to Vogts were the result of causes other than the acts or omissions of the Penske Defendants.

**TENTH AFFIRMATIVE DEFENSE**

**(Innocent Infringement)**

Vogts' claims fail (in whole or in part) because, to the extent the Penske Defendants infringed on any of Vogts' rights under copyright (which the Penske

Defendants deny) the purported infringement was innocent rather than willful.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Limited Number of Works for Potential Statutory Damages)

To the extent that Vogts seeks statutory damages, the potential number of works at issue for purposes of statutory damages is limited as Vogts' copyright works constitute compilations under 17 U.S.C. § 101 *et seq.*

## TWELFTH AFFIRMATIVE DEFENSE
### (No Attributable Profits)

To the extent that Vogts seeks the recovery of profits or revenues from the Penske Defendants purported infringement of Vogts' copyrighted works (which the Penske Defendants deny any such infringement, profits or revenues), such profits and revenues were not attributable to (nor can they be allocated or apportioned) the Penske Defendants based upon the acts of infringement alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Vogts is barred from recovery (in whole or in part) because of and to the extent of his failure to mitigate his alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

To the extent that Vogts seeks his attorneys' fees for the present action, he is not entitled to such relief under the circumstances.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Jury for Equitable Issues)

Vogts is not entitled to a jury trial on any equitable issues.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Other Affirmative Defenses)

The Penske Defendants at this time have insufficient information upon which to form a belief as to whether they may have additional affirmative defenses. The

Penske Defendants reserve their rights to assert additional affirmative defenses in the event they discover facts upon which such affirmative defenses may be based.

## **PRAYER FOR RELIEF**

WHEREFORE, the Penske Defendants pray as follows:

1. That Vogts take nothing by way of the Complaint against the Penske Defendant, and the action be dismissed with prejudice;

2. That judgment be entered in favor of the Penske Defendants and against Vogts with respect to all claims in the Complaint relating to the Penske Defendants;

3. That the Court award the Penske Defendants their attorneys' fees and all other costs reasonably incurred in defense of this action to the extent provided for by law; and

4. That the Court award such other relief that it deems just and proper to the Penske Defendants.

Dated:  April 23, 2022                           **Law Offices of Lincoln Bandlow**

By  ⁄s⁄ Lincoln Bandlow
LINCOLN D. BANDLOW
ROM BAR-NISSIM
Attorneys for Defendants Penske Media Corporation and Dirt.com, LLC