Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE MEDIA CORPORATION; DIRT.COM, LLC; et al.,<br><br>Defendants. | Case No. 2:22-cv-01153-FWS-PVC<br>*Hon. Fred W. Slaughter Presiding*<br><br>**JOINT RULE 26(F) REPORT**<br><br>Scheduling Conf.: Aug. 11, 2022<br>Time: 9:00 a.m.<br>Courtroom: 10D |

The parties, through counsel, hereby submit this Joint Report following the conference of counsel required by Fed. R. Civ. P. 16(b) and 26(f), Local Rule 26-1, and this Court's Order setting the Schedule Conference (Dkt. 30).

**A. STATEMENT OF THE CASE**

1. Plaintiff's Contentions

Plaintiff Brandon Vogts is a professional photographer specializing in photographing residential and commercial interiors, luxury real estate, and architecture. This case concerns the alleged unauthorized use of 53 of Mr. Vogts' original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs"). Defendants Penske Media Corporation ("PMC") and Dirt.com, LLC ("Dirt") copied, displayed, distributed, published, reproduced, and otherwise used verbatim copies of the Subject Photographs in various articles and

posts appearing on dirt.com (a website owned, operated, and/or controlled by PMC and Dirt) for commercial purposes without license, authorization, or consent from Mr. Vogts (collectively, the "Accused Posts").

Mr. Vogts requests that PMC and Dirt be enjoined from further infringement of Mr. Vogts' copyrights in the Subject Photographs, and that Mr. Vogts be awarded his losses, plus all PMC's and Dirt's profits, attributable to the Accused Posts; or alternatively, statutory damages for what Mr. Vogts believes to be Defendants' willful infringement of his copyrights in the Subject Photographs.

2. <u>Defendant's Contentions</u>

PMC is a media entity that owns various news publications, such as *The Hollywood Reporter, Variety* and *Rolling Stone Magazine*. One of PMC's subsidiaries, Dirt, publishes articles reporting on real estate transactions involving public figures and provides commentary on the properties they own and the lifestyles they lead.

The "Accused Posts" are comprised of three articles: (1) "Darby Stanchfield Sells Secluded Glendale Traditional"; (2) "Chris O'Dowd, Dawn O'Porter List Melrose District Bungalow"; and (3) "Robin Williams' Son Zak Buys French Country-Inspired L.A. Villa."

The Accused Posts make a fair use of the Subject Photographs by commenting and reporting on, *inter alia*: (1) the public figure(s) who owned or acquired the property depicted in the Subject Photographs; (2) the history of the property depicted in the Subject Photographs; (3) the lifestyles lead by public figures; and (4) the purchasing history of the property depicted in the Subject Photographs. The Accused Posts also provide commentary on the Subject Photographs by commenting on and critiquing the property depicted in the Subject Photographs. In contrast, Mr. Vogts was commissioned by real estate agents to create the photographs to facilitate the sale of the properties depicted in the Subject Photographs and granted the real estate agents a license to use the Subject

Photographs for that limited purpose. It does not appear that Mr. Vogts has developed a licensing market for Subject Photographs (or other photographs of properties commissioned by real estate agents) for any other purpose.

Additionally, should PMC and Dirt be found liable for copyright infringement (which they emphatically deny), Mr. Vogts is not entitled to statutory damages for each of the Subject Photographs because, *inter alia*: (1) the Subject Photographs were all taken by Mr. Vogts; (2) the Subject Photographs only depict three different subjects (*i.e.*, the properties of Ms. Stanchfield, Mr. O'Dowd and Mr. Williams); (3) the Subject Photographs were subject to three registrations based on the property depicted and were labeled based on the address of the property; (4) the Subject Photographs were created at the same time and exploited as a group, based on the property depicted; and (5) it does not appear that Mr. Vogts has licensed the Subject Photographs on an individual basis after they were commissioned.

## B. SUBJECT MATTER JURISDICTION

This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

## C. LEGAL ISSUES

### 1. Plaintiff's Contentions

The primary legal issues in this case are (1) whether PMC's and Dirt's uses of the Subject Photographs were infringing; (2) if so, whether such infringements were innocent, willful, or neither; and (3) the available damages for the same, including the number of available statutory damage awards.

