EXHIBIT 1

Lincoln D. Bandlow (SBN 170449)
Rom Bar-Nissim (SBN 293356)
**Law Offices of Lincoln Bandlow, P.C.**
1810 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-9680
Fax: (310) 861-5550
Email: Lincoln@BandlowLaw.com
          Rom@BandlowLaw.com

Attorneys for Defendants
PENSKE MEDIA CORPORATION
and DIRT.COM LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual,<br><br>                    Plaintiff,<br><br>           vs.<br><br>PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10,<br><br>                    Defendants. | Case No.: 2:22-cv-01153-FWS-PVC<br><br>**DEFENDANT DIRT.COM LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>Complaint Filed: February 18, 2022<br><br>Honorable Judge Fred W. Slaughter |

PROPOUNDING PARTY: BRANDON VOGTS

RESPONDING PARTY:   DIRT.COM, LLC

SET:                            ONE

and the failure to repeat an objection in response to a specific document request shall not be deemed a waiver of the objection.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST NO. 1:**

Admit that YOU did not seek or obtain a license, authorization, or consent from PLAINTIFF to display copies of any of the SUBJECT PHOTOGRAPHS on dirt.com.

**RESPONSE TO REQUEST NO. 1:**

Dirt objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) to Plaintiff's definition of "YOU" insofar as it seeks information not in Dirt's possession, custody or control; Dirt shall respond to this Request solely based on information in its possession, custody or control; (3) to the phrase "seek or obtain" as compound, since it is disjunctive and encompasses two separate and distinct types of conduct; (4) insofar as the Request implies that a "license, authorization, or consent" is necessary for Dirt's "display" of the "SUBJECT PHOTOGRAPHS" in connection with its articles entitled "Darby Stanchfield Sells Secluded Glendale Traditional," (the "Stanchfield Article"), "Chris O'Dowd, Dawn O'Porter List Melrose District Bungalow (the "O'Dowd Article") and "Robin Williams' Son Zak Buys French Country-Inspired L.A. Villa" (the "Williams Article") (collectively, the "Articles"); (5) to Plaintiff's definition of "PLAINTIFF" as vague an ambiguous because Dirt does not know every individual who may serve as Plaintiff's "agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf"; Dirt shall respond to this Request solely based on who it knows to be Plaintiff or Plaintiff's authorized representative(s); (6) to Plaintiff's definition of "PLAINTIFF" as creating an undue burden by seeking information within Plaintiff's possession, custody or control and not Dirt's possession, custody or control; (7) to the term "display" as vague and ambiguous; in a good faith attempt to interpret this Request, Dirt shall

4

1   interpret this term to be coextensive with 17 U.S.C. Section 106(5); (8) to Plaintiff's

2   definition of "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the

3   "SUBJECT PHOTOGRAPHS" are not "identified by name, copyright registration

4   number, and photograph in the COMPLAINT and the exhibit(s) thereto" because

5   Plaintiff has not provided names to any photograph nor connected each photograph to

6   a particular copyright registration number; in a good faith attempt to interpret this

7   Request, Dirt shall answer this Request solely based on the images identified as the

8   "Subject Photographs" in Exhibit 1 to the COMPLAINT (the "Subject Photographs");

9   and (9) insofar as the Request can be interpreted to seek information protected by

10   attorney-client privilege or attorney work product; Dirt shall interpret this Request as

11   solely seeking non-privileged information.

12        Subject to and without waiving the foregoing objections, and insofar as Dirt can

13   understand the Request, Dirt responds as follows: Admitted insofar as Dirt did not

14   secure a license (whether written or oral) from Plaintiff (or his known authorized

15   representatives) to display the Subject Photographs in connection with the Articles.

16

17   **REQUEST NO. 2:**

18        Admit that YOU do not have a written agreement granting YOU any right to

19   use any of the SUBJECT PHOTOGRAPHS on dirt.com.

