EXHIBIT 2

Lincoln D. Bandlow (SBN 170449)
Rom Bar-Nissim (SBN 293356)
**Law Offices of Lincoln Bandlow, P.C.**
1810 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-9680
Fax: (310) 861-5550
Email: Lincoln@BandlowLaw.com
      Rom@BandlowLaw.com

Attorneys for Defendants
PENSKE MEDIA CORPORATION
and DIRT.COM LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10,<br><br>    Defendants. | Case No.: 2:22-cv-01153-FWS-PVC<br><br>**DEFENDANT PENSKE MEDIA CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>Complaint Filed: February 18, 2022<br><br>Honorable Judge Fred W. Slaughter |

PROPOUNDING PARTY: BRANDON VOGTS

RESPONDING PARTY:   PENSKE MEDIA CORPORATION

SET:             ONE

9.      These general objections are applicable to each of the following responses, and the failure to repeat an objection in response to a specific document request shall not be deemed a waiver of the objection.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST NO. 1:**

Admit that YOU did not seek or obtain a license, authorization, or consent from PLAINTIFF to display copies of any of the SUBJECT PHOTOGRAPHS on dirt.com.

**RESPONSE TO REQUEST NO. 1:**

PMC objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) to Plaintiff's definition of "YOU" insofar as it seeks information not in PMC's possession, custody or control; PMC shall respond to this Request solely based on information in its possession, custody or control; (3) to the phrase "seek or obtain" as compound, since it is disjunctive and encompasses two separate and distinct types of conduct; (4) insofar as the Request implies that a "license, authorization, or consent" is necessary for PMC's subsidiary, the "display" of the "SUBJECT PHOTOGRAPHS" by defendant Dirt.com, LLC ("Dirt") in connection with its articles entitled "Darby Stanchfield Sells Secluded Glendale Traditional," (the "Stanchfield Article"), "Chris O'Dowd, Dawn O'Porter List Melrose District Bungalow (the "O'Dowd Article") and "Robin Williams' Son Zak Buys French Country-Inspired L.A. Villa" (the "Williams Article") (collectively, the "Articles"); (5) to Plaintiff's definition of "PLAINTIFF" as vague an ambiguous because PMC does not know every individual who may serve as Plaintiff's "agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf"; PMC shall respond to this Request solely based on who it knows to be Plaintiff or Plaintiff's authorized representative(s); (6) to Plaintiff's definition of "PLAINTIFF" as creating

4

an undue burden by seeking information within Plaintiff's possession, custody or control and not PMC's possession, custody or control; (7) to the term "display" as vague and ambiguous; in a good faith attempt to interpret this Request, PMC shall interpret this term to be coextensive with 17 U.S.C. Section 106(5); (8) to Plaintiff's definition of "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the "SUBJECT PHOTOGRAPHS" are not "identified by name, copyright registration number, and photograph in the COMPLAINT and the exhibit(s) thereto" because Plaintiff has not provided names to any photograph nor connected each photograph to a particular copyright registration number; in a good faith attempt to interpret this Request, PMC shall answer this Request solely based on the images identified as the "Subject Photographs" in Exhibit 1 to the COMPLAINT (the "Subject Photographs"); (9) to the Request as a whole, insofar as it attempts to imply that PMC was the direct and proximate cause of the "display" of the Subject Photographs; in a good faith attempt to interpret this Request, PMC interprets this Request to mean "Dirt's display" of the Subject Photographs in connection with the Articles; (10) insofar as the Request can be interpreted to seek information protected by attorney-client privilege or attorney work product; PMC shall interpret this Request as solely seeking non-privileged information; and (11) to this Request as a whole, insofar as it is duplicative of Request for Admission No. 1 to Dirt.

Subject to and without waiving the foregoing objections, and insofar as PMC can understand the Request, PMC responds as follows: Admitted insofar as PMC did not secure a license (whether written or oral) from Plaintiff (or his known authorized representatives) for Dirt to display the Subject Photographs in connection with the Articles.

**REQUEST NO. 2:**

Admit that YOU do not have a written agreement granting YOU any right to

5

1   use any of the SUBJECT PHOTOGRAPHS on dirt.com.

