Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE MEDIA CORPORATION; DIRT.COM, LLC; et al.,<br><br>Defendants. | Case No.: 2:22-cv-01153-FWS-PVC<br>*Hon. Fred W. Slaughter Presiding*<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS** |

  PROPOUNDING PARTIES: PENSKE MEDIA CORPORATION; DIRT.COM, LLC

  RESPONDING PARTY: BRANDON VOGTS

  SET: ONE

**TO PROPOUNDING PARTIES AND THEIR COUNSEL:**

  Pursuant to Fed. R. Civ. P. 36, Plaintiff Brandon Vogts ("Plaintiff" or "Responding Party") hereby responds to the First Set of Requests for Admissions ("RFAs") propounded by Defendants Penske Media Corporation and Dirt.com, LLC (collectively, "Defendants" or "Propounding Parties") as follows:

- 1 -
PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS
EXHIBIT DD to Lincoln Bandlow Declaration

## PRELIMINARY STATEMENT

Plaintiff's responses to the below RFAs are based upon his investigation to date (i.e., in the time available since service of the RFAs). Because Plaintiff's investigation in this case remains ongoing, and as of the date of these responses, Plaintiff does (or may) not yet know of or possess all information potentially relevant to this case, including through discovery from Defendants and/or non-parties. As such, Plaintiff's responses are based upon information now known to Plaintiff and that Plaintiff believes to be relevant to the subject matter covered by the RFAs. Because Plaintiff may acquire additional information (through discovery from Defendants (and/or non-parties) or otherwise) bearing upon the RFAs and Plaintiff's responses thereto, Plaintiff reserves the right to (1) supplement, and/or otherwise subsequently revise or amend, these responses based upon any information, evidence, and/or documents hereafter discovered; and (2) produce, introduce, and/or otherwise rely upon such additional or subsequently acquired or discovered information, evidence, and/or documents at the time of any pretrial proceedings or trial held in this case.

## GENERAL OBJECTIONS

Plaintiff incorporates by reference each of the following General Objections in its Responses below:

1. Plaintiff objects to each of the RFAs as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent they seek information that is not relevant to the claims or defenses asserted in this case.

2. Plaintiff objects to each RFA to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

3. Plaintiff objects to each RFA to the extent it seeks information that is publicly available; equally available to the Propounding Parties; and/or already within the possession, custody, or control of the Propounding Parties.

      4.      Plaintiff objects to each RFA as compound and containing multiple subparts.

      5.      Vogts objects to Defendants' Paragraphs 4-6 Definitions to the extent those exhibits (i.e., "EXHIBIT A[, B, and C]") as initially attached to the RFAs are incomplete by Defendants' own admission; not text searchable and illegible when zoomed in; are not date, time, or URL stamped; and are unaccompanied by any indication of who created them. Vogts cannot authenticate a document he did not create, especially without any foundation. Vogts also objects to the replacement "EXHIBIT A," "EXHIBIT B," and "EXHIBIT C" provide by Defendants' counsel to Vogts' counsel on July 12, 2022, on the ground that those printouts are incomplete by Defendants' own admission; are not date, time, or URL stamped; are editable documents (based on the banner across the top of the document stating, among other things, "customize," "edit post," and "flush cache for page"; and to the extent the date/time of publication on those printouts (e.g., Defendants' replacement "EXHIBIT A" showing "August 7, 2020 12:45 pm PT") are inconsistent (e.g., copies of the same dirt.com article within Vogts' possession, custody, or control, which Vogts will produce to Defendants, showing "August 7, 2020 12:24 pm PT").

      6.      Vogts objects to Defendants' Paragraphs C-G Instructions to the extent it purports to impose on Vogts obligations beyond those required by Federal Rule of Civil Procedure 36 and/or this Court's Local Rules.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:**

      Admit that EXHIBIT A is a true and correct copy of one of the ACCUSED POSTS with the sole exception that it does not contain the SUBJECT PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 1:**

Admit that the SUBJECT PHOTOGRAPHS were EXPLOITED on MLS.

**RESPONSE TO REQUEST NO. 18:**

Vogts objects to this RFA on the ground that construing the term "EXPLOITED" requires a legal conclusion. Vogts objects to Defendants' use of "MLS" in this RFA as confusing, as it is unclear whether Defendants are referring to any/all MLSs or a particular MLS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts has made a reasonable inquiry into this RFA and the information he knows or can readily obtain is insufficient to enable him or admit or deny this RFA, and on that basis Vogts denies this RFA.

**REQUEST NO. 19:**

Admit that VOGTS authorized the EXPLOITATION of the SUBJECT PHOTOGRAPHS on MLS.

