Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE MEDIA CORPORATION; DIRT.COM, LLC; et al.,<br><br>Defendants. | Case No. 2:22-cv-01153-FWS-PVC<br>*Hon. Fred W. Slaughter Presiding*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE ALL ARGUMENT THAT THE SUBJECT PHOTOGRAPHS CONTAIN UNAUTHORIZED USES OF THIRD-PARTY COPYRIGHTED CONTENT**<br><br>**[[Proposed] Order Submitted Concurrently Herewith]**<br><br>Hearing Date and Final Pretrial Conference: June 15, 2023<br>Time: 10:00 a.m.<br>Courtroom: 10D<br><br>Trial Date: July 11, 2023 |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on June 15, 2023 at 10:00 a.m. in this Court, or as soon thereafter as this Court is available to hear this Motion, Plaintiff Brandon Vogts will and hereby does move this Court to exclude any argument, questioning, testimony, or reference that Vogts' asserted Subject Photographs contain unauthorized uses of third-party copyrighted content.

Vogts brings this Motion in Limine No. 1 (the "Motion") pursuant to the Federal Rules of Evidence on the grounds that the PMC Defendants' above-referenced assertion is irrelevant, or that any potential relevance is so remote that it is outweighed by the risk of unfairly prejudicing Vogts, confusing and misleading the jury, resulting in a trial-within-the trial, and wasting time and resources.

Vogts bases this Motion on this Notice, the accompanying memorandum of points and authorities in support, the record in this case, and argument presented during the hearing for this Motion.

Counsel for Vogts and counsel for Defendants Penske Media Corporation ("PMC") and Dirt.com, LLC ("Dirt") (collectively, the "PMC Defendants") met and conferred regarding this Motion, and the PMC Defendants would not stipulate to Vogts' requested relief.

Respectfully Submitted,

Dated: May 11, 2023        DONIGER / BURROUGHS

By:   /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The PMC Defendants should be precluded from arguing, suggesting, or offering or eliciting any questioning or testimony that Vogts' asserted Subject Photographs contain unauthorized uses of third-party copyrighted content.

The parties stipulated that Vogts owns valid copyrights in his asserted Subject Photographs (Dkt. 42), meaning that there is no dispute that Vogts' Subject Photographs are original and that Vogts is the author of those Photographs and owns all copyrights therein, including the right to display them, distribute them, create derivative works thereof, etc.

At summary judgment, the PMC Defendants asserted that "Vogts' photographs of properties contain numerous unauthorized uses of third-party copyrighted content, such as paintings, photographs and sculptures." Dkt. 53-2 ¶ 110. But any reference to unidentified and unknown purported third-party content, and unidentified and unknown copyrighted or public domain statuses thereof, is irrelevant to Vogts' prima facie case of infringement or the PMC Defendants' assertion of fair use. Allowing such an assertion would risk unfairly prejudicing Vogts, confusing and misleading the jury, and wasting time.

This Court should therefore preclude the PMC Defendants from arguing, suggesting, or offering or eliciting any testimony that Vogts' asserted Subject Photographs contain unauthorized uses of third-party copyrighted content.

## II. ARGUMENT

### A. The PMC Defendants' assertion is irrelevant.

Because the assertion that "Vogts' photographs of properties contain numerous unauthorized uses of third-party copyrighted content, such as paintings, photographs and sculptures" is irrelevant, any argument, suggestion, or reference related thereto should be precluded.

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

It is well-established that testimony and/or argument from alleged infringers regarding copyrights not at issue is irrelevant. For example, in *Unicolors, Inc. v. Urb. Outfitters, Inc.*, No. CV1401029, 2015 WL 12758841, at *2 (C.D. Cal. Feb. 23, 2015), *aff'd*, 686 F. App'x 422 (9th Cir. 2017), the court granted plaintiff's motion in limine on that ground: since ownership of valid copyrights in the asserted works was established and not in dispute, any testimony or argument challenging the validity of plaintiff's asserted copyrights was "no longer relevant to the case." Similarly, in *Leegin Creative Leather Prod., Inc. v. Ayama Indus. Co., Ltd.*, No. CV0012708, 2008 WL 11339978, at *1–2 (C.D. Cal. Jan. 11, 2008), the court granted plaintiff's motion in limine to exclude "argument regarding copyrights that are not at issue in this litigation" and "argument regarding claims that Plaintiff is not the owner of the copyrights at issue and, in particular, claims that foreign manufacturers are the owners of the copyrights at issue." And in *West v. Perry*, No. 2:07CV200, 2008 WL 5071109, at *3 (E.D. Tex. Nov. 25, 2008), *aff'd*, 392 F. App'x 328 (5th Cir. 2010), the court held that "[t]his case is about copyright infringement only of West's *Fantasy of a Black Woman.* Thus, the registrations of other works will not be probative of any issue in this case . . . The motion in limine is thus granted."

Here, the PMC Defendants' assertion that "Vogts' photographs of properties contain numerous unauthorized uses of third-party copyrighted content, such as paintings, photographs and sculptures" is equally irrelevant.

First, the parties stipulated that Vogts owns valid copyrights in the Subject Photographs and that the PMC Defendants copied those Photographs. That means that the parties stipulated that Vogts' Subject Photographs are original, is the

author of those Photographs, and owns all copyrights therein (e.g., display, distribute, publicly perform, create derivative works of, etc.). *See* Model Civ. Jury Instr. No. 17.6 ("Copyright Infringement—Ownership of Valid Copyright—Definition (17 U.S.C. §§ 201-205)"). It also means that the only triable issue on liability is whether the PMC Defendants' concededly unauthorized uses of the Subject Photographs were fair. The PMC Defendants' assertion belies the parties' stipulation.

