Lincoln D. Bandlow (SBN: 170449)
Lincoln@BandlowLaw.com
Rom Bar-Nissim (SBN: 293356)
Rom@BandlowLaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.556.9680
Facsimile: 310.861.5550

Attorneys for Defendants
Penske Media Corporation
and Dirt.com, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10,<br><br>Defendants. | Case No.:  2:22-cv-01153-FWS-PVC<br><br>**THE PMC DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING PMC'S LICENSE AGREEMENTS AND LICENSING WITH THIRD PARTIES**<br><br>[Concurrently-filed with Notice of Motion; Declaration of Lincoln Bandlow; [Proposed] Order]<br><br>Assigned to: Hon. Fred W. Slaughter<br><br>Date: June 15, 2023<br>Time: 8:30 a.m.<br>Courtroom: 10D |

# **TABLE OF CONTENTS**

I.    INTRODUCTION……………………………………………...1

II.   STATEMENT OF FACTS ……...…………………………..….…….2

III.  EVIDENCE AND ARGUMENT REGARDING THE PMC
LICENSING AGREEMENTS ARE IRRELEVANT…………………3

    A. The PMC Licensing Agreements are Irrelevant to the Fourth
      Fair Use Factor……………………………………………...4

    B. The PMC Licensing Agreements are Irrelevant to Willful
      Infringement ……………………………………………….…5

IV.  EVEN IF SUCH EVIDENCE AND ARGUMENT IS RELEVANT
(WHICH IT IS NOT), ITS PROBATIVE VALUE IS
SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE,
CONFUSING THE ISSUES AND MISLEADING THE JURY……...6

V.   CONCLUSION ……………………………………………..7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Authors Guild v. HathiTrust*,
    755 F.3d 87 (2d Cir. 2014) ...................................................................... 4

*Bhatti v. Ulahannan*,
    414 Fed.Appx. 988 (9th Cir. 2011) ......................................................... 7

*Campbell v. Acuff-Rose Music, Inc.*,
    510 U.S. 569 (1994) ............................................................................ 4, 5

*Crawford v. City of Bakersfield*,
    944 F.3d 1070 (9th Cir. 2019) ................................................................. 3

*Davenport v. Board of Trustees of State Center Community College
    Dist.*,
    654 F.Supp.2d 1073 (E.D. Cal. 2009) .................................................... 3

*Erickson Productions, Inc. v. Kast*,
    921 F.3d 822 (9th Cir. 2019) ................................................................... 5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    921 F.3d 822 (9th Cir. 2019) ................................................................... 6

*Google, LLC v. Oracle America, Inc.*,
    141 S.Ct. 1183 (2021) ............................................................................. 4

*Luvdarts, LLC v. AT&T Mobility, LLC*,
    710 F.3d 1068 (9th Cir. 2013) ................................................................. 5

*McGucken v. Pub. Ocean Ltd.*,
    42 F.4th 1149 (9th Cir. 2022) ................................................................. 4

*National Fire Protection Association, Inc. v. UpCodes, Inc.*,
    2021 WL 4913276 (C.D. Cal. 2021) ....................................................... 4

*Old Chief v. U.S.*,
    519 U.S. 172 (1997) ................................................................................ 7

MPA ISO THE PMC DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND
ARGUMENT REGARDING PMC'S LICENSE AGREEMENTS AND LICENSING WITH THIRD PARTIES

*Seltzer v. Green Day, Inc.*,
    725 F.3d 1170 (9th Cir. 2013) ................................................................. 4

*Unicolors, Inc. v. Urban Outfitters, Inc*,
    853 F.3d 980 (9th Cir. 2017) ............................................................. 5, 6

*United States v. Curtin*,
    489 F.3d 935 (9th Cir. 2007) ................................................................. 3

*VHT, Inc. v. Zillow Group, Inc.*,
    918 F.3d 723 (9th Cir. 2019) ............................................................. 5, 6

**Statutes**

17 U.S.C. § 107 ................................................................................................. 3

**Court Rules**

Federal Rule of Civil Procedure 16 ................................................................. 3

Federal Rule of Evidence 401 ......................................................................... 3

Federal Rule of Evidence 402 ......................................................................... 3

Federal Rule of Evidence 403 ......................................................................... 6

**MEMORNDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Plaintiff Brandon Vogts ("Vogts") seeks to introduce evidence and argument concerning licensing agreement and licensing between defendants Penske Media Corporation and Dirt.com, LLC (collectively, the "PMC Defendants") and third-parties, such as Getty Images ("Getty"), the Associated Press ("AP"), and Shutterstock(collectively, "PMC Licensing Agreements"). Vogts seeks to introduce such evidence and argument to demonstrate: (1) that the fourth fair use factor weighs against fair use; and (2) that the PMC Defendants purportedly engaged in willful infringement for purposes of statutory damages.

