1  Lincoln D. Bandlow (SBN: 170449)
   Lincoln@BandlowLaw.com
2  Rom Bar-Nissim (SBN: 293356)
   Rom@BandlowLaw.com
3  **Law Offices of Lincoln Bandlow, P.C.**
   1801 Century Park East, Suite 2400
4  Los Angeles, CA 90067
   Telephone: 310.556.9680
5  Facsimile: 310.861.5550

6  Attorneys for Defendants
   Penske Media Corporation
7  and Dirt.com, LLC

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  BRANDON VOGTS, an individual,        Case No.:  2:22-cv-01153-FWS-PVC

13                    Plaintiff,
                                         **THE PMC DEFENDANTS'**
14                                       **MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES IN SUPPORT OF**
15       v.                              **THEIR MOTION IN LIMINE TO**
                                         **EXCLUDE ALL EVIDENCE AND**
16  PENSKE MEDIA CORPORATION,            **ARGUMENT REGARDING**
    a Delaware Corporation; DIRT.COM,    **UNRELATED ARTICLES AND**
17  LLC, a Delaware Limited Liability    **SOCIAL MEDIA POSTS**
    Company; MOVE, INC., a Delaware
18  Corporation, d/b/a Realtor.com; and  [Concurrently-filed with Notice of
    DOES 1 through 10,                   Motion; Declaration of Lincoln
19                                       Bandlow; [Proposed] Order]
                      Defendants.
20                                       Assigned to: Hon. Fred W. Slaughter

21                                       Date: June 15, 2023
22                                       Time: 8:30 a.m.
23                                       Courtroom: 10D

24

25

26

27

28

# **<u>TABLE OF CONTENTS</u>**

I.    INTRODUCTION……………………………………………………...1

II.   STATEMENT OF FACTS ……...……………………………….…….1

III.  EVIDENCE AND ARGUMENT REGARDING THE UNRELATED
      ARTICLES AND SOCIAL MEDIA POSTS IS IRRELEVANT……...4

   A. The Unrelated Articles and Social Media Posts are Irrelevant to the
      Determination of Fair Use…………………………………………..4

   B. The Unrelated Articles and Social Media Posts are Irrelevant to the
      Determination of the Number of Statutory Damages Awards…...…..5

   C. The Unrelated Articles and Social Media Posts are Irrelevant to the
      Determination of Willful Infringement……………..…………...7

IV.  EVEN IF SUCH EVIDENCE AND ARGUMENT IS RELEVANT
      (WHICH IT IS NOT), ITS PROBATIVE VALUE IS
      SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE,
      CONFUSING THE ISSUES AND MISLEADING THE JURY……...8

V.   CONCLUSION …………………………………………………..9

1
2

# <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Cases**

5
6

*Bhatti v. Ulahannan,*
   414 Fed.Appx 988 (9th Cir. 2011) ........................................................ 8

7
8

*Campbell v. Acuff-Rose Music, Inc.,*
   510 U.S. 569 (1994) ............................................................................. 5

9
10

*Columbia Pictures Television, Inc. v. Krypton Broadcasting of
   Birmingham, Inc.,*
   259 F.3d 1186 (9th Cir. 2001) ............................................................. 6

11
12

*Crawford v. City of Bakersfield,*
   944 F.3d 1070 (9th Cir. 2019) ............................................................. 4

13
14
15

*Davenport v. Board of Trustees of State Center Community College
   Dist.,*
   654 F.Supp.2d 1073 (E.D. Cal. 2009) ................................................. 4

16

*Desire, LLC v. Manna Textiles, Inc.,*
   986 F.3d 1253 (9th Cir. 2021) ............................................................. 5

17
18

*Erickson Productions, Inc. v. Kast,*
   921 F.3d 822 (9th Cir. 2019) ............................................................... 7

19
20

*Global-Tech Appliances, Inc. v. SEB S.A.,*
   921 F.3d 822 (9th Cir. 2019) ............................................................... 7

21
22

*Google, LLC v. Oracle America, Inc.,*
   141 S.Ct. 1183 (2021) .......................................................................... 5

23
24

*Luvdarts, LLC v. AT&T Mobility, LLC,*
   710 F.3d 1068 (9th Cir. 2013) ............................................................. 7

25
26

*Old Chief v. U.S.,*
   519 U.S. 172 (1997) ............................................................................. 8

27
28

*Unicolors, Inc. v. Urban Outfitters, Inc,*
   853 F.3d 980 (9th Cir. 2017) ............................................................... 7

*United States v. Curtin*,
    489 F.3d 935 (9th Cir. 2007) ................................................................. 4

*VHT, Inc. v. Zillow Group, Inc.*,
    918 F.3d 723 (9th Cir. 2019) ............................................................ 6, 7

*Yellow Pages Photos, Inc. v. Ziplocal, LP*,
    795 F.3d 1255 (11th Cir. 2015) ............................................................ 6

**Statutes**

17 U.S.C. § 101 ........................................................................................ 6

17 U.S.C. § 107 ........................................................................................ 4

17 U.S.C. § 501(c) .................................................................................... 5

17 U.S.C. § 504(c)(1) ............................................................................... 6

**Court Rules**

Federal Rule of Civil Procedure 16 ......................................................... 3

Federal Rule of Evidence 401 .................................................................. 4

Federal Rule of Evidence 402 .................................................................. 4

Federal Rule of Evidence 403 .................................................................. 8

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     <u>INTRODUCTION</u>**

Plaintiff Brandon Vogts ("Vogts") seeks to introduce evidence and argument concerning articles and social media posts that are unrelated to the use by defendants Penske Media Corporation ("PMC") and Dirt.com, LLC ("Dirt") (collectively, the "PMC Defendants") of Vogts' photographs that are the subject of this copyright infringement action (the "Subject Photographs"). These articles and social media posts did not incorporate the Subject Photographs, the properties depicted in the Subject Photographs or the public figures that bought/sold those properties (collectively, the "Unrelated Articles and Social Media Posts"). As such, the Unrelated Articles and Social Media Posts are completely irrelevant to determining the issues of this case. Moreover, introducing the Unrelated Articles and Social Media Posts runs a substantial risk of prejudicially misleading and confusing the jury by focusing on the PMC Defendants' use of other photographs and conducting mini-trials as to whether those uses constituted fair use.

Accordingly, the PMC Defendants seek an order precluding Vogts, his witnesses and his counsel from mentioning, referring to, arguing about or attempting to introduce evidence pertaining to the Unrelated Articles and Social Media Posts.

**II.     <u>STATEMENT OF FACTS</u>**

Vogts' complaint concerns the PMC Defendants' alleged infringement of Vogts' photographs (the "Subject Photographs"). *See generally* Dkt. No. 1. In light of the March 3, 2023 Joint Stipulation of Facts (Dkt. No. 42) and the May 9, 2023 conference of counsel, the parties agree that the only issues for trial are: (1) whether the PMC Defendants made a fair use of the Subject Photographs; and (2) if not, what is the number of statutory damages awards to which Vogts is entitled, whether the PMC Defendants' infringement was willful and the amount of statutory damages to be awarded. Declaration of Lincoln Bandlow ("LB Decl."), ¶ 2.

During discovery in this case, Vogts produced some of the Unrelated Articles

1

and Social Media Posts – none of which involved the Subject Photographs. LB Decl., ¶ 3, Exs. A-B. Those documents are as follows:

1.      A printout of Dirt's Twitter account from January 9, 2023, that contained posts from January 6, 2023 through January 9, 2023 and a pinned post from August 27, 2022, numbered VOGTS883-885 (the "Dirt Twitter Account Printout"). LB Decl., ¶ 3, Ex. A.

2.      A printout of Dirt's Facebook page from January 9, 2023 that contained posts from January 7, 2023 through January 9, 2023, numbered VOGTS886-895 (the "Dirt Facebook Page Printout"). LB Decl., ¶ 3, Ex. B.

During the January 26, 2023 deposition of Dirt's employee, James McClain, Vogts introduced additional Unrelated Articles and Social Media Posts – none of which involved the Subject Photographs – and Mr. McClain was questioned about them. LB Decl., ¶ 4, Exs. C-G. Those documents are as follows:

1.      A January 22, 2023 article from Dirt's website entitled: "Ram's Matthew Stafford Buys Hidden Hills Vineyard Estate," designated as Exhibit 20. LB Decl., ¶ 4, Ex. C.

2.      A January 5, 2023 article that was originally posted on Dirt's website and subsequently posted on another PMC publication's website (*i.e.*, *The Hollywood Reporter*) entitled: "Adele Gets a 'Steal' on Sylvester Stallone's Beverly Park Mansion," designated as Exhibit 21. LB Decl., ¶ 4, Ex. D.

3.      A February 26, 2021 article from Dirt's website entitled: "'Stuck With U' Songwriter Freddy Wexler Tunes Into $12.8 Million Beverly Hills Tudor," designated as Exhibit 31. LB Decl., ¶ 4, Ex. E.

4.      A March 5, 2021 article from Dirt's website entitled: "'The Talk' Host Elaine Welteroth Buys Striking Hollywood Villa," designated as Exhibit 32. LB Decl., ¶ 4, Ex. F.

5.      A March 8, 2021 article from Dirt's website entitled: "Melissa Rivers Gets $15.5 Million for Martyn Lawrence Bullard-Designated Santa Monica Estate,"

designated as Exhibit 33. LB Decl., ¶ 4, Ex. G.

During the February 7, 2023 deposition of Dirt's employee, Mark David Voss, Vogts introduced additional Unrelated Articles and Social Media Posts – none of which involved the Subject Photographs – and Mr. Voss was questioned about them. LB Decl., ¶ 5, Exs. H-I. Those documents are as follows:

1.    The Dirt Twitter Account Printout, designated as Exhibit 45. LB Decl., ¶ 5, Ex. H.

2.    The Dirt Facebook Page Printout, designated as Exhibit 46. LB Decl., ¶ 5, Ex. I.

The articles and social media posts by the PMC Defendants that used the Subject Photographs concerned properties that were bought or sold by: (1) Darby Stanchfield and Joseph Gallegos; (2) Chris O'Dowd and Dawn O'Porter; and (3) Zak Williams. LB Decl., ¶ 6. None of the Unrelated Articles and Social Media Posts contain the Subject Photographs. *Id.* None of the Unrelated Articles and Social Media Posts were hyperlinked in the articles and social media posts that contained the Subject Photographs or concerned the buyers/sellers of the properties depicted in the Subject Photographs. *Id.* Vogts did not submit the Unrelated Articles and Social Media Posts in connection with: (1) his Motion for Partial Summary Judgment (Dkt. No. 44); or (2) his opposition to the PMC Defendants' Motion for Partial Summary Judgment (Dkt. No. 57). LB Decl., ¶ 6.

During the May 9, 2023, conference of counsel under Federal Rule of Civil Procedure ("F.R.C.P.") Rule 16, counsel for the PMC Defendants discussed this Motion. LB Decl., ¶ 7. During the conference, Vogts' counsel requested that counsel for the PMC Defendants identify the Unrelated Articles and Social Media Posts. *Id.* In a subsequent email, the PMC Defendants' counsel identified the Unrelated Articles and Social Media Posts. *Id.*, Ex. J. Vogts counsel responded by refusing to refrain from mentioning, referring to, arguing about or attempting to introduce evidence or argument about the Unrelated Articles and Social Media Posts, but did

1   not provide an explanation as to why. *Id.*

2   **III.   EVIDENCE AND ARGUMENT REGARDING THE UNRELATED**

3   **ARTICLES AND SOCIAL MEDIA POSTS IS IRRELEVANT**

4   Pursuant to Federal Rule of Evidence ("F.R.E.") Rule 401, evidence "is

5   relevant if: (a) it has any tendency to make a fact more or less probable than it would

6   be without the evidence; and (b) the fact is of consequence in determining the

7   action." If the evidence is "irrelevant," it is "not admissible." F.R.E. Rule 402.

8   To decide "whether a fact is 'of consequence in determining the action,'" this

9   Court must consider "the substantive issues the case presents." *Crawford v. City of*

10  *Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019). Therefore, to be relevant, the

11  "evidence must be probative of a fact of consequence in the matter and must have

12  tendency to make existence of that fact more or less probable that it would have been

13  without the evidence." *Davenport v. Board of Trustees of State Center Community*

14  *College Dist.*, 654 F.Supp.2d 1073, 1085 (E.D. Cal. 2009) (*citing United States v.*

15  *Curtin*, 489 F.3d 935, 943-44 (9th Cir. 2007)).

16  **A.   The Unrelated Articles and Social Media Posts are Irrelevant to**

17  **the Determination of Fair Use**

18  Under Section 107 of the Copyright Act, "the fair use of a copyrighted work

19  … for purposes such as … criticism, comment [and] news reporting … is not an

20  infringement of copyright." 17 U.S.C. § 107. The statute contains four non-exclusive

21  factors that courts consider when analyzing fair use:

22  (1) the purpose and character of the use, including whether such use is
23  of a commercial nature or is for nonprofit educational purposes;

24  (2) the nature of the copyrighted work

25  (3) the amount and substantiality of the portion used in relation to the
    copyrighted work as a whole; and

26  (4) the effect of the use upon the potential market for or value of the
27  copyrighted works.

28  17 U.S.C. § 107.

These factors are "not exhaustive" and "set forth general principles, the application of which requires judicial balancing, depending on the circumstances" that "vary depending on ***context***." *Google*, *LLC v. Oracle America, Inc.*, 141 S.Ct. 1183, 1197 (2021) (emphasis added) (*citing Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994)). Fair use is "***not to be simplified with bright-line rules***, for the statute, like the doctrine it recognizes, calls for ***case-by-case analysis***." *Campbell*, 510 U.S. at 577 (emphasis added).

The Unrelated Articles and Social Media Posts are completely irrelevant to the fair use analysis or any of the fair use factors because they do not involve the Subject Photographs whatsoever. Consequently, the Unrelated Articles and Social Media Posts are of no consequence to whether: (1) the purpose and character of the PMC Defendants' use of the Subject Photographs; (2) the nature of the Subject Photographs; (3) the amount and substantiality of the portion the PMC Defendants used of the Subject Photographs; and (4) the effect of the PMC Defendants' use of the Subject Photographs upon the potential market for or value of the Subject Photographs.

Accordingly, Vogts should be precluded from introducing evidence and argument of the Unrelated Articles and Social Media Posts because they are completely irrelevant to the determination of fair use.

**B.** **<u>The Unrelated Articles and Social Media Posts are</u>** **<u>Irrelevant to the Determination of the Number of Statutory</u>** **<u>Damages Awards</u>**

"Section 504(c)(1) permits an owner to recover 'an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally.'" *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1264 (9th Cir. 2021) (*quoting* 17 U.S.C. § 501(c)). "For purposes of statutory damages, '***all the parts of a compilation … constitute one work.***'" *VHT*,

*Inc. v. Zillow Group, Inc.*, 918 F.3d 723, 747 (9th Cir. 2019) (emphasis added) (*quoting* 17 U.S.C. § 504(c)(1)). The Copyright Act defines a "compilation" as: "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."[1] *VHT*, 918 F.3d at 747 (*quoting* 17 U.S.C. § 101).

For purposes of statutory damages, "[u]ltimately, what counts is the statutory definition" of a compilation. *VHT*, 918 F.3d at 748. While courts may consider whether a work (or works) within a compilation have "independent economic value," it is "not a dispositive factor" because it "does not answer the question [of] whether something is a compilation." *Id.* at 747 (*citing Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1193 (9th Cir. 2001)). The "registration label" of the copyright registration "is not controlling," but "may be considered by the court when assessing whether a work is a compilation." *VHT*, 918 F.3d at 748 (*citing Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1277 (11th Cir. 2015) ("Although the manner of copyright registration is not dispositive of the works issue, this Court has previously considered it to be at least a relevant factor.")).

Here, the Unrelated Articles and Social Media Posts are completely irrelevant to the determination of whether the Subject Photographs constitute three compilations for purposes of statutory damages because they have no bearing on: (1) how Vogts' selected, coordinated or arranged the Subject Photographs; (2) whether the Subject Photographs have independent economic value; or (3) the manner in which the Subject Photographs were registered with the Copyright Office.

---

[1] Under the Copyright Act, the "term 'compilation' includes collective works." 17 U.S.C. § 101 (definition of "compilation"). The Copyright Act defines a "collective work" as one "in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." *Id.* (definition of "collective work).

Accordingly, Vogts should be precluded from introducing evidence and argument of the Unrelated Articles and Social Media Posts because they are completely irrelevant to the determination of the number of statutory damages awards to which Vogts may be entitled.

## C.   The Unrelated Articles and Social Media Posts are Irrelevant to the Determination of Willful Infringement

For purposes of statutory damages, willfulness requires: "(1) that the infringing party was actually aware of the infringing activity, or (2) that the infringing party's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *VHT*, 918 F.3d at 748 (internal brackets omitted) (*quoting Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017). For willful blindness, Vogts must prove the PMC Defendants: "(1) subjectively believed that infringement was likely occurring on their networks and they (2) took deliberate actions to avoid learning about the infringement." *VHT I*, 918 F.3d at 748 (*quoting Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013)). For reckless disregard, Vogts must prove the PMC Defendants "refus[ed], as a matter of policy, to even investigate or attempt to determine whether particular photos are subject to copyright protections." *VHT*, 918 F.3d at 748 (*quoting Unicolors*, 853 F.3d at 992).

Critically, a "should have known" standard "does not fit within this framework because it is a negligence standard." *Erickson Productions, Inc. v. Kast*, 921 F.3d 822, 833 (9th Cir. 2019). "Negligence is a less culpable mental state than actual knowledge, willful blindness, or recklessness, the three mental states that properly support a finding of willfulness." *Id.* (*citing Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770 (2011); *Unicolors*, 853 F.3d at 992).

Further, "'constructive knowledge' is distinct from, and less culpable than, any of the mental states that support a finding of willfulness." *Erikson Productions*, 921 F.3d at 834. Additionally, a "had reason to know" standard is equally improper

because it "could be satisfied by a negligence finding" and "does not necessarily mean" the defendant is "actually aware of, or willfully blind or reckless with respect to" the infringement. *Id.* at 835.

Here, the Unrelated Articles and Social Media Posts are complete irrelevant to the determination of willful infringement because they have no bearing on: (1) whether the PMC Defendants was actually aware they were allegedly infringing the Subject Photographs; (2) whether the PMC Defendants subjectively believed that infringing activity was occurring on its network and took deliberate actions to avoid learning about it; or (3) whether the PMC Defendants refused, as a matter of policy, to even investigate or attempt to determine whether the Subject Photographs are subject to copyright protection.

## IV. EVEN IF SUCH EVIDENCE AND ARGUMENT IS RELEVANT (WHICH IT IS NOT), ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE, CONFUSING THE ISSUES AND MISLEADING THE JURY

Pursuant to F.R.E. Rule 403, this Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues [and] misleading the jury." The term "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997) (*quoting* Advisory Committee's Notes on F.R.E. 403). Evidence that "would effectively require a mini-trial within a trial" is "likely to confuse the jury." *Bhatti v. Ulahannan*, 414 Fed.Appx. 988, 989 (9th Cir. 2011).

Here, even assuming the Unrelated Articles and Social Media Posts have probative value to the determination of the fourth fair use factor, its probative value is low for the reasons stated above. Introducing such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury as it would require conducting a mini-trial on whether the use of the

8

MPA ISO THE PMC DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING UNRELATED ARTICLES AND SOCIAL MEDIA POSTS

1  photographs contained in the Unrelated Articles and Social Media Posts were a fair
2  use, compilations for purposes of statutory damages and/or constituted willful
3  infringement. This is exacerbated by the fact that the PMC Defendants rightfully
4  only conducted discovery regarding whether they made a fair use of the Subject
5  Photographs and not on the issue of fair use as to various other photographs not at
6  issue in this case.  Thus, there is an incomplete record about those unrelated uses.

7          Accordingly, for these additional reasons, the Court should exclude evidence
8  and argument relating to the Unrelated Articles and Social Media Posts.

9  **V.    CONCLUSION**

10         Therefore, for the reasons set forth above, the PMC Defendants respectfully
11  request that this Court issue an order preventing Vogts, his witnesses and his counsel
12  from mentioning, referring to, arguing about or attempting to introduce evidence
13  pertaining to the Unrelated Articles and Social Media Posts.

14  Dated:  May 11, 2023                              **Law Offices of Lincoln Bandlow**

16                                          By _____
17                                             LINCOLN D. BANDLOW
                                                ROM BAR-NISSIM
18                                             Attorneys for Defendants
                                                Penske Media Corporation and
19                                             Dirt.com, LLC

20

21

22

23

24

25

26

27

28