Lincoln D. Bandlow (SBN: 170449)
Lincoln@BandlowLaw.com
Rom Bar-Nissim (SBN: 293356)
Rom@BandlowLaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.556.9680
Facsimile: 310.861.5550

Attorneys for Defendants
Penske Media Corporation
and Dirt.com, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10,<br><br>        Defendants. | Case No.: 2:22-cv-01153-FWS-PVC<br><br>**DECLARATION OF LINCOLN BANDLOW IN SUPPORT OF THE PMC DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING UNRELATED ARTICLES AND SOCIAL MEDIA POSTS**<br><br>[Concurrently-filed with Notice of Motion; Memorandum of Points and Authorities; [Proposed] Order]<br><br>Assigned to: Hon. Fred W. Slaughter<br><br>Date: June 15, 2023<br>Time: 8:30 a.m.<br>Courtroom: 10D |

# DECLARATION OF LINCOLN BANDLOW

I, Lincoln Bandlow, do hereby state and declare as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am the founder of the Law Offices of Lincoln Bandlow, P.C. and attorney of record for defendants Penske Media Corporation ("PMC") and Dirt.com, LLC ("Dirt") (collectively, the "PMC Defendants") in the above referenced action. I have personal knowledge of the facts contained in this declaration and, if called and sworn as a witness, I could and would competently testify thereto. I make this declaration in support of the PMC Defendants' Motion In Limine to Exclude All Evidence and Argument Regarding Unrelated Articles and Social Media Posts (the "Motion").

2. The complaint of plaintiff Brandon Vogts ("Vogts") concerns the PMC Defendants' alleged infringement of Vogts' photographs (the "Subject Photographs). In light of the March 3, 2023 Joint Stipulation of Facts and the May 9, 2023 conference of counsel, the parties agree that the only issues for trial are: (1) whether the PMC Defendants made a fair use of the Subject Photographs; and (2) if not, what is the number of statutory damages awards to which Vogts is entitled, whether the PMC Defendants' infringement was willful and the amount of statutory damages to be awarded.

3. During discovery in this case, Vogts produced various articles and social media posts that did not contain the Subject Photographs or were not hyperlinked in articles or social media posts containing the Subject Photographs (collectively, the "Unrelated Articles and Social Media Posts"). Those documents are as follows:

   a. A printout of Dirt's Twitter account from January 9, 2023, that contained posts from January 6, 2023 through January 9, 2023 and a pinned post from August 27, 2022, numbered VOGTS883-885 (the "Dirt Twitter Account Printout") – a true and correct copy of which is attached hereto and incorporated

1  herein as **Exhibit A**.

2        b.    A printout of Dirt's Facebook page from January 9, 2023 that
3  contained posts from January 7, 2023 through January 9, 2023, numbered
4  VOGTS886-895 (the "Dirt Facebook Page Printout") – a true and correct copy of
5  which is attached hereto and incorporated herein as **Exhibit B**.

6      4.    During the January 26, 2023 deposition of Dirt's employee, James
7  McClain, Vogts introduced additional Unrelated Articles and Social Media Posts –
8  none of which involved the Subject Photographs – and Mr. McClain was questioned
9  about them. Those documents are as follows:

10        a.    A January 22, 2023 article from Dirt's website entitled: "Ram's
11  Matthew Stafford Buys Hidden Hills Vineyard Estate," designated as Exhibit 21 – a
12  true and correct copy of which is attached hereto and incorporated herein as **Exhibit**
13  **C**.

14        b.    A January 5, 2023 article that was originally posted on Dirt's w
15  ebsite and subsequently posted on another PMC publication's website (*i.e.*, *The Holl*
16  *ywood Reporter*) entitled: "Adele Gets a 'Steal' on Sylvester Stallone's Beverly
17  Park Mansion," designated as Exhibit 22 – a true and correct copy of which is
18  attached hereto and incorporated herein as **Exhibit D**.

19        c.    A February 26, 2021 article from Dirt's website entitled:
20  "'Stuck With U' Songwriter Freddy Wexler Tunes Into $12.8 Million Beverly Hills
21  Tudor," designated as Exhibit 31 – a true and correct copy of which is attached
22  hereto and incorporated herein as **Exhibit E**.

23        d.    A March 5, 2021 article from Dirt's website entitled: "'The
24  Talk' Host Elaine Welteroth Buys Striking Hollywood Villa," designated as Exhibit
25  32 – a true and correct copy of which is attached hereto and incorporated herein as
26  **Exhibit F**.

27        e.    A March 8, 2021 article from Dirt's website entitled: "Melissa
28  Rivers Gets $15.5 Million for Martyn Lawrence Bullard-Designated Santa Monica

Estate," designated as Exhibit 33 – a true and correct copy of which is attached hereto and incorporated herein as **Exhibit G**.

5. During the February 7, 2023 deposition of Dirt's employee, Mark David Voss, Vogts introduced additional Unrelated Articles and Social Media Posts – none of which involved the Subject Photographs – and Mr. Voss was questioned about them. Those documents are as follows:

   a. The Dirt Twitter Account Printout, designated as Exhibit 45 – a true and correct copy of which is attached hereto and incorporated herein as **Exhibit H**.

   b. The Dirt Facebook Page Printout, designated as Exhibit 46 – a true and correct copy of which is attached hereto and incorporated herein as **Exhibit I**.

6. The articles and social media posts by the PMC Defendants that used the Subject Photographs concerned properties that were bought or sold by: (1) Darby Stanchfield and Joseph Gallegos; (2) Chris O'Dowd and Dawn O'Porter; and (3) Zak Williams. None of the Unrelated Articles and Social Media Posts contain the Subject Photographs. None of the Unrelated Articles and Social Media Posts were hyperlinked in the articles and social media posts that contained the Subject Photographs or concerned the buyers/sellers of the properties depicted in the Subject Photographs. Vogts did not submit the Unrelated Articles and Social Media Posts in connection with: (1) his Motion for Partial Summary Judgment (Dkt. No. 44); or (2) his opposition to the PMC Defendants' Motion for Partial Summary Judgment (Dkt. No. 57).

7. During the May 9, 2023, conference of counsel under Federal Rule of Civil Procedure ("F.R.C.P.") Rule 16, counsel for the PMC Defendants discussed this Motion. LB Decl., ¶ 7. During the conference, Vogts' counsel requested that counsel for the PMC Defendants identify the Unrelated Articles and Social Media Posts. In a subsequent email, the PMC Defendants' counsel identified the Unrelated

Articles and Social Media Posts – a true and correct copy of which is attached hereto and incorporated herein as **Exhibit J**. Vogts counsel responded by refusing to refrain from mentioning, referring to, arguing about or attempting to introduce evidence or argument about the Unrelated Articles and Social Media Posts, but did not provide an explanation as to why.

   I declare under penalty of perjury that the contents of this declaration are true and correct. Executed this 11th day of May 2023 in Encino, California.

                        Lincoln Bandlow