### 2. Defendant's Contentions

The primary legal issues in this case are: (1) whether the Accused Posts made a fair use of the Subject Photographs; (2) if not, was the alleged infringement innocent, willful, or neither; and (3) whether Mr. Vogts is entitled to as many as fifty-three awards of statutory damages or as little as three.

### D. DAMAGES

#### 1. Plaintiff's Contentions

Mr. Vogts' recoverable damages include his losses, and PMC's and Dirt's disgorgeable profits, attributable to the Accused Posts; or alternatively, statutory damages for each of the Subject Photographs. Mr. Vogts believes that each of the Subject Photographs are timely registered with the U.S. Copyright Office and, as distinct works, have independent economic value, which would make statutory damages of up to $7.95 million theoretically available at trial, if elected. Candidly, however, Mr. Vogts does not believe that seeking a damages award equivalent to Defendants' maximum exposure will be reasonable; instead, Mr. Vogts will be seeking a six-figure damages award in this case, plus his costs and attorneys' fees incurred.

#### 2. Defendant's Contentions

PMC and Dirt state, in light of their strong and meritorious fair use defense, that Mr. Vogts should pay PMC and Dirt's attorneys' fees and costs. If PMC and Dirt are found liable for copyright infringement (which they emphatically deny), Mr. Vogts is not entitled to up to fifty-three awards for statutory damages. Insofar as Mr. Vogts contends that the Subject Photographs have independent economic value, not only is this incorrect, it is not the law of the Ninth Circuit; rather, the Ninth Circuit has held that the key issue is determining the number of awards for purposes of statutory damages is whether the Subject Photographs constitute as compilations (which here they do). *See VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723, 747-48 (9th Cir. 2019). Further, Mr. Vogts is not entitled to statutory damages for willful infringement because PMC and Dirt had a reasonable belief that the use of the Subject Photographs in the Accused Posts constituted a fair use.

### E. PARTIES AND EVIDENCE

#### 1. Plaintiff's Contentions

The parties in this case are Mr. Vogts, PMC, and Dirt. Should additional

parties be discovered, Mr. Vogts will promptly move to add them as defendants.

Mr. Vogts contends that the percipient witnesses to the case are likely to be (1) Mr. Vogts, regarding the creation and registration of the Subject Photographs, his licensing history and practices related thereto, and the discovery of PMC's and Dirt's unauthorized uses of the Subject Photographs; (2) a representative of ImageRights International, Inc., regarding the discovery and documenting of the Accused Posts; and (3) representatives for each of PMC and Dirt, regarding the relationship between PMC and Dirt, the Accused Posts, PMC's and Dirt's full scope of use of the Subject Photographs on dirt.com, PMC's and Dirt's revenue and profits earned in connection with the Accused Posts, PMC's and Dirt's knowledge that Vogts owned the copyrights in the Subject Photographs (or knowledge that Defendants did not own the copyrights therein), and PMC's involvement in the ownership, operation, and/or control of dirt.com.

Mr. Vogts further contends that the key documents will relate to, *inter alia*, the creation, ownership, and registration of the Subject Photographs; licensing histories for the same; PMC's and Dirt's unauthorized uses of the same; and PMC's and Dirt's profits earned as a result of those unauthorized uses.

2. Defendant's Contentions

The parties in this case are Mr. Vogts, PMC, and Dirt. PMC and Dirt contend that the percipient witnesses to the case are likely to be: (1) Mr. Vogts, regarding the creation, registration and exploitation of the Subject Photographs; (2) James McClain and Mark David regarding their authorship of the Accused Posts and how the Accused Posts made a fair use of the Subject Photographs; and (3) representatives from PMC and Dirt regarding the level of PMC's involvement in the operation of Dirt and control of its content and Dirt's policies regarding the use of third-party content.  PMC and Dirt further contend that the key documents will relate to, *inter alia*, Mr. Vogts' creation, registration and exploitation of the Subject Photographs and the Accused Posts.

## F. INSURANCE

### 1. Plaintiff's Contentions

Mr. Vogts does not have insurance that covers the claims in this case.

### 2. Defendant's Contentions

PMC and Dirt do have insurance that may cover the claims in this case.

## G. MANUAL FOR COMPLEX LITIGATION

The parties do not believe the manual for complex litigation will be necessary for this action.

## H. MOTIONS

### 1. Plaintiff's Contentions

Mr. Vogts anticipates filing a Motion for Partial Summary Judgment on PMC's and Dirt's liability for copyright infringement on the grounds that (1) Mr. Vogts' copyrights in the Subject Photographs are valid, and (2) PMC and Dirt used, without authorization, verbatim copies of those Photographs for commercial purposes. Mr. Vogts intends to file this motion after discovery.

### 2. Defendant's Contentions

PMC and Dirt intend to file a Motion for Summary Judgment or, in the alternative, Partial Summary Judgment on the grounds that: (1) the Accused Posts made a fair use of the Subject Photographs; and (2) if not, that Mr. Vogts is limited to – at most – three statutory damages awards

## I. DISPOSITIVE MOTIONS

### 1. Plaintiff's Contentions

*See supra*, Section H(1).

### 2. Defendant's Contentions

*See supra*, Section H(2).

## J. STATUS OF DISCOVERY

Mr. Vogts served his initial disclosures and written discovery requests to Dirt on June 28, 2022. Dirt and PMC served their initial disclosures and written

discovery requests to Mr. Vogts on June 29, 2022. On July 5, 2022, Mr. Vogts served written discovery requests on PMC.

**K. DISCOVERY PLAN**

The parties anticipate using all discovery allowed under Fed. R. Civ. P. 26 and entering into an appropriate stipulated protective order. Mr. Vogts anticipates seeking, *inter alia*, all financial information related to PMC's and Dirt's use of the Subject Photographs. PMC and Dirt anticipates seeking all financial documents relating to Mr. Vogts' exploitation, if any, of the Subject Photographs.

The parties have already propounded their first round of written discovery. The parties also anticipate that each party will need to be deposed, and that said depositions shall take place after an initial round of written discovery.

**L. DISCOVERY CUT-OFF**

*See* Ex. A.

**M. EXPERT DISCOVERY**

*See* Ex. A.

**N. SETTLEMENT CONFERENCE/ADR**

Mr. Vogts, PMC, and Dirt are currently engaged in settlement discussions. The parties are amenable to using this Court's ADR Procedure No. 3.

**O. TRIAL ESTIMATE**

The parties anticipate that the jury trial will take approximately 1-2 court days.

**P. TRIAL COUNSEL**

1. Plaintiff's Counsel

Stephen M. Doniger and Benjamin F. Tookey.

2. Defendant's Counsel

Lincoln Bandlow and Rom Bar-Nissim.

**Q. MAGISTRATE JUDGE**

1. Plaintiff's Contentions

Mr. Vogts respectfully does not consent to a Magistrate Judge for trial.

2. <u>Defendant's Contentions</u>

Since Mr. Vogts does not consent to a Magistrate Judge for trial, PMC and Dirt's position is moot.

**R. <u>INDEPENDENT EXPERT OR MASTER</u>**

As of the submission of this Joint Report, the parties do not anticipate the Court needing to consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**S. <u>SCHEDULE WORKSHEET</u>**

*See* Ex. A.

**T. <u>CLASS ACTIONS</u>**

N/A.

**U. <u>OTHER ISSUES</u>**

The Parties do not contemplate that any other issues will affect or complicate the status or management of this case.

WHEREUPON, the parties hereby jointly submit this Joint Report.

Respectfully submitted,

Dated: July 28, 2022  By: */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*

Dated: July 28, 2022  By: */s/ Lincoln Bandlow*
Lincoln Bandlow, Esq.
Rom Bar-Nissim, Esq.
The Law Offices of Lincoln Bandlow
*Attorneys for Defendants Penske Media Corporation and Dirt.com, LLC*

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.