20   **RESPONSE TO REQUEST NO. 2:**

21        Dirt objects: (1) for the reasons stated in its Preliminary Statement and General

22   Objections, which are incorporated by reference as though fully set forth herein; (2) to

23   Plaintiff's definition of "YOU" insofar as it seeks information not in Dirt's possession,

24   custody or control; Dirt shall respond to this Request solely based on information in its

25   possession, custody or control; (3) insofar as the Request implies that a "written

26   agreement" is necessary for Dirt's "use" of the "SUBJECT PHOTOGRAPHS" in

27   connection with its Articles; (4) to the phrase as "any right to use" as vague and

28

5

1    ambiguous; in a good faith effort to interpret this Request, Dirt shall interpret this phrase

2    to mean the exclusive rights set forth in 17 U.S.C. Section 106; (5) to Plaintiff's

3    definition of "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the

4    "SUBJECT PHOTOGRAPHS" are not "identified by name, copyright registration

5    number, and photograph in the COMPLAINT and the exhibit(s) thereto" because

6    Plaintiff has not provided names to any photograph nor connected each photograph to a

7    particular copyright registration number; in a good faith attempt to interpret this Request,

8    Dirt shall answer this Request solely based on the Subject Photographs identified in

9    Exhibit 1 to the COMPLAINT; and (6) insofar as the Request can be interpreted to seek

10   information protected by attorney-client privilege or attorney work product; Dirt shall

11   interpret this Request as solely seeking non-privileged information.

12       Subject to and without waiving the foregoing objections, and insofar as Dirt can

13   understand the Request, Dirt responds as follows: Admitted insofar as Dirt did not secure

14   a written agreement authorizing the "use" of the Subject Photographs in connection with

15   the Articles.

16

17   **REQUEST NO. 3:**

18       Admit that the ACCUSED POSTS were displayed on dirt.com.

19   **RESPONSE TO REQUEST NO. 3:**

20       Dirt objects: (1) for the reasons stated in its Preliminary Statement and General

21   Objections, which are incorporated by reference as though fully set forth herein; (2) to

22   Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar

23   as the URLs identified in the term's definition are not the URLs of the Articles; in a good

24   faith attempt to interpret this Request, Dirt shall interpret the term "ACCUSED POSTS"

25   to solely mean the Articles themselves; and (3) to the term "displayed" as vague and

26   ambiguous; in a good faith attempt to interpret this Request, Dirt shall interpret the term

27   "displayed" to have the same meaning as used in 17 U.S.C. Section 106(5).

28                                              6

1    Subject to and without waiving the foregoing objections, and insofar as Dirt can

2  understand the Request, Dirt responds as follows: Admitted insofar as the Articles were

3  located on Dirt's website.

4

5  **REQUEST NO. 4:**

6    Admit that the ACCUSED POSTS display the SUBJECT PHOTOGRAPHS.

7  **RESPONSE TO REQUEST NO. 4:**

8    Dirt objects: (1) for the reasons stated in its Preliminary Statement and General

9  Objections, which are incorporated by reference as though fully set forth herein; (2) to

10  Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar

11  as the URLs identified in the term's definition are not the URLs of the Articles; in a good

12  faith attempt to interpret this Request, Dirt shall interpret the term "ACCUSED POSTS"

13  to solely mean the Articles themselves; (3) to the term "display" as vague and

14  ambiguous; in a good faith attempt to interpret this Request, Dirt shall interpret the term

15  "display" to have the same meaning as used in 17 U.S.C. Section 106(5) and used in the

16  present tense (as opposed to the past tense); and (4) to Plaintiff's definition of

17  "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the "SUBJECT

18  PHOTOGRAPHS" are not "identified by name, copyright registration number, and

19  photograph in the COMPLAINT and the exhibit(s) thereto" because Plaintiff has not

20  provided names to any photograph nor connected each photograph to a particular

21  copyright registration number; in a good faith attempt to interpret this Request, Dirt shall

22  answer this Request solely based on the Subject Photographs identified in Exhibit 1 to

23  the COMPLAINT.

24    Subject to and without waiving the foregoing objections, and insofar as Dirt can

25  understand the Request, Dirt responds as follows: Denied insofar as Dirt is currently

26  "display[ing]" the Subject Photographs. Admitted insofar as Dirt previously

27  "display[ed]" the Subject Photographs in connection with the Articles.

28                                      7

1  **REQUEST NO. 5:**

2      Admit that at or prior to the time the ACCUSED POSTS were displayed on

3  dirt.com, YOU had sought and obtained licenses to use photographs other than the

4  SUBJECT PHOTOGRAPHS on dirt.com.

5  **RESPONSE TO REQUEST NO. 5:**

6      Dirt objects: (1) for the reasons stated in its Preliminary Statement and General

7  Objections, which are incorporated by reference as though fully set forth herein; (2) to

8  the phrase "prior to the time the ACCUSED POSTS were displayed" as overbroad,

9  irrelevant and not proportional to the needs of the case; Dirt has been in operation since

10  2007 and, therefore, the Request seeks information spanning the course of 13-14 years;

11  (3) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant

12  insofar as the URLs identified in the term's definition are not the URLs of the Articles;

13  in a good faith attempt to interpret this Request, Dirt shall interpret the term

14  "ACCUSED POSTS" to solely mean the Articles themselves; (4) to the term

15  "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request,

16  Dirt shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C.

17  Section 106(5); (5) Plaintiff's definition of "YOU" insofar as it seeks information not in

18  Dirt's possession, custody or control; Dirt shall respond to this Request solely based on

19  information in its possession, custody or control; (6) as compound, since the terms

20  "sought and obtained" are conjunctive and constitute two separate and distinct types of

21  conduct; (7) to the term as "use" as vague and ambiguous; in a good faith effort to

22  interpret this Request, Dirt shall interpret this phrase to mean the exclusive rights set

23  forth in 17 U.S.C. Section 106; (8) to the phrase "photographs other than the SUBJECT

24  PHOTOGRAPHS" as irrelevant and overbroad, since photographs other than the

25  Subject Photographs are not at issue in this case; (9) to Plaintiff's definition of

26  "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the "SUBJECT

27  PHOTOGRAPHS" are not "identified by name, copyright registration number, and

28                                          8

photograph in the COMPLAINT and the exhibit(s) thereto" because Plaintiff has not provided names to any photograph nor connected each photograph to a particular copyright registration number; in a good faith attempt to interpret this Request, Dirt shall answer this Request solely based on the Subject Photographs identified in Exhibit 1 to the COMPLAINT; and (10) insofar as the Request can be interpreted to seek information protected by attorney-client privilege or attorney work product; Dirt shall interpret this Request as solely seeking non-privileged information.

**REQUEST NO. 6:**

Admit that at the time YOU displayed the ACCUSED POSTS on dirt.com, YOU were aware that photographs are entitled to copyright protection.

**RESPONSE TO REQUEST NO. 6:**

Dirt objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) Plaintiff's definition of "YOU" insofar as it seeks information not in Dirt's possession, custody or control; Dirt shall respond to this Request solely based on information in its possession, custody or control; (3) to the term "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request, Dirt shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C. Section 106(5); (4) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs identified in the term's definition are not the URLs of the Articles; in a good faith attempt to interpret this Request, Dirt shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (5) to the term "aware" as vague and ambiguous; in a good faith attempt to interpret this Request, Dirt shall interpret the term to mean "knowingly" as used in 17 U.S.C. Section 504(c)(3)(A); (6) to the phrase "aware that photographs are entitled to copyright protection" as solely seeking information about Dirt's knowledge of the law and, therefore, is a legal

9

conclusion; Federal Rule of Civil Procedure Rule 36(a)(1)(A) authorizes propounding requests for "relating to: facts, the application of law to fact, or opinions about either" – which the Request does not do; and (7) insofar as the Request can be interpreted to seek information protected by attorney-client privilege or attorney work product; Dirt shall interpret this Request as solely seeking privileged information.

**REQUEST NO. 7:**

Admit that the ACCUSED POSTS generated page views for YOU.

**RESPONSE TO REQUEST NO. 7:**

Dirt objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs identified in the term's definition are not the URLs of the Articles; in a good faith attempt to interpret this Request, Dirt shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (3) to the phrase "generated page views" as it requires Dirt to speculate as to the cause to why third-parties viewed them; (4) Plaintiff's definition of "YOU" insofar as it seeks information not in Dirt's possession, custody or control; Dirt shall respond to this Request solely based on information in its possession, custody or control; (5) insofar as the Request seeks confidential and proprietary information regarding the analytics of Dirt's website without an appropriate protective order; and (6) insofar as the Request seeks to imply that the Subject Photographs incorporated in the Articles were the cause of third-parties viewing the Articles and not the content authored by Dirt.

Subject to and without waiving the foregoing objections, and insofar as Dirt can understand the Request, Dirt responds as follows: Dirt admits that third-parties did view the Articles.

/ / /

10

**REQUEST NO. 8:**

Admit that the ACCUSED POSTS generated advertising revenue for YOU.

**RESPONSE TO REQUEST NO. 8:**

Dirt objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs identified in the term's definition are not the URLs of the Articles; in a good faith attempt to interpret this Request, Dirt shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (3) as lacking foundation because it has not been established that there were advertisements on the Articles; (4) Plaintiff's definition of "YOU" insofar as it seeks information not in Dirt's possession, custody or control; Dirt shall respond to this Request solely based on information in its possession, custody or control; (5) insofar as the Request seeks confidential and proprietary information regarding Dirt's revenues without an appropriate protective order; and (6) insofar as the Request seeks to imply that the Subject Photographs incorporated in the Articles were the cause of revenues received by Dirt from views of the Articles.

Subject to and without waiving the foregoing objections, and insofar as Dirt can understand the Request, Dirt responds as follows: In light of the following facts, Dirt cannot fully admit or deny this Request because determining whether the Articles generated advertising revenue for Dirt is difficult to ascertain. Dirt does not engage in direct sales of advertising space on its website, let alone for articles (in general) or the Articles (in particular). Rather, PMC sells advertising space on Dirt's homepage and articles through Programmatic Exchanges. Standalone photographs on Dirt's media servers do not contain advertisements. A Programmatic Exchange is where advertisers whitelist a multitude of websites (usually any website that does not contain illegal content or pornography) and, potentially, selects certain target demographics for the

11

advertisements (*e.g.*, women ages 18-35). The advertiser will place bids for ad space on the Programmatic Exchange and a successful bid will result in the advertisements being randomly placed on the whitelisted websites. While Dirt's website does contain programmatic advertising (and receives revenue from said programmatic advertising), it is difficult to state that the Articles themselves are responsible for generating such revenue, because advertisers are targeting the dirt.com domain in general and not any specific articles/webpages on the website.

**REQUEST NO. 9:**

Admit that YOU knew that YOU did not own the copyrights in the SUBJECT PHOTOGRAPHS at the time YOU displayed the ACCUSED POSTS on dirt.com.

**RESPONSE TO REQUEST NO. 9:**

Dirt objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) Plaintiff's definition of "YOU" insofar as it seeks information not in Dirt's possession, custody or control; Dirt shall respond to this Request solely based on information in its possession, custody or control; (3) the term "knew" is vague and ambiguous; in a good faith attempt to interpret this Request, Dirt shall interpret the term as synonymous with the term "knowingly" from 17 U.S.C. Section 504(c)(3)(A); (4) to Plaintiff's definition of "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the "SUBJECT PHOTOGRAPHS" are not "identified by name, copyright registration number, and photograph in the COMPLAINT and the exhibit(s) thereto" because Plaintiff has not provided names to any photograph nor connected each photograph to a particular copyright registration number; in a good faith attempt to interpret this Request, Dirt shall answer this Request solely based on the Subject Photographs identified in Exhibit 1 to the COMPLAINT; (5) to the term "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request, Dirt shall interpret the term "displayed" to

12

1   have the same meaning as used in 17 U.S.C. Section 106(5); (6) to Plaintiff's definition

2   of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs

3   identified in the term's definition are not the URLs of the Articles; in a good faith

4   attempt to interpret this Request, Dirt shall interpret the term "ACCUSED POSTS" to

5   solely mean the Articles themselves; and (7) insofar as the Request (as a whole) seeks to

6   imply a person must "own" a copyright in order to exploit a copyrighted work under the

7   Copyright Act.

8        Subject to and without waiving the foregoing objections, and insofar as Dirt

9   can understand the Request, Dirt responds as follows: Dirt admits it did not own a

10   copyright to the Subject Photographs at the time the Articles were made available to

11   the public on Dirt's website.

12

13   **REQUEST NO. 10:**

14        Admit that YOU received a cease-and-desist letter from PLAINTIFF regarding

15   the ACCUSED POSTS in September 2021.

16   **RESPONSE TO REQUEST NO. 10:**

17        Dirt objects: (1) for the reasons stated in its Preliminary Statement and General

18   Objections, which are incorporated by reference as though fully set forth herein;

19   (2) Plaintiff's definition of "YOU" insofar as it seeks information not in Dirt's

20   possession, custody or control; Dirt shall respond to this Request solely based on

21   information in its possession, custody or control; (3) to Plaintiff's definition of

22   "PLAINTIFF" as vague an ambiguous because Dirt does not know every individual

23   who may serve as Plaintiff's "agents, employees, attorneys, accountants, investigators,

24   and/or anyone else working on his behalf"; Dirt shall respond to this Request solely

25   based on who it knows to be Plaintiff or Plaintiff's authorized representative(s); (4) to

26   Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar

27   as the URLs identified in the term's definition are not the URLs of the Articles; in a good

28                                            13

1   faith attempt to interpret this Request, Dirt shall interpret the term "ACCUSED POSTS"

2   to solely mean the Articles themselves; and (5) insofar as the Request can be interpreted

3   to seek information protected by attorney-client privilege or attorney work product; Dirt

4   shall interpret this Request as solely seeking non-privileged information.

5         Subject to and without waiving the foregoing objections, and insofar as Dirt can

6   understand the Request, Dirt responds as follows: Admitted insofar as Plaintiff sent a

7   cease and desist letter on September 22, 2021 to the contactus@pmc.com email

8   address. On September 22, 2021, Plaintiff's letter was received by defendant Penske

9   Media Corporation ("PMC").

10

11  **REQUEST NO. 11:**

12        Admit that at least some of the ACCUSED POSTS were still displayed on

13  dirt.com as of January 21, 2022.

14  **RESPONSE TO REQUEST NO. 11:**

15        Dirt objects: (1) for the reasons stated in its Preliminary Statement and General

16  Objections, which are incorporated by reference as though fully set forth herein; (2) to

17  Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar

18  as the URLs identified in the term's definition are not the URLs of the Articles; in a good

19  faith attempt to interpret this Request, Dirt shall interpret the term "ACCUSED POSTS"

20  to solely mean the Articles themselves; (3) to the phrase "at least some of the ACCUSED

21  POSTS" as vague, ambiguous and compound – as it does not identify which of the

22  Articles; in a good faith attempt to interpret this Request, Dirt shall answer separately as

23  to each of the Articles; and (4) to the term "displayed" as vague and ambiguous; in a

24  good faith attempt to interpret this Request, Dirt shall interpret the term "displayed" to

25  have the same meaning as used in 17 U.S.C. Section 106(5).

26        Subject to and without waiving the foregoing objections, and insofar as Dirt can

27  understand the Request, Dirt responds as follows: Admitted and denied in part for the

28                                          14

reasons explained below. On or around October 19, 2021, (1) James McClain (the author of the Williams Article), unlinked the Subject Photographs depicting the Williams property from being embedded in the Williams Article and also deleted those Subject Photographs from Dirt's media server; and (2) Mark David (the author of the Stanchfield Article and O'Dowd Article) unlinked the Subject Photographs depicting the Stanchfield and O'Dowd properties from being embedded in the Stanchfield Article and O'Dowd Article. Mr. David did not realize that the Subject Photographs depicting the Stanchfield and O'Dowd properties could still be viewed via knowing the URL of a particular Subject Photograph, conducting a reverse Google image search (or similar search) for the Subject Photographs and/or by using bots (or similar technology) to crawl the internet to identify the Subject Photographs. After the Plaintiff filed the Complaint on February 18, 2022, Dirt and PMC checked to determine whether any of the Subject Photographs remained on Dirt's media server. On February 24, 2022, Dirt took the additional measure of deleting the Subject Photographs from Dirt's media servers.

**REQUEST NO. 12:**

Admit that at least some of the ACCUSED POSTS were still displayed on dirt.com as of February 18, 2022.

**RESPONSE TO REQUEST NO. 12:**

Dirt objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs identified in the term's definition are not the URLs of the Articles; in a good faith attempt to interpret this Request, Dirt shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (3) to the phrase "at least some of the ACCUSED POSTS" as vague, ambiguous and compound – as it does not identify which of the

15

Articles; in a good faith attempt to interpret this Request, Dirt shall answer separately as to each of the Articles; (4) to the term "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request, Dirt shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C. Section 106(5); and (5) this Request is immaterial, not proportional to the needs of the case and unnecessarily duplicative of Request No. 11, as this Requests seeks information identical to Request No. 11 with the sole exception of less than a month in time differentiating the two.

Subject to and without waiving the foregoing objections, and insofar as Dirt can understand the Request, Dirt responds as follows: See Response to Request No. 11.

**REQUEST NO. 13:**

Admit that YOU did not attribute any of the ACCUSED POSTS displayed on dirt.com to PLAINTIFF.

**RESPONSE TO REQUEST NO. 13:**

Dirt objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) Plaintiff's definition of "YOU" insofar as it seeks information not in Dirt's possession, custody or control; Dirt shall respond to this Request solely based on information in its possession, custody or control; (3) the term "attribute" is vague and ambiguous; in a good faith attempt to interpret this Request, Dirt shall give the term "attribute" the same meaning as the right of attribution set forth in 17 U.S.C. 106A(a)(1)A); (4) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs identified in the term's definition are not the URLs of the Articles; in a good faith attempt to interpret this Request, Dirt shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (5) to the term "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request, Dirt shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C. Section

16

106(5); (6) to Plaintiff's definition of "PLAINTIFF" as vague an ambiguous because Dirt does not know every individual who may serve as Plaintiff's "agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf"; Dirt shall respond to this Request solely based on who it knows to be Plaintiff or Plaintiff's authorized representative(s); and (7) the Request (as a whole) is irrelevant, immaterial and not proportional to the needs of the case because Plaintiff has not brought a claim under 17 U.S.C. Section 106A(a)(1)(A), nor would the Subject Photographs qualify for protection under the said statute because it is not a "work of visual art" as defined by 17 U.S.C. Section 101.

Subject to and without waiving the foregoing objections, and insofar as Dirt can understand the Request, Dirt responds as follows: Dirt admits that Plaintiff's name did not appear in any of the content contained in the Articles.

**REQUEST NO. 14:**

Admit that at the time YOU displayed the ACCUSED POSTS on dirt.com, YOU maintained a policy regarding YOUR unauthorized publication of copyrighted material online.

**RESPONSE TO REQUEST NO. 14:**

Dirt objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) Plaintiff's definition of "YOU" and "YOUR" insofar as they seek information not in Dirt's possession, custody or control; Dirt shall respond to this Request solely based on information in its possession, custody or control; (3) to the term "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request, Dirt shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C. Section 106(5); (4) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs identified in the term's definition are not the URLs of

17

the Articles; in a good faith attempt to interpret this Request, Dirt shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (5) to the term "publication" as vague and ambiguous; in a good faith attempt to interpret this Request, Dirt shall interpret this term as the exercise of any of rights set forth in 17 U.S.C. Section 106; (6) insofar as the Request can be interpreted to seek information protected by attorney-client privilege or attorney work product; Dirt shall interpret this Request as solely seeking non-privileged information; (7) insofar as the Request seeks confidential information of Dirt's business practices regarding third-party copyrighted content without an appropriate protective order; and (8) insofar as the Request seeks to imply that Dirt's incorporation of the Subject Photographs in the Articles was unauthorized, particularly in light of 17 U.S.C. Section 107.

Date:  August 19, 2022                    **Law Offices of Lincoln Bandlow, PC**

By: _____
Lincoln Bandlow
Rom Bar-Nissim
Attorney for Defendants
Penske Media Corporation
and Dirt.com LLC

18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

I, Tom Finn, am the Executive Vice President and General Manager of operations for defendant Penske Media Corporation. I have read the foregoing **DEFENDANT DIRT.COM LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION.** I believe, based on reasonable inquiry and information provided to me, that the foregoing answers are true and correct to the best of my knowledge, information and belief and, on that basis, verify under penalty of perjury that the foregoing is true and correct.

Executed: August 19, 2022

Tom Finn

19

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

      At the time of service, I was over 18 years of age and not a party to this action. I

4

am employed in the County of Los Angeles, State of California. My business address is 1801 Century Park East, Suite 2400, Los Angeles, California 90067.

5

      On August 19, 2022, I served the following document described as: **DEFENDANT DIRT.COM LLC'S OBJECTIONS AND RESPONSES TO**

6

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** on the interested parties in this action as follows:

7

8

| | |
|---|---|
| Stephen M. Doniger | Attorneys for Plaintiff |
| Benjamin F. Tookey | BRANDON VOGTS |
| DONIGER / BURROUGHS | |
| 603 Rose Avenue | |
| Venice, California 90291 | |
| Email: stephen@donigerlawfirm.com; | |
| btookey@donigerlawfirm.com | |

9

10

11

12

13

14

**[X]    BY EMAIL:** I attached the document(s) to an email sent to the email addresses

15

set forth above.

16

      I declare under penalty of perjury under the laws of the United States and State of California that the foregoing is true and correct.

17

      Executed on August 19, 2022, at Encino, California.

18

19

20

            _____

21

               Lincoln Bandlow

22

23

24

25

26

27

28

Lincoln D. Bandlow (SBN 170449)
Rom Bar-Nissim (SBN 293356)
**Law Offices of Lincoln Bandlow, P.C.**
1810 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-9680
Fax: (310) 861-5550
Email: Lincoln@BandlowLaw.com
        Rom@BandlowLaw.com

Attorneys for Defendants
PENSKE MEDIA CORPORATION
and DIRT.COM LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual, | Case No.: 2:22-cv-01153-FWS-PVC |
| Plaintiff, | **DEFENDANT DIRT.COM LLC'S AMENDED SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** |
| vs. | |
| PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10, | Complaint Filed: February 18, 2022 |
| | Honorable Judge Fred W. Slaughter |
| Defendants. | |

PROPOUNDING PARTY: BRANDON VOGTS

RESPONDING PARTY:   DIRT.COM, LLC

SET:                ONE

1   inadvertently provided information shall be returned to Dirt's counsel, along with any

2   copies made thereof.

3       9.      These general objections are applicable to each of the following responses,

4   and the failure to repeat an objection in response to a specific document request shall not

5   be deemed a waiver of the objection.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

8   **REQUEST NO. 5:**

9       Admit that at or prior to the time the ACCUSED POSTS were displayed on

10  dirt.com, YOU had sought and obtained licenses to use photographs other than the

11  SUBJECT PHOTOGRAPHS on dirt.com.

12  **ORIGINAL RESPONSE TO REQUEST NO. 5:**

13      Dirt objects: (1) for the reasons stated in its Preliminary Statement and General

14  Objections, which are incorporated by reference as though fully set forth herein; (2) to

15  the phrase "prior to the time the ACCUSED POSTS were displayed" as overbroad,

16  irrelevant and not proportional to the needs of the case; Dirt has been in operation since

17  2019 and, therefore, the Request seeks information spanning the course of 3 years; (3) to

18  Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant

19  insofar as the URLs identified in the term's definition are not the URLs of the Articles;

20  in a good faith attempt to interpret this Request, Dirt shall interpret the term

21  "ACCUSED POSTS" to solely mean the Articles themselves; (4) to the term

22  "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request,

23  Dirt shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C.

24  Section 106(5); (5) Plaintiff's definition of "YOU" insofar as it seeks information not in

25  Dirt's possession, custody or control; Dirt shall respond to this Request solely based on

26  information in its possession, custody or control; (6) as compound, since the terms

27

28

4

"sought and obtained" are conjunctive and constitute two separate and distinct types of conduct; (7) to the term as "use" as vague and ambiguous; in a good faith effort to interpret this Request, Dirt shall interpret this phrase to mean the exclusive rights set forth in 17 U.S.C. Section 106; (8) to the phrase "photographs other than the SUBJECT PHOTOGRAPHS" as irrelevant and overbroad, since photographs other than the Subject Photographs are not at issue in this case; (9) to Plaintiff's definition of "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the "SUBJECT PHOTOGRAPHS" are not "identified by name, copyright registration number, and photograph in the COMPLAINT and the exhibit(s) thereto" because Plaintiff has not provided names to any photograph nor connected each photograph to a particular copyright registration number; in a good faith attempt to interpret this Request, Dirt shall answer this Request solely based on the Subject Photographs identified in Exhibit 1 to the COMPLAINT; and (10) insofar as the Request can be interpreted to seek information protected by attorney-client privilege or attorney work product; Dirt shall interpret this Request as solely seeking non-privileged information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5**:

Dirt objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) to the phrase "prior to the time the ACCUSED POSTS were displayed" as overbroad, irrelevant and not proportional to the needs of the case; Dirt has been in operation since 2019 and, therefore, the Request seeks information spanning the course of 3 years; (3) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs identified in the term's definition are not the URLs of the Articles; in a good faith attempt to interpret this Request, Dirt shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (4) to the term "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request,

5

Dirt shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C. Section 106(5); (5) Plaintiff's definition of "YOU" insofar as it seeks information not in Dirt's possession, custody or control; Dirt shall respond to this Request solely based on information in its possession, custody or control; (6) as compound, since the terms "sought and obtained" are conjunctive and constitute two separate and distinct types of conduct; (7) to the term as "use" as vague and ambiguous; in a good faith effort to interpret this Request, Dirt shall interpret this phrase to mean the exclusive rights set forth in 17 U.S.C. Section 106; (8) to the phrase "photographs other than the SUBJECT PHOTOGRAPHS" as irrelevant and overbroad, since photographs other than the Subject Photographs are not at issue in this case; (9) to Plaintiff's definition of "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the "SUBJECT PHOTOGRAPHS" are not "identified by name, copyright registration number, and photograph in the COMPLAINT and the exhibit(s) thereto" because Plaintiff has not provided names to any photograph nor connected each photograph to a particular copyright registration number; in a good faith attempt to interpret this Request, Dirt shall answer this Request solely based on the Subject Photographs identified in Exhibit 1 to the COMPLAINT; and (10) insofar as the Request can be interpreted to seek information protected by attorney-client privilege or attorney work product; Dirt shall interpret this Request as solely seeking non-privileged information.

Subject to and without waiving the foregoing objections, and insofar as Dirt is able to understand the Request, Dirt responds as follows: Admitted in part and denied in part. Sometimes Dirt obtains authorization to use a particular photograph by a third-party who provides the photograph to Dirt for use in an article reporting on the property depicted in the photograph. Other times, Dirt will use photographs without authorization when use of the photograph in a particular article qualifies as fair use.

6

1   Date:  December 1, 2022       **Law Offices of Lincoln Bandlow, PC**

2

3                              By: _____

4                                  Lincoln Bandlow
                                    Rom Bar-Nissim

5                                  Attorney for Defendants
                                  Penske Media Corporation

6                                  and Dirt.com LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**VERIFICATION**

2     I, Tom Finn, am the Executive Vice President and General Manager of

3 operations for defendant Penske Media Corporation. I have read the foregoing

4 **DEFENDANT DIRT.COM LLC'S AMENDED SUPPLEMENTAL**

5 **OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF**

6 **REQUESTS FOR ADMISSION.** I believe, based on reasonable inquiry and

7 information provided to me, that the foregoing answers are true and correct to the best

8 of my knowledge, information and belief and, on that basis, verify under penalty of

9 perjury that the foregoing is true and correct.

10

11             Executed: December 1, 2022

12

13

14             Tom Finn

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1801 Century Park East, Suite 2400, Los Angeles, California 90067.

On December 8, 2022, I served the following document described as: **DEFENDANT DIRT.COM LLC'S AMENDED SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** on the interested parties in this action as follows:

| | |
|---|---|
| Stephen M. Doniger<br>Benjamin F. Tookey<br>DONIGER / BURROUGHS<br>603 Rose Avenue<br>Venice, California 90291<br>Email: stephen@donigerlawfirm.com;<br>btookey@donigerlawfirm.com | Attorneys for Plaintiff<br>BRANDON VOGTS |

**[X]     BY EMAIL:** I attached the document(s) to an email sent to the email addresses set forth above.

I declare under penalty of perjury under the laws of the United States and State of California that the foregoing is true and correct.

Executed on December 1, 2022, at Encino, California.

_____
Lincoln Bandlow