2   **RESPONSE TO REQUEST NO. 2:**

3       PMC objects: (1) for the reasons stated in its Preliminary Statement and General

4   Objections, which are incorporated by reference as though fully set forth herein; (2) to

5   Plaintiff's definition of "YOU" insofar as it seeks information not in PMC's possession,

6   custody or control; PMC shall respond to this Request solely based on information in its

7   possession, custody or control; (3) insofar as the Request implies that a "written

8   agreement" is necessary for Dirt's "use" of the "SUBJECT PHOTOGRAPHS" in

9   connection with its Articles; (4) to the phrase as "any right to use" as vague and

10  ambiguous; in a good faith effort to interpret this Request, PMC shall interpret this

11  phrase to mean the exclusive rights set forth in 17 U.S.C. Section 106; (5) to Plaintiff's

12  definition of "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the

13  "SUBJECT PHOTOGRAPHS" are not "identified by name, copyright registration

14  number, and photograph in the COMPLAINT and the exhibit(s) thereto" because

15  Plaintiff has not provided names to any photograph nor connected each photograph to a

16  particular copyright registration number; in a good faith attempt to interpret this Request,

17  PMC shall answer this Request solely based on the Subject Photographs identified in

18  Exhibit 1 to the COMPLAINT; (6) to the Request as a whole, insofar as it attempts to

19  imply that PMC was the direct and proximate cause of the "use" of the Subject

20  Photographs; in a good faith attempt to interpret this Request, PMC interprets this

21  Request to mean "Dirt's use" of the Subject Photographs in connection with the

22  Articles; (7) insofar as the Request can be interpreted to seek information protected by

23  attorney-client privilege or attorney work product; PMC shall interpret this Request as

24  solely seeking non-privileged information; and (8) to this Request as a whole, insofar as

25  it is duplicative of Request for Admission No. 2 to Dirt.

26      Subject to and without waiving the foregoing objections, and insofar as PMC can

27  understand the Request, PMC responds as follows: Admitted insofar as PMC did not

28                                          6

1  secure a written agreement authorizing Dirt to "use" of the Subject Photographs in
2  connection with the Articles.

3

4  **REQUEST NO. 3:**

5       Admit that the ACCUSED POSTS were displayed on dirt.com.

6  **RESPONSE TO REQUEST NO. 3:**

7       PMC objects: (1) for the reasons stated in its Preliminary Statement and General

8  Objections, which are incorporated by reference as though fully set forth herein; (2) to

9  Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant

10  insofar as the URLs identified in the term's definition are not the URLs of the Articles;

11  in a good faith attempt to interpret this Request, PMC shall interpret the term

12  "ACCUSED POSTS" to solely mean the Articles themselves; (3) to the term

13  "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request,

14  PMC shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C.

15  Section 106(5); and (4) to this Request as a whole, insofar as it is duplicative of

16  Request for Admission No. 3 to Dirt.

17       Subject to and without waiving the foregoing objections, and insofar as PMC can

18  understand the Request, PMC responds as follows: Admitted insofar as the Articles were

19  located on Dirt's website.

20

21  **REQUEST NO. 4:**

22       Admit that the ACCUSED POSTS display the SUBJECT PHOTOGRAPHS.

23  **RESPONSE TO REQUEST NO. 4:**

24       PMC objects: (1) for the reasons stated in its Preliminary Statement and General

25  Objections, which are incorporated by reference as though fully set forth herein; (2) to

26  Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant

27  insofar as the URLs identified in the term's definition are not the URLs of the Articles;

28

7

in a good faith attempt to interpret this Request, PMC shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (3) to the term "display" as vague and ambiguous; in a good faith attempt to interpret this Request, PMC shall interpret the term "display" to have the same meaning as used in 17 U.S.C. Section 106(5) and used in the present tense (as opposed to the past tense); (4) to Plaintiff's definition of "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the "SUBJECT PHOTOGRAPHS" are not "identified by name, copyright registration number, and photograph in the COMPLAINT and the exhibit(s) thereto" because Plaintiff has not provided names to any photograph nor connected each photograph to a particular copyright registration number; in a good faith attempt to interpret this Request, PMC shall answer this Request solely based on the Subject Photographs identified in Exhibit 1 to the COMPLAINT; and (5) to this Request as a whole, insofar as it is duplicative of Request for Admission No. 4 to Dirt.

Subject to and without waiving the foregoing objections, and insofar as PMC can understand the Request, PMC responds as follows: Denied insofar as Dirt currently "display[s]" the Subject Photographs. Admitted insofar as Dirt previously "display[ed]" the Subject Photographs in connection with the Articles.

**REQUEST NO. 5:**

Admit that at or prior to the time the ACCUSED POSTS were displayed on dirt.com, YOU had sought and obtained licenses to use photographs other than the SUBJECT PHOTOGRAPHS on dirt.com.

**RESPONSE TO REQUEST NO. 5:**

PMC objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) to the phrase "prior to the time the ACCUSED POSTS were displayed" as overbroad, irrelevant and not proportional to the needs of the case; Dirt has been in operation since

8

2007 and PMC only acquired Dirt in 2014, therefore, the Request seeks information spanning the course of anywhere from 8-14 years; (3) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs identified in the term's definition are not the URLs of the Articles; in a good faith attempt to interpret this Request, PMC shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (4) to the term "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request, PMC shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C. Section 106(5); (5) Plaintiff's definition of "YOU" insofar as it seeks information not in PMC's possession, custody or control; PMC shall interpret this Request solely based on information in its possession, custody or control; (6) as compound, since the terms "sought and obtained" are conjunctive and constitute two separate and distinct types of conduct; (6) to the term as "use" as vague and ambiguous; in a good faith effort to interpret this Request, PMC shall interpret this phrase to mean the exclusive rights set forth in 17 U.S.C. Section 106; (7) to the phrase "photographs other than the SUBJECT PHOTOGRAPHS" as irrelevant and overbroad, since photographs other than the Subject Photographs are not at issue in this case; (8) to Plaintiff's definition of "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the "SUBJECT PHOTOGRAPHS" are not "identified by name, copyright registration number, and photograph in the COMPLAINT and the exhibit(s) thereto" because Plaintiff has not provided names to any photograph nor connected each photograph to a particular copyright registration number; in a good faith attempt to interpret this Request, PMC shall answer this Request solely based on the Subject Photographs identified in Exhibit 1 to the COMPLAINT; (9) to the Request as a whole, insofar as it attempts to imply that PMC was the direct and proximate cause of the "use" of the Subject Photographs; in a good faith attempt to interpret this Request, PMC interprets this Request to mean "Dirt's use" of the Subject Photographs in connection with the Articles; (10) insofar as the Request can be interpreted to seek information protected by

9

1  attorney-client privilege or attorney work product; PMC shall interpret this Request as

2  solely seeking non-privileged information; and (11) to this Request as a whole, insofar

3  as it is duplicative of Request for Admission No. 5 to Dirt.

4

5  **REQUEST NO. 6:**

6        Admit that at the time YOU displayed the ACCUSED POSTS on dirt.com, YOU

7  were aware that photographs are entitled to copyright protection.

8  **RESPONSE TO REQUEST NO. 6:**

9        PMC objects: (1) for the reasons stated in its Preliminary Statement and General

10  Objections, which are incorporated by reference as though fully set forth herein;

11  (2) Plaintiff's definition of "YOU" insofar as it seeks information not in PMC's

12  possession, custody or control; PMC shall respond to this Request solely based on

13  information in its possession, custody or control; (3) to the term "displayed" as vague

14  and ambiguous; in a good faith attempt to interpret this Request, PMC shall interpret the

15  term "displayed" to have the same meaning as used in 17 U.S.C. Section 106(5); (4) to

16  Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant

17  insofar as the URLs identified in the term's definition are not the URLs of the Articles;

18  in a good faith attempt to interpret this Request, PMC shall interpret the term

19  "ACCUSED POSTS" to solely mean the Articles themselves; (5) to the term "aware" as

20  vague and ambiguous; in a good faith attempt to interpret this Request, PMC shall

21  interpret the term to mean "knowingly" as used in 17 U.S.C. Section 504(c)(3)(A); (6) to

22  the phrase "aware that photographs are entitled to copyright protection" as solely

23  seeking information about PMC's knowledge of the law and, therefore, is a legal

24  conclusion; Federal Rule of Civil Procedure Rule 36(a)(1)(A) authorizes propounding

25  requests for "relating to: facts, the application of law to fact, or opinions about either" –

26  which the Request does not do; (7) to the Request as a whole, insofar as it attempts to

27  imply that PMC was the direct and proximate cause of the "display" of the Subject

28                                  10

1  Photographs; in a good faith attempt to interpret this Request, PMC interprets this
2  Request to mean "Dirt displayed" of the Subject Photographs in connection with the
3  Articles; (7) insofar as the Request can be interpreted to seek information protected by
4  attorney-client privilege or attorney work product; and (8) to this Request as a whole,
5  insofar as it is duplicative of Request for Admission No. 6 to Dirt.

6

7  **REQUEST NO. 7:**

8      Admit that the ACCUSED POSTS generated page views for YOU.

9  **RESPONSE TO REQUEST NO. 7:**

10     PMC objects: (1) for the reasons stated in its Preliminary Statement and General
11 Objections, which are incorporated by reference as though fully set forth herein; (2) to
12 Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant
13 insofar as the URLs identified in the term's definition are not the URLs of the Articles;
14 in a good faith attempt to interpret this Request, PMC shall interpret the term
15 "ACCUSED POSTS" to solely mean the Articles themselves; (3) to the phrase
16 "generated page views" as it requires PMC to speculate as to the cause to why third-
17 parties viewed them; (4) Plaintiff's definition of "YOU" insofar as it seeks information
18 not in PMC's possession, custody or control; PMC shall respond to this Request solely
19 based on information in its possession, custody or control; (5) insofar as the Request
20 seeks confidential and proprietary information regarding the analytics of PMC's website
21 without an appropriate protective order; (6) insofar as the Request seeks to imply that the
22 Subject Photographs incorporated in the Articles were the cause of third-parties viewing
23 the Articles and not the content authored by Dirt; (7) insofar as the Request seeks to
24 imply the "page views" were for PMC's website and not Dirt's website; in a good faith
25 attempt to interpret this Request, PMC shall interpret it to mean page views for Dirt's
26 website; and (8) to this Request as a whole, insofar as it is duplicative of Request for
27 Admission No. 7 to Dirt.

28                                      11

1        Subject to and without waiving the foregoing objections, and insofar as PMC

2   can understand the Request, PMC responds as follows: PMC admits that third-parties

3   did view the Articles.

4

5   **REQUEST NO. 8:**

6        Admit that the ACCUSED POSTS generated advertising revenue for YOU.

7   **RESPONSE TO REQUEST NO. 8:**

8        PMC objects: (1) for the reasons stated in its Preliminary Statement and General

9   Objections, which are incorporated by reference as though fully set forth herein; (2) to

10  Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant

11  insofar as the URLs identified in the term's definition are not the URLs of the Articles;

12  in a good faith attempt to interpret this Request, PMC shall interpret the term

13  "ACCUSED POSTS" to solely mean the Articles themselves; (3) as lacking foundation

14  because it has not been established that there were advertisements on the Articles;

15  (4) Plaintiff's definition of "YOU" insofar as it seeks information not in PMC's

16  possession, custody or control; PMC shall respond to this Request solely based on

17  information in its possession, custody or control; (5) insofar as the Request seeks

18  confidential and proprietary information regarding Dirt's and/or PMC's revenues

19  without an appropriate protective order; (6) insofar as the Request seeks to imply that the

20  Subject Photographs incorporated in the Articles were the cause of revenues received by

21  Dirt and/or PMC from views of the Articles; (7) insofar as the Request seeks to imply

22  PMC was the direct recipient of "advertising revenue" from the Articles and not Dirt; in

23  a good faith attempt to interpret this Request, PMC shall interpret it to mean Dirt

24  received "advertising revenue" from the Articles; and (8) to this Request as a whole,

25  insofar as it is duplicative of Request for Admission No. 8 to Dirt.

26       Subject to and without waiving the foregoing objections, and insofar as PMC

27  can understand the Request, PMC responds as follows: In light of the following facts,

28

12

PMC cannot fully admit or deny this Request because determining whether the Articles generated advertising revenue for PMC is difficult to ascertain. Neither PMC nor Dirt engage in direct sales of advertising space on its website, let alone for articles (in general) or the Articles (in particular). Rather, PMC sells advertising space on Dirt's homepage and articles through Programmatic Exchanges. Standalone photographs on Dirt's media servers do not contain advertisements. A Programmatic Exchange is where advertisers whitelist a multitude of websites (usually any website that does not contain illegal content or pornography) and, potentially, selects certain target demographics for the advertisements (*e.g.*, women ages 18-35). The advertiser will place bids for ad space on the Programmatic Exchange and a successful bid will result in the advertisements being randomly placed on the whitelisted websites. While Dirt's website does contain programmatic advertising (and receives revenue from said programmatic advertising), it is difficult to state that the Articles themselves are responsible for generating such revenue, because advertisers are targeting the dirt.com domain in general and not any specific articles/webpages on the website.

**REQUEST NO. 9:**

Admit that YOU knew that YOU did not own the copyrights in the SUBJECT PHOTOGRAPHS at the time YOU displayed the ACCUSED POSTS on dirt.com.

**RESPONSE TO REQUEST NO. 9:**

PMC objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) Plaintiff's definition of "YOU" insofar as it seeks information not in PMC's possession, custody or control; PMC shall respond to this Request solely based on information in its possession, custody or control; (3) the term "knew" is vague and ambiguous; in a good faith attempt to interpret this Request, PMC shall interpret the term as synonymous with the term "knowingly" from 17 U.S.C. Section 504(c)(3)(A);

13

(4) to Plaintiff's definition of "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the "SUBJECT PHOTOGRAPHS" are not "identified by name, copyright registration number, and photograph in the COMPLAINT and the exhibit(s) thereto" because Plaintiff has not provided names to any photograph nor connected each photograph to a particular copyright registration number; in a good faith attempt to interpret this Request, PMC shall answer this Request solely based on the Subject Photographs identified in Exhibit 1 to the COMPLAINT; (5) to the term "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request, PMC shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C. Section 106(5); (6) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs identified in the term's definition are not the URLs of the Articles; in a good faith attempt to interpret this Request, PMC shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (7) insofar as the Request (as a whole) seeks to imply that PMC was the direct and proximate cause of the "display" of the Subject Photographs; in a good faith attempt to interpret this Request, PMC shall interpret it to mean "Dirt displayed"; (8) insofar as the Request (as a whole) seeks to imply a person must "own" a copyright in order to exploit a copyrighted work under the Copyright Act; and (9) to this Request as a whole, insofar as it is duplicative of Request for Admission No. 9 to Dirt.

Subject to and without waiving the foregoing objections, and insofar as PMC can understand the Request, PMC responds as follows: PMC admits it did not own a copyright to the Subject Photographs at the time the Articles were made available to the public on Dirt's website.

**REQUEST NO. 10:**

Admit that YOU received a cease-and-desist letter from PLAINTIFF regarding the ACCUSED POSTS in September 2021.

14

**RESPONSE TO REQUEST NO. 10:**

PMC objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) Plaintiff's definition of "YOU" insofar as it seeks information not in PMC's possession, custody or control; PMC shall respond to this Request solely based on information in its possession, custody or control; (3) to Plaintiff's definition of "PLAINTIFF" as vague an ambiguous because PMC does not know every individual who may serve as Plaintiff's "agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf"; PMC shall respond to this Request solely based on who it knows to be Plaintiff or Plaintiff's authorized representative(s); (4) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs identified in the term's definition are not the URLs of the Articles; in a good faith attempt to interpret this Request, PMC shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (5) insofar as the Request can be interpreted to seek information protected by attorney-client privilege or attorney work product; PMC shall interpret this Request as solely seeking non-privileged information; and (6) to this Request as a whole, insofar as it is duplicative of Request for Admission No. 10 to Dirt.

Subject to and without waiving the foregoing objections, and insofar as PMC can understand the Request, PMC responds as follows: Admitted insofar as Plaintiff sent a cease and desist letter on September 22, 2021 to the contactus@pmc.com email address. On September 22, 2021, Plaintiff's letter was received by PMC.

**REQUEST NO. 11:**

Admit that at least some of the ACCUSED POSTS were still displayed on dirt.com as of January 21, 2022.

15

No. 11.

**REQUEST NO. 13:**

Admit that YOU did not attribute any of the ACCUSED POSTS displayed on dirt.com to PLAINTIFF.

**RESPONSE TO REQUEST NO. 13:**

PMC objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) Plaintiff's definition of "YOU" insofar as it seeks information not in PMC's possession, custody or control; PMC shall respond to this Request solely based on information in its possession, custody or control; (3) the term "attribute" is vague and ambiguous; in a good faith attempt to interpret this Request, PMC shall interpret term "attribute" to have the same meaning as the right of attribution set forth in 17 U.S.C. 106A(a)(1)(A); (4) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs identified in the term's definition are not the URLs of the Articles; in a good faith attempt to interpret this Request, PMC shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (5) to the term "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request, PMC shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C. Section 106(5); (6) to Plaintiff's definition of "PLAINTIFF" as vague an ambiguous because PMC does not know every individual who may serve as Plaintiff's "agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf"; PMC shall respond to this Request solely based on who it knows to be Plaintiff or Plaintiff's authorized representative(s); (6) the Request (as a whole) is irrelevant, immaterial and not proportional to the needs of the case because Plaintiff has not brought a claim under 17 U.S.C. Section 106A(a)(1)(A), nor would the Subject Photographs qualify for protection under the said statute because it is not a "work of

18

1  visual art" as defined by 17 U.S.C. Section 101; and (7) to this Request as a whole,

2  insofar as it is duplicative of Request for Admission No. 13 to Dirt.

3      Subject to and without waiving the foregoing objections, and insofar as PMC can

4  understand the Request, PMC responds as follows: PMC admits that Plaintiff's name did

5  not appear in the Articles.

6

7  **REQUEST NO. 14:**

8      Admit that at the time YOU displayed the ACCUSED POSTS on dirt.com,

9  YOU maintained a policy regarding YOUR unauthorized publication of copyrighted

10  material online.

11  **RESPONSE TO REQUEST NO. 14:**

12      PMC objects: (1) for the reasons stated in its Preliminary Statement and General

13  Objections, which are incorporated by reference as though fully set forth herein;

14  (2) Plaintiff's definition of "YOU" and "YOUR" insofar as they seek information not in

15  PMC's possession, custody or control; PMC shall respond to this Request solely based

16  on information in its possession, custody or control; (3) to the term "displayed" as vague

17  and ambiguous; in a good faith attempt to interpret this Request, PMC shall interpret the

18  term "displayed" to have the same meaning as used in 17 U.S.C. Section 106(5); (4) to

19  Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant

20  insofar as the URLs identified in the term's definition are not the URLs of the Articles;

21  in a good faith attempt to interpret this Request, PMC shall interpret the term

22  "ACCUSED POSTS" to solely mean the Articles themselves; (5) to the term

23  "publication" as vague and ambiguous; in a good faith attempt to interpret this Request,

24  PMC shall interpret this term as the exercise of any of rights set forth in 17 U.S.C.

25  Section 106; (6) insofar as the Request can be interpreted to seek information protected

26  by attorney-client privilege or attorney work product; PMC shall interpret this Request

27  as solely seeking non-privileged information; (7) insofar as the Request seeks

28                                          19

**RESPONSE TO REQUEST NO. 20:**

PMC objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) Plaintiff's definition of "YOU," insofar as they seek information not in PMC's possession, custody or control; PMC shall respond to this Request solely based on information in its possession, custody or control; (3) to the phrase "financial benefit" as vague and ambiguous; in a good faith attempt to interpret this Request, PMC shall interpret the phrase "financial benefit" as the phrase "direct financial benefit" as interpreted by cases interpreting the phrase in the context of vicarious copyright infringement; (4) insofar as the Request applies to content posted by Dirt other than the Articles as irrelevant, immaterial and not proportional to the needs of the case; PMC shall interpret this Request to only pertain to the Articles themselves; (5) insofar as this Request implies that the Subject Photographs were incorporated into the advertisements posted on dirt.com; (6) insofar as the Request seeks confidential and proprietary information without the entry of an appropriate protective order; and (7) insofar as the Request seek information protected by attorney-client privilege and attorney-work product; PMC shall interpret this Request as seeking non-privileged information.

Subject to and without waiving the foregoing objections, and insofar as PMC can understand the Request, PMC responds as follows: PMC denies this Request because it did not receive a direct financial benefit (as interpreted from the applicable case law) from the Articles and the advertisements in the Articles did not incorporate the Subject Photographs.

**REQUEST NO. 21:**

Admit that YOU identify "Dirt" as one of YOUR brands.

1    **RESPONSE TO REQUEST NO. 21:**

2          PMC objects: (1) for the reasons stated in its Preliminary Statement and General

3    Objections, which are incorporated by reference as though fully set forth herein; and

4    (2) Plaintiff's definition of "YOU" and "YOUR" insofar as they seek information not

5    in PMC's possession, custody or control; PMC shall respond to this Request solely

6    based on information in its possession, custody or control.

7          Subject to and without waiving the foregoing objections, and insofar as PMC

8    can understand the Request, PMC responds as follows: Admitted.

9

10   Date:  August 19, 2022                    **Law Offices of Lincoln Bandlow, PC**

11

12                                             By: _____

13                                                 Lincoln Bandlow
                                                   Rom Bar-Nissim
14                                                 Attorney for Defendants
                                                   Penske Media Corporation
15                                                 and Dirt.com LLC

16

17

18

19

20

21

22

23

24

25

26

27

28                                             26

1

**VERIFICATION**

2      I, Tom Finn, am the Executive Vice President and General Manager of

3   operations of defendant Penske Media Corporation.  I have read the foregoing

4   **DEFENDANT PENSKE MEDIA CORPORATION'S OBJECTIONS AND**

5   **RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR**

6   **ADMISSION.**  I believe, based on reasonable inquiry, that the foregoing answers are

7   true and correct to the best of my knowledge, information and belief and, on that basis,

8   verify under penalty of perjury that the foregoing is true and correct.

9

10                          Executed: August 19, 2022

11

12                          _____

13                          Tom Finn

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      27

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1801 Century Park East, Suite 2400, Los Angeles, California 90067.

On August 19, 2022, I served the following document described as:
**DEFENDANT PENSKE MEDIA CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** on the interested parties in this action as follows:

| | |
|---|---|
| Stephen M. Doniger<br>Benjamin F. Tookey<br>DONIGER / BURROUGHS<br>603 Rose Avenue<br>Venice, California 90291<br>Email: stephen@donigerlawfirm.com;<br>btookey@donigerlawfirm.com | Attorneys for Plaintiff<br>BRANDON VOGTS |

**[X]    BY EMAIL:** I attached the document(s) to an email sent to the email addresses set forth above.

I declare under penalty of perjury under the laws of the United States and State of California that the foregoing is true and correct.

Executed on August 19, 2022, at Encino, California.

_____
Lincoln Bandlow

Lincoln D. Bandlow (SBN 170449)
Rom Bar-Nissim (SBN 293356)
**Law Offices of Lincoln Bandlow, P.C.**
1810 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-9680
Fax: (310) 861-5550
Email: Lincoln@BandlowLaw.com
        Rom@BandlowLaw.com

Attorneys for Defendants
PENSKE MEDIA CORPORATION
and DIRT.COM LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual, | Case No.: 2:22-cv-01153-FWS-PVC |
| Plaintiff, | **DEFENDANT PENSKE MEDIA CORPORATION'S AMENDED SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** |
| vs. | |
| PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10, | Complaint Filed: February 18, 2022 |
| Defendants. | Honorable Judge Fred W. Slaughter |

PROPOUNDING PARTY: BRANDON VOGTS

RESPONDING PARTY:   PENSKE MEDIA CORPORATION

SET:                          ONE

1  affirmative use of the advice of counsel or of any privileged communications.  All such
2  inadvertently provided information shall be returned to PMC's counsel, along with any
3  copies made thereof.

4      9.      These general objections are applicable to each of the following responses,
5  and the failure to repeat an objection in response to a specific document request shall not
6  be deemed a waiver of the objection.

7  **SUPPLEMENTAL OBJECTIONS AND RESPONSES TO**
8  **REQUESTS FOR ADMISSION**

9  **REQUEST NO. 5:**

10      Admit that at or prior to the time the ACCUSED POSTS were displayed on
11  dirt.com, YOU had sought and obtained licenses to use photographs other than the
12  SUBJECT PHOTOGRAPHS on dirt.com.

13  **ORIGINAL RESPONSE TO REQUEST NO. 5:**

14      PMC objects: (1) for the reasons stated in its Preliminary Statement and General
15  Objections, which are incorporated by reference as though fully set forth herein; (2) to
16  the phrase "prior to the time the ACCUSED POSTS were displayed" as overbroad,
17  irrelevant and not proportional to the needs of the case; Dirt has been in operation since
18  2019, therefore, the Request seeks information spanning the course of 3 years; (3) to
19  Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant
20  insofar as the URLs identified in the term's definition are not the URLs of the Articles;
21  in a good faith attempt to interpret this Request, PMC shall interpret the term
22  "ACCUSED POSTS" to solely mean the Articles themselves; (4) to the term
23  "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request,
24  PMC shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C.
25  Section 106(5); (5) Plaintiff's definition of "YOU" insofar as it seeks information not in
26  PMC's possession, custody or control; PMC shall interpret this Request solely based on

27
28

4

information in its possession, custody or control; (6) as compound, since the terms "sought and obtained" are conjunctive and constitute two separate and distinct types of conduct; (6) to the term as "use" as vague and ambiguous; in a good faith effort to interpret this Request, PMC shall interpret this phrase to mean the exclusive rights set forth in 17 U.S.C. Section 106; (7) to the phrase "photographs other than the SUBJECT PHOTOGRAPHS" as irrelevant and overbroad, since photographs other than the Subject Photographs are not at issue in this case; (8) to Plaintiff's definition of "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the "SUBJECT PHOTOGRAPHS" are not "identified by name, copyright registration number, and photograph in the COMPLAINT and the exhibit(s) thereto" because Plaintiff has not provided names to any photograph nor connected each photograph to a particular copyright registration number; in a good faith attempt to interpret this Request, PMC shall answer this Request solely based on the Subject Photographs identified in Exhibit 1 to the COMPLAINT; (9) to the Request as a whole, insofar as it attempts to imply that PMC was the direct and proximate cause of the "use" of the Subject Photographs; in a good faith attempt to interpret this Request, PMC interprets this Request to mean "Dirt's use" of the Subject Photographs in connection with the Articles; (10) insofar as the Request can be interpreted to seek information protected by attorney-client privilege or attorney work product; PMC shall interpret this Request as solely seeking non-privileged information; and (11) to this Request as a whole, insofar as it is duplicative of Request for Admission No. 5 to Dirt.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5**

PMC objects: (1) for the reasons stated in its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein; (2) to the phrase "prior to the time the ACCUSED POSTS were displayed" as overbroad, irrelevant and not proportional to the needs of the case; Dirt has been in operation since

5

2019, therefore, the Request seeks information spanning the course of 3 years; (3) to Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant insofar as the URLs identified in the term's definition are not the URLs of the Articles; in a good faith attempt to interpret this Request, PMC shall interpret the term "ACCUSED POSTS" to solely mean the Articles themselves; (4) to the term "displayed" as vague and ambiguous; in a good faith attempt to interpret this Request, PMC shall interpret the term "displayed" to have the same meaning as used in 17 U.S.C. Section 106(5); (5) Plaintiff's definition of "YOU" insofar as it seeks information not in PMC's possession, custody or control; PMC shall interpret this Request solely based on information in its possession, custody or control; (6) as compound, since the terms "sought and obtained" are conjunctive and constitute two separate and distinct types of conduct; (6) to the term as "use" as vague and ambiguous; in a good faith effort to interpret this Request, PMC shall interpret this phrase to mean the exclusive rights set forth in 17 U.S.C. Section 106; (7) to the phrase "photographs other than the SUBJECT PHOTOGRAPHS" as irrelevant and overbroad, since photographs other than the Subject Photographs are not at issue in this case; (8) to Plaintiff's definition of "SUBJECT PHOTOGRAPHS" as vague and ambiguous, since the "SUBJECT PHOTOGRAPHS" are not "identified by name, copyright registration number, and photograph in the COMPLAINT and the exhibit(s) thereto" because Plaintiff has not provided names to any photograph nor connected each photograph to a particular copyright registration number; in a good faith attempt to interpret this Request, PMC shall answer this Request solely based on the Subject Photographs identified in Exhibit 1 to the COMPLAINT; (9) to the Request as a whole, insofar as it attempts to imply that PMC was the direct and proximate cause of the "use" of the Subject Photographs; in a good faith attempt to interpret this Request, PMC interprets this Request to mean "Dirt's use" of the Subject Photographs in connection with the Articles; (10) insofar as

6

1    the Request can be interpreted to seek information protected by attorney-client privilege

2    or attorney work product; PMC shall interpret this Request as solely seeking non-

3    privileged information; and (11) to this Request as a whole, insofar as it is duplicative

4    of Request for Admission No. 5 to Dirt.

5           Subject to and without waiving the foregoing objections, and insofar as PMC can

6    understand the Request, PMC responds as follows: Admitted in part and denied in part.

7    Sometimes PMC publications obtained authorization to use a particular photograph by

8    a third-party who provides the photograph to the PMC publication for use in an article.

9    Other times, PMC publications will use photographs that are subject to a blanket license

10   with the photographer's licensing agent, such as Getty or Shutterstock. Finally, PMC

11   publications will use photographs without authorization when the use of the photograph

12   in a particular article qualifies as a fair use.

13   **REQUEST NO. 6:**

14          Admit that at the time YOU displayed the ACCUSED POSTS on dirt.com, YOU

15   were aware that photographs are entitled to copyright protection.

16   **ORIGINAL RESPONSE TO REQUEST NO. 6:**

17          PMC objects: (1) for the reasons stated in its Preliminary Statement and General

18   Objections, which are incorporated by reference as though fully set forth herein;

19   (2) Plaintiff's definition of "YOU" insofar as it seeks information not in PMC's

20   possession, custody or control; PMC shall respond to this Request solely based on

21   information in its possession, custody or control; (3) to the term "displayed" as vague

22   and ambiguous; in a good faith attempt to interpret this Request, PMC shall interpret the

23   term "displayed" to have the same meaning as used in 17 U.S.C. Section 106(5); (4) to

24   Plaintiff's definition of "ACCUSED POSTS" as vague, ambiguous and irrelevant

25   insofar as the URLs identified in the term's definition are not the URLs of the Articles;

26   in a good faith attempt to interpret this Request, PMC shall interpret the term

27

28

7

1  vague and ambiguous; in a good faith attempt to interpret this Request, PMC shall

2  interpret the term to mean "knowingly" as used in 17 U.S.C. Section 504(c)(3)(A); (6) to

3  the phrase "aware that photographs are entitled to copyright protection" as solely

4  seeking information about PMC's knowledge of the law and, therefore, is a legal

5  conclusion; Federal Rule of Civil Procedure Rule 36(a)(1)(A) authorizes propounding

6  requests for "relating to: facts, the application of law to fact, or opinions about either" –

7  which the Request does not do; (7) to the Request as a whole, insofar as it attempts to

8  imply that PMC was the direct and proximate cause of the "display" of the Subject

9  Photographs; in a good faith attempt to interpret this Request, PMC interprets this

10 Request to mean "Dirt displayed" of the Subject Photographs in connection with the

11 Articles; (7) insofar as the Request can be interpreted to seek information protected by

12 attorney-client privilege or attorney work product; and (8) to this Request as a whole,

13 insofar as it is duplicative of Request for Admission No. 6 to Dirt.

14        Subject to and without waiving the foregoing objections, and insofar as PMC

15 can understand the Request, PMC responds as follows: Denied because not every

16 photograph is necessarily subject to copyright protection and PMC was not aware

17 whether the photographs at issue here would be deemed entitled to copyright

18 protection or not.

19 Date:  December 1, 2022          **Law Offices of Lincoln Bandlow, PC**

20

21                        By: _____

22                            Lincoln Bandlow
                            Rom Bar-Nissim
23                            Attorney for Defendants
                            Penske Media Corporation
24                            and Dirt.com LLC

25

26

27

28

9

## **VERIFICATION**

I, Tom Finn, am the Executive Vice President and General Manager of operations of defendant Penske Media Corporation.  I have read the foregoing **DEFENDANT PENSKE MEDIA CORPORATION'S AMENDED SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION.**  I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief and, on that basis, verify under penalty of perjury that the foregoing is true and correct.

Executed: December ___/___, 2022

_____
Tom Finn

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>PROOF OF SERVICE</u>**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1801 Century Park East, Suite 2400, Los Angeles, California 90067.

On December 8, 2022, I served the following document described as: **DEFENDANT PENSKE MEDIA CORPORATION'S AMENDED SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** on the interested parties in this action as follows:

| | |
|---|---|
| Stephen M. Doniger<br>Benjamin F. Tookey<br>DONIGER / BURROUGHS<br>603 Rose Avenue<br>Venice, California 90291<br>Email: stephen@donigerlawfirm.com;<br>btookey@donigerlawfirm.com | Attorneys for Plaintiff<br>BRANDON VOGTS |

**[X]    BY EMAIL:** I attached the document(s) to an email sent to the email addresses set forth above.

I declare under penalty of perjury under the laws of the United States and State of California that the foregoing is true and correct.

Executed on December 8, 2022, at Encino, California.

_____
Lincoln Bandlow