**RESPONSE TO REQUEST NO. 19:**

Vogts objects to this RFA on the ground that construing the terms "authorized" and "EXPLOITATION" require legal conclusions. Vogts objects to Defendants' use of "MLS" in this RFA as confusing, as it is unclear whether Defendants are referring to any/all MLSs or a particular MLS.

Subject to the above general and specific objections, Vogts responds as follows: Admit.

**REQUEST NO. 20:**

Admit that the STANCHFIELD PHOTOGRAPHS depict a single residential property.

**RESPONSE TO REQUEST NO. 20:**

Vogts objects to this RFA on the ground that the term "single residential property" is vague, ambiguous, and/or undefined. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that the SUBJECT PHOTOGRAPHS referred to in this RFA depict different aspects of a property located at 601 Seclusion Lane, Glendale, CA 91207.

**REQUEST NO. 21:**

Admit that the STANCHFIELD PHOTOGRAPHS were first LICENSED by VOGTS together as a unit.

**RESPONSE TO REQUEST NO. 21:**

Vogts objects to this RFA on the ground that construing the terms "LICENSED" and "unit" require legal conclusions. Vogts objects to this RFA to the extent the terms "first LICENSED" and "together" are vague, ambiguous, and/or undefined.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that he first licensed the individual SUBJECT PHOTOGRAPHS referenced in this RFA together.

**REQUEST NO. 22:**

Admit that the STANCHFIELD PHOTOGRAPHS were first EXPLOITED together as a unit.

**RESPONSE TO REQUEST NO. 22:**

Vogts objects to this RFA on the ground that construing the terms "EXPLOITED" and "unit" require legal conclusions. Vogts objects to this RFA to the extent the terms "first EXPLOITED" and "together" are vague, ambiguous, and/or undefined.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts has made a reasonable inquiry into this RFA and the information he knows or can readily obtain is insufficient to enable him or admit or deny this RFA, and on that basis Vogts denies this RFA.

**REQUEST NO. 23:**

Admit that the STANCHFIELD PHOTOGRAPHS were EXPLOITED in connection with EXHIBIT A.

**RESPONSE TO REQUEST NO. 23:**

Vogts incorporates by reference his objections to "EXHIBIT A." Vogts objects to this RFA on the ground that construing the term "EXPLOITED" requires a legal conclusion. Vogts objects to this RFA to the extent the term "in connection with EXHIBIT A" is vague, ambiguous, and/or undefined.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts denies that the SUBJECT PHOTOGRAPHS referenced in this RFA are in EXHIBIT A, and the information Vogts knows or can readily obtain is insufficient to enable him or admit or deny whether they ever were.

**REQUEST NO. 24:**

Admit that EXHIBIT A is not directed at attracting PERSONS to the residential property described in EXHIBIT A.

**RESPONSE TO REQUEST NO. 24:**

Withdrawn by Defendants.

**REQUEST NO. 25:**

Admit that EXHIBIT A is not directed at PERSONS interested in purchasing the residential property described in EXHIBIT A.

**RESPONSE TO REQUEST NO. 25:**

Withdrawn by Defendants.

**REQUEST NO. 26:**

Admit that EXHIBIT A is not directed at assisting real estate agents to service existing clients.

**RESPONSE TO REQUEST NO. 26:**

Withdrawn by Defendants.

**REQUEST NO. 27:**

Admit that the O'DOWD/O'PORTER PHOTOGRAPHS depict a single residential property.

**RESPONSE TO REQUEST NO. 27:**

Vogts objects to this RFA on the ground that the term "single residential property" is vague, ambiguous, and/or undefined. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that the SUBJECT PHOTOGRAPHS referred to in this RFA depict different aspects of a property located at 713 N. Alta Vista Blvd., Los Angeles, CA 90046.

**REQUEST NO. 28:**

Admit that the O'DOWD/O'PORTER PHOTOGRAPHS were first LICENSED by VOGTS together as a unit.

**RESPONSE TO REQUEST NO. 28:**

Vogts objects to this RFA on the ground that construing the terms "LICENSED" and "unit" require legal conclusions. Vogts objects to this RFA to the extent the terms "first LICENSED" and "together" are vague, ambiguous, and/or undefined.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that he first licensed the individual SUBJECT PHOTOGRAPHS referenced in this RFA together.

**REQUEST NO. 29:**

Admit that the O'DOWD/O'PORTER PHOTOGRAPHS were first EXPLOITED as a together as a unit.

**RESPONSE TO REQUEST NO. 29:**

Vogts objects to this RFA on the ground that construing the terms "EXPLOITED" and "unit" require legal conclusions. Vogts objects to this RFA to

PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS
EXHIBIT DD to Lincoln Bandlow Declaration

Withdrawn by Defendants.

**REQUEST NO. 33:**

Admit that EXHIBIT B is not directed at assisting real estate agents to service existing clients.

**RESPONSE TO REQUEST NO. 33:**

Withdrawn by Defendants.

**REQUEST NO. 34:**

Admit that the WILLIAMS PHOTOGRAPHS depict a single residential property.

**RESPONSE TO REQUEST NO. 34:**

Vogts objects to this RFA on the ground that the term "single residential property" is vague, ambiguous, and/or undefined. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that the SUBJECT PHOTOGRAPHS referred to in this RFA depict different aspects of a property located at 4047 Dixie Canyon Ave., Sherman Oaks, CA 91423.

**REQUEST NO. 35:**

Admit that the WILLIAMS PHOTOGRAPHS were first LICENSED by VOGTS together as a unit.

**RESPONSE TO REQUEST NO. 35:**

Vogts objects to this RFA on the ground that construing the terms "LICENSED" and "unit" require legal conclusions. Vogts objects to this RFA to the extent the terms "first LICENSED" and "together" are vague, ambiguous, and/or undefined.

already within Defendants' possession, custody, or control. Vogts objects to this RFA as confusing and circular.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that the text of the ACCUSED POST referenced in this RFA appears to concern a property.

**REQUEST NO. 73:**

Admit that the STANCHFIELD PHOTOGRAPHS do not convey information on who owned the single residential property depicted in the STANCHFIELD PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 73:**

Vogts objects to this RFA on the ground that the terms "convey information on," "who owned," and "single residential property" are vague, ambiguous, and/or undefined. Vogts objects to this RFA to the extent it seeks information that is equally available to Defendants and/or already in Defendants' possession, custody, or control. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that the SUBJECT PHOTOGRAPHS depict what they depict.

**REQUEST NO. 74:**

Admit that the STANCHFIELD PHOTOGRAPHS do not convey any information on the how STANCHFIELD acquired the single residential property depicted in the STANCHFIELD PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 74:**

Vogts objects to this RFA on the ground that the terms "convey any information on," "how STANCHFIELD acquired," and "single residential property" are vague, ambiguous, and/or undefined. Vogts objects to this RFA to the extent it seeks information that is equally available to Defendants and/or

already in Defendants' possession, custody, or control. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that the SUBJECT PHOTOGRAPHS depict what they depict.

**REQUEST NO. 75:**

Admit that the STANCHFIELD PHOTOGRAPHS do not convey any information on the dollar amount of the most recent sale of the single residential property depicted in the STANCHFIELD PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 75:**

Vogts objects to this RFA on the ground that the terms "convey any information on," "the dollar amount of the most recent sale," and "single residential property" are vague, ambiguous, and/or undefined. Vogts objects to this RFA to the extent it seeks information that is equally available to Defendants and/or already in Defendants' possession, custody, or control. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that the SUBJECT PHOTOGRAPHS depict what they depict.

**REQUEST NO. 76:**

Admit that the STANCHFIELD PHOTOGRAPHS were authored to facilitate the sale of the single residential unit depicted in the STANCHFIELD PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 76:**

Vogts objects to this RFA to the extent the terms "facilitate the sale" and "single residential unit" are vague, ambiguous, and/or undefined. Vogts objects to

this RFA on the ground that construing the term "authored" requires a legal conclusion. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Denied.

**REQUEST NO. 77:**

Admit that the STANCHFIELD PHOTOGRAPHS were not authored to be part of a public news article discussing that STANCHFIELD sold the single residential property depicted in the STANCHFIELD PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 77:**

Vogts objects to this RFA to the extent the terms "not authored to be part of a public news article," "discussing," and "single residential property" are vague, ambiguous, and/or undefined. Vogts objects to this RFA on the ground that construing the term "authored" requires a legal conclusion. Vogts objects to this RFA to the extent it mischaracterizes what is stated in the referenced ACCUSED POST and what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that he did not author the SUBJECT PHOTOGRAPHS for Defendants, nor did he authorize Defendants to use the SUBJECT PHOTOGRAPHS in the ACCUSED POSTS.

**REQUEST NO. 78:**

Admit that the O'DOWD/O'PORTER PHOTOGRAPHS do not convey any information on who owned the single residential property depicted in the O'DOWD/O'PORTER PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 78:**

Vogts objects to this RFA on the ground that the terms "convey information on," "who owned," and "single residential property" are vague, ambiguous, and/or undefined. Vogts objects to this RFA to the extent it seeks information that is equally available to Defendants and/or already in Defendants' possession, custody, or control. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that the SUBJECT PHOTOGRAPHS depict what they depict.

**REQUEST NO. 79:**

Admit that the O'DOWD/O'PORTER PHOTOGRAPHS do not convey any information on how O'DOWD and O'PORTER acquired the single residential property depicted in the O'DOWD/O'PORTER PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 79:**

Vogts objects to this RFA on the ground that the terms "convey any information on," "how O'DOWD and O'PORTER acquired," and "single residential property" are vague, ambiguous, and/or undefined. Vogts objects to this RFA to the extent it seeks information that is equally available to Defendants and/or already in Defendants' possession, custody, or control. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that the SUBJECT PHOTOGRAPHS depict what they depict.

**REQUEST NO. 80:**

Admit that the O'DOWD/O'PORTER PHOTOGRAPHS do not convey any information on the history of the property depicted in the O'DOWD/O'PORTER PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 80:**

Vogts objects to this RFA on the ground that the terms "convey any information on" and "the history of the property" are vague, ambiguous, and/or undefined. Vogts objects to this RFA to the extent it seeks information that is equally available to Defendants and/or already in Defendants' possession, custody, or control. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that the SUBJECT PHOTOGRAPHS depict what they depict.

**REQUEST NO. 81:**

Admit that the O'DOWD/O'PORTER PHOTOGRAPHS were not authored to be part of a public news article discussing O'DOWD and O'PORTER selling the single residential property depicted in the O'DOWD/O'PORTER PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 81:**

Vogts objects to this RFA to the extent the terms "not authored to be part of a public news article," "discussing," and "single residential property" are vague, ambiguous, and/or undefined. Vogts objects to this RFA on the ground that construing the term "authored" requires a legal conclusion. Vogts objects to this RFA to the extent it mischaracterizes what is stated in the referenced ACCUSED POST and what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that he did not author the SUBJECT PHOTOGRAPHS for Defendants, nor did he authorize Defendants to use the SUBJECT PHOTOGRAPHS in the ACCUSED POSTS.

**REQUEST NO. 82:**

1     Admit that the WILLIAMS PHOTOGRAPHS do not convey any information on who acquired the single residential property depicted in the WILLIAMS PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 82:**

    Vogts objects to this RFA on the ground that the terms "convey information on," "who acquired," and "single residential property" are vague, ambiguous, and/or undefined. Vogts objects to this RFA to the extent it seeks information that is equally available to Defendants and/or already in Defendants' possession, custody, or control. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS.

    Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that the SUBJECT PHOTOGRAPHS depict what they depict.

**REQUEST NO. 83:**

    Admit that the WILLIAMS PHOTOGRAPHS do not convey any information on how Z.WILLIAMS acquired the single residential property depicted in the WILLIAMS PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 83:**

    Vogts objects to this RFA on the ground that the terms "convey any information on," "how Z.WILLIAMS acquired," and "single residential property" are vague, ambiguous, and/or undefined. Vogts objects to this RFA to the extent it seeks information that is equally available to Defendants and/or already in Defendants' possession, custody, or control. Vogts objects to this RFA to the extent it mischaracterizes what is depicted in the referenced SUBJECT PHOTOGRAPHS.

    Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that the SUBJECT PHOTOGRAPHS depict what they depict.

**REQUEST NO. 84:**

Admit that the WILLIAMS PHOTOGRAPHS were not authored to be part of public news article discussing Z.WILLIAMS acquiring the single residential property depicted in the WILLIAMS PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 84:**

Vogts objects to this RFA to the extent the terms "not authored to be part of a public news article," "discussing," and "single residential property" are vague, ambiguous, and/or undefined. Vogts objects to this RFA on the ground that construing the term "authored" requires a legal conclusion. Vogts objects to this RFA to the extent it mischaracterizes what is stated in the referenced ACCUSED POST and what is depicted in the referenced SUBJECT PHOTOGRAPHS.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: Vogts admits that he did not author the SUBJECT PHOTOGRAPHS for Defendants, nor did he authorize Defendants to use the SUBJECT PHOTOGRAPHS in the ACCUSED POSTS.

**REQUEST NO. 85:**

Admit that the STANCHFIED PHOTOGRAPHS were registered together under one copyright registration application.

**RESPONSE TO REQUEST NO. 85:**

Vogts objects to this RFA on the ground that the term "registered together under one copyright registration application" is vague, ambiguous, and/or undefined. Vogts objects to this RFA on the ground that it seeks information that is publicly available; equally available to Defendants; and/or already in Defendants' possession, custody, or control. Vogts objects to this RFA to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

Subject to the above general and specific objections, and to the extent this RFA is understood, Vogts responds as follows: The SUBJECT PHOTOGRAPHS referenced in this RFA were registered as individual photographs under U.S. Copyright Reg. No. VA 2-213-119.

|  |  |  |
|---|---|---|
|  |  | DONIGER / BURROUGHS |
| Dated: August 19, 2022 | By: | */s/ Benjamin F. Tookey* |
|  |  | Stephen M. Doniger, Esq. |
|  |  | Benjamin F. Tookey, Esq. |
|  |  | Attorneys for Plaintiff |