Second, Defendants' assertion is not relevant to their fair use defense. Defendants have suggested that this line of questioning relates to the second fair use factor, which is "the nature of the copyrighted work." *See* 17 U.S.C. § 107(2). But there is no authority suggesting that a copyright-protected work is entitled to less protection (or more prone to fair use by others) if it includes third-party copyrighted content. To the contrary, "[p]hotographs that are meant to be viewed by the public for informative and aesthetic purposes . . . are generally creative in nature." *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820 (9th Cir. 2003). The Subject Photographs show the depicted properties as they were, and thus are for precisely that purpose. And what is relevant to determining the nature of the copyrighted work is not whether it partially captures other works, but whether they were "aesthetically and creatively shot and edited by professional photographers." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 744 (9th Cir. 2019); *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149, 1161-62 (9th Cir. 2022).

Questioning and argument regarding third party content would be also unduly prejudicial and improper because there is no evidence supporting that assertion—and thus it would amount to little more than a trick by counsel designed to confuse and mislead the jury and put Vogts on the defensive by arguing, apropos to nothing, that Vogts purportedly did not fairly consider others' copyrights. But Defendants have presented no evidence in this case identifying any purported "third-party copyrighted content," whether such content is in fact "copyrighted" or

in the public domain, or whether such content was licensed (expressly or impliedly) for use in Vogts' Subject Photographs—*which he created after he was commissioned specifically to capture different aspects of the depicted properties as they were*. The PMC Defendants' counsel even acknowledged that, at most, anything depicted in the Subject Photographs was "*potentially* copyrighted," and that there was no indication or evidence one way or the other "about anything relating to copyright ownership," "any inquiries about potential copyrights" or "potential copyright ownership," "who *might* own the copyright," or "copyright status[.]" *See* Dkt. 53-29 at 102:11-13, 104:6-8, 104:23-25, 106:15-17, 107:13-15, 109:3-5 (emphasis added).

Based thereon, the PMC Defendants' assertion has no bearing on the only liability issue to be tried in this case because it does not tend to make any fact regarding fair use more or less probable. Therefore, because it is irrelevant under Fed. R. Evid. 402 and thus inadmissible, this Court should exclude all argument, questioning, testimony, or reference concerning the PMC Defendants' assertion that Vogts' Subject Photographs contain unauthorized uses of third-party copyrighted content.

**B. To the extent the PMC Defendants' assertion has any potential probative value (it does not), that value is so remote that it is substantially outweighed by the risk of unduly prejudicing Vogts, confusing and misleading the jury, and wasting this Court's time.**

Even if, assuming *arguendo*, the PMC Defendants' assertion that "Vogts' photographs of properties contain numerous unauthorized uses of third-party copyrighted content, such as paintings, photographs and sculptures" was relevant (it is not), any potential probative value of such an assertion is so remote that it is substantially outweighed by the danger of unfairly prejudicing Vogts, confusing and misleading the jury, resulting in a trial-within-the trial, and wasting time.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In other words, "[e]ven [if] evidence is relevant, the probative value as well as the harmful consequences that might flow from its admission must be assessed." *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1339 (9th Cir.), *opinion corrected*, 773 F.2d 1049 (9th Cir. 1985) (affirming trial court's exclusion of evidence that was collateral, confusing, and highly prejudicial).

The only reason the PMC Defendants would reference unidentified and unknown third-party "content" and their unidentified and unknown copyright, public domain, and/or ownership statuses is to unduly call into question the validity and propriety of Vogts' copyright ownership in the Subject Photographs—despite the parties' stipulation otherwise. Such a characterization would be highly prejudicial to Vogts and would only serve to distract from the adjudication of the merits of this case. *See, e.g.*, *Unicolors, Inc. v. Urb. Outfitters, Inc.*, No. CV1401029, 2015 WL 12758841, at *3 (C.D. Cal. Feb. 23, 2015), *aff'd*, 686 F. App'x 422 (9th Cir. 2017). The only issues are (1) whether the PMC Defendants' conceded unauthorized uses of the Subject Photographs were fair, and (2) if not, the damages (number of awards and amount) Vogts is entitled to (which is based in part on the PMC Defendants' willfulness, innocence, or neither). Such an assertion would force Vogts to address the (already-stipulated-to) validity of his copyrights in his Subject Photographs to avoid negative perception and counteract the PMC Defendants' attempt at biasing the jury against him. Doing so will result in the parties litigating trials-within-this-trial over matters that are not in dispute—all for no legitimate reason. This Court's time and resources should not be so wasted.

Because the danger of unduly prejudicing Vogts, confusing the issues, misleading the jury, and wasting time and resources substantially outweighs any

remote, potential probative value (if any), this Court should exclude any argument, questioning, testimony, or reference that Vogts' Subject Photographs contain unauthorized uses of third-party copyrighted content.

### III.  CONCLUSION

Vogts respectfully requests that this Court grant this Motion and prevent the PMC Defendants from introducing any argument, testimony, suggestion, or reference at trial that Vogts' Subject Photographs contain unauthorized uses of third-party copyrighted content.

Respectfully Submitted,

Dated: May 11, 2023        DONIGER / BURROUGHS

By:   /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
Attorneys for Plaintiff