The PMC Licensing Agreements are irrelevant to both the fourth fair use factor and willful infringement. The fourth fair use factor examines "the effect of the use upon the potential market for or value of" Vogts' photographs that are the subject of this lawsuit (the "Subject Photographs"). Willfulness examines whether the PMC Defendants had actual knowledge, willfully blind or reckless regarding their alleged infringement.

The PMC Licensing Agreements do not concern the Subject Photographs whatsoever. Rather, they are for the PMC Defendants to use different images, for different uses and purposes than the Subject Photographs. Therefore, the PMC Licensing Agreements have no relevance to whether the PMC Defendants' use of the Subject Photographs results in market harm to the Subject Photographs or their alleged willful infringement. Moreover, allowing Vogts to introduce evidence of other the PMC Licensing Agreements will not only prejudicially confuse the jury, but will result in several "mini-trials" about the merits of the PMC Defendants' use of different photographs for different uses and purposes.

Accordingly, the PMC Defendants seek an order precluding Vogts, his witnesses and his counsel from mentioning, referring to, arguing about or attempting to introduce evidence pertaining to the PMC Licensing Agreements.

## II.     STATEMENT OF FACTS

Vogts' complaint concerns the PMC Defendants' alleged infringement of Vogts' photographs (the "Subject Photographs"). *See generally* Dkt. No. 1. In light of the March 3, 2023 Joint Stipulation of Facts (Dkt. No. 42) and the May 9, 2023 conference of counsel, the parties agree that the only issues for trial are: (1) whether the PMC Defendants made a fair use of the Subject Photographs; and (2) if not, what is the number of statutory damages awards to which Vogts is entitled, whether the PMC Defendants' infringement was willful and the amount of statutory damages to be awarded. Declaration of Lincoln Bandlow ("LB Decl."), ¶ 2.

In his motion for partial summary judgment (the "MPSJ"), Vogts submitted evidence concerning PMC's Licensing Agreements to argue market harm under the fourth fair use factor. *See* Dkt. No. 44-44, ¶¶ 22-23, 47-50, 52; Dkt. No. 44, pp. 4:16-18, fn. 1, 6:1-4; 19:23-20:2; ; Dkt. No. 45; Dkt. No. 45-1; Dkt. No. 45-3; Dkt. No. 45-5; Dkt. No. 45-7. Vogts cited three agreements: (1) the July 19, 2022 announcement that PMC and Getty for PMC use of photograph's in Getty's collection; (2) the prior licensing agreement between PMC and the AP for PMC's use of photographs in the AP's collection; and (3) a licensing agreement between PMC and Shutterstock for Shutterstock to license PMC owned photographs. *See* Dkt. No. 44-44, ¶¶ 22-23, 47-50, 52; Dkt. No. 45; Dkt. No. 45-1; Dkt. No. 45-3; Dkt. No. 45-5; Dkt. No. 45-7. Specifically, Vogts cited the PMC Licensing Agreements to argue:

> given their own photography staff, archive of photos, and licensing practices [Citations to the Separate Statement and Vogts MPSJ]—and the fact that each of the posts at issue began with a 'header photo' consisting of a licensed photo of the individual discussed in the post superimposed over an unlicensed photo of the property discussed in the post [Citations to the Vogts MPSJ]—the PMC Defendant cannot genuinely argue [that] a market exists to republish Vogts' photos.

1  Dkt. No. 44, pp. 19:19-20:2 (emphasis omitted).

2       In response, the PMC Defendants Objected to the PMC Licensing

3  Agreements as irrelevant. Dkt. No. 53-3, Sections I-III and V; Dkt No. 53-4, ¶¶ 22-

4  23, 47-50, 52.

5       During the May 9, 2023, conference of counsel under Federal Rule of Civil

6  Procedure ("F.R.C.P.") Rule 16, counsel for the PMC Defendants discussed this

7  Motion. LB Decl., ¶ 4. Vogts' counsel refused to refrain from mentioning, referring

8  to, arguing about or attempting to introduce evidence or argument about the PMC

9  Licensing Agreements *Id.* Rather, Vogts' counsel stated that this information was

10  purportedly relevant to the fourth fair use factor and the issue of willful infringement

11  for purposes of statutory damages. *Id.*

12  **III.     EVIDENCE AND ARGUMENT REGARDING THE PMC LICENSING**

13  **AGREEMENTS ARE IRRELEVANT**

14       Pursuant to Federal Rule of Evidence ("F.R.E.") Rule 401, evidence "is

15  relevant if: (a) it has any tendency to make a fact more or less probable than it would

16  be without the evidence; and (b) the fact is of consequence in determining the

17  action." If the evidence is "irrelevant," it is "not admissible." F.R.E. Rule 402.

18       To decide "whether a fact is 'of consequence in determining the action," this

19  Court must consider "the substantive issues the case presents." *Crawford v. City of*

20  *Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019). Therefore, to be relevant, the

21  "evidence must be probative of a fact of consequence in the matter and must have

22  tendency to make existence of that fact more or less probable that it would have been

23  without the evidence." *Davenport v. Board of Trustees of State Center Community*

24  *College Dist.*, 654 F.Supp.2d 1073, 1085 (E.D. Cal. 2009) (*citing United States v.*

25  *Curtin*, 489 F.3d 935, 943-44 (9th Cir. 2007)).

26       As discussed in greater detail below, the PMC Licensing Agreement are of

27  no consequence to the fourth fair use factor or willful infringement for purposes of

28  statutory damages.

A.      **The PMC Licensing Agreement are Irrelevant to the Fourth Fair Use Factor**

The "fourth statutory factor focuses upon the 'effect' of the copying in the 'market for or value of the copyrighted work.'" *Google*, *LLC v. Oracle America, Inc.* 141 S.Ct. 1183, 1206 (2021) (*quoting* 17 U.S.C. § 107(4)). Market harm is "a matter of degree, and the importance of this factor will vary, not only with the amount of harm, but also with the relative strength of the showing on the other factors." *Campbell v. Acuff-Rose, Inc.*, 510 U.S. 569 591 fn. 21 (1994). Courts examine "(1) the extent of market harm caused by the particular actions of the infringer; and (2) whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in substantially adverse impact on the potential market for the original" *McGucken v. Pub. Ocean Ltd.*, 42 F.4th 1149, 1163 (9th Cir. 2022).

When the secondary use is transformative, "the allegedly infringing use does not substitute for the original" because it "serves a 'different market function'" and, therefore, "weighs in favor of fair use." *Id.* at 1164 (*quoting Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1179 (9th Cir. 2013); *Campbell*, 510 U.S. at 591). "The Factor Four analysis is concerned with ***only one type of economic injury*** to a copyright holder: the harm that results because ***the secondary use serves as a market substitute for the work***." *National Fire Protection Association, Inc. v. UpCodes, Inc.*, 2021 WL 4913276, *7 (C.D. Cal. Aug. 9, 2021) (emphasis added) (*quoting Authors Guild v. HathiTrust,* 755 F.3d 87, 99 (2d Cir. 2014)).

Here, the PMC Licensing Agreements are irrelevant they do not involve the Subject Photographs. Rather, the PMC Licensing Agreements concern different photographs for different uses than are at issue in this case. Further, PMC's agreement with Getty is irrelevant because PMC entered into the agreement on July 19, 2022 – *i.e.*, ***after*** the PMC Defendants used the Subject Photographs. *See* Dkt. No. 44-44, ¶¶ 55, 50, 63 (Subject Photographs were uploaded to Dirt.com on August 7, 2020, September 15, 2020 and March 10, 2020); Dkt. No. 45-1. Moreover, the

4

MPA ISO THE PMC DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING PMC'S LICENSE AGREEMENTS AND LICENSING WITH THIRD PARTIES

agreement between PMC and Shutterstock was for PMC owned photographs. Dkt.
No. 45-3. As the parties stipulated, Vogts – not PMC – owns the copyrights to the
Subject Photographs. Dkt. No. 42. Additionally, the PMC Defendants licensing of
photographs of celebrities from the AP for use in Dirt's articles is irrelevant to
market harm to the Subject Photographs – as they involved different subject matter
and their contents were not the subject of Dirt's critique. Finally, Vogts' emphasis on
the PMC Licensing Agreements is irrelevant because: "[i]f the use is otherwise fair,
then no permission need be sought or granted." *Campbell*, 510 U.S. at 586 fn. 18.

Accordingly, the Court should preclude Vogts from introducing evidence or
argument regarding the PMC Licensing Agreements because they are irrelevant to
the fourth fair use factor.

### B.    The PMC Licensing Agreements are Irrelevant to Willfulness

For purposes of statutory damages, willfulness requires: "(1) that the
infringing party was actually aware of the infringing activity, or (2) that the
infringing party's actions were the result of reckless disregard for, or willful
blindness to, the copyright holder's rights." *VHT, Inc. v. Zillow Group, Inc.*, 918
F.3d 723, 748 (9th Cir. 2019) (internal brackets omitted) (*quoting Unicolors, Inc. v.
Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017). For willful blindness,
Vogts must prove the PMC Defendants: "(1) subjectively believed that infringement
was likely occurring on their networks and they (2) took deliberate actions to avoid
learning about the infringement." *VHT I*, 918 F.3d at 748 (*quoting Luvdarts, LLC v.
AT&T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013)). For reckless disregard,
Vogts must prove the PMC Defendants "refus[ed], as a matter of policy, to even
investigate or attempt to determine whether particular photos are subject to copyright
protections." *VHT I*, 918 F.3d at 748 (*quoting Unicolors*, 853 F.3d at 992).

Critically, a "should have known" standard "does not fit within this
framework because it is a negligence standard." *Erickson Productions, Inc. v. Kast*,
921 F.3d 822, 833 (9th Cir. 2019). "Negligence is a less culpable mental state than

1  actual knowledge, willful blindness, or recklessness, the three mental states that

2  properly support a finding of willfulness." *Id.* (*citing Global-Tech Appliances, Inc. v.*

3  *SEB S.A.*, 563 U.S. 754, 770 (2011); *Unicolors*, 853 F.3d at 992).

4      Further, "'constructive knowledge' is distinct from, and less culpable than,

5  any of the mental states that support a finding of willfulness." *Erikson Productions*,

6  921 F.3d at 834. Additionally, a "had reason to know" standard is equally improper

7  because it "could be satisfied by a negligence finding" and "does not necessarily

8  mean" the defendant is "actually aware of, or willfully blind or reckless with respect

9  to" the infringement. *Id.* at 835.

10     Here, the PMC Licensing Agreements are of no consequence to determining

11 whether the PMC Defendants were "actually aware of the infringing activity" or that

12 their "actions were the result of reckless disregard for, or willful blindness to" Vogts'

13 copyrights. Rather, Vogts seeks to introduce evidence and argument about the PMC

14 Licensing Agreements to demonstrate that the PMC Defendants should have known

15 that the Subject Photographs were subject to copyright protection. *See VHT*, 918

16 F.3d at 749 (vacating the jury's finding of willful infringement because plaintiff's

17 argument that the defendant was "a sophisticated business with a robust legal team"

18 that "should have known that its feed provider license agreements were invalid is

19 unavailing.")

20     Accordingly, the Court should preclude Vogts from introducing evidence or

21 argument regarding the PMC Licensing Agreements because they are irrelevant to

22 determining willfulness.

23 **IV.   EVEN IF SUCH EVIDENCE AND ARGUMENT IS RELEVANT**

24 **(WHICH IT IS NOT), ITS PROBATIVE VALUE IS**

25 **SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE,**

26 **CONFUSING THE ISSUES AND MISLEADING THE JURY**

27     Pursuant to F.R.E. Rule 403, this Court "may exclude relevant evidence if its

28 probative value is substantially outweighed by a danger of one or more of the

6

MPA ISO THE PMC DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND
ARGUMENT REGARDING PMC'S LICENSE AGREEMENTS AND LICENSING WITH THIRD PARTIES

following: unfair prejudice, confusing the issues [and] misleading the jury." The term "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997) (*quoting* Advisory Committee's Notes on F.R.E. 403). Evidence that "would effectively require a mini-trial within a trial" is "likely to confuse the jury." *Bhatti v. Ulahannan*, 414 Fed.Appx. 988, 989 (9th Cir. 2011).

Here, even assuming the PMC Licensing Agreements have probative value to the determination of the fourth fair use factor or willful infringement, its probative value is low because the PMC Licensing Agreements involve different photographs for different uses. Introducing such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury as it would require conducting a mini-trial on whether different photographs used by the PMC Defendants could qualify as fair use instead of focusing on the issues presented in this case.

Accordingly, for these additional reasons, the Court should exclude evidence and argument relating to the PMC Licensing Agreements.

## V.   <u>CONCLUSION</u>

Therefore, for the reasons set forth above, the PMC Defendants respectfully request that this Court issue and order preventing Vogts, his witnesses and his counsel from mentioning, referring to, arguing about, or attempting to introduce evidence pertaining to the PMC Licensing Agreements.

Dated:  May 11, 2023                    **Law Offices of Lincoln Bandlow**

By _____
LINCOLN D. BANDLOW
ROM BAR-NISSIM
Attorneys for Defendants
Penske Media Corporation and
Dirt.com, LLC

MPA ISO THE PMC DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING PMC'S LICENSE AGREEMENTS AND LICENSING WITH THIRD PARTIES