| | |
|---|---|
| 1 | Lincoln D. Bandlow (SBN: 170449) |
| | Lincoln@BandlowLaw.com |
| 2 | Rom Bar-Nissim (SBN: 293356) |
| | Rom@BandlowLaw.com |
| 3 | **Law Offices of Lincoln Bandlow, P.C.** |
| | 1801 Century Park East, Suite 2400 |
| 4 | Los Angeles, CA 90067 |
| | Telephone: 310.556.9680 |
| 5 | Facsimile: 310.861.5550 |
| 6 | Attorneys for Defendants |
| | Penske Media Corporation |
| 7 | and Dirt.com, LLC |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON VOGTS, an individual, | Case No.: 2:22-cv-01153-FWS-PVC |
| Plaintiff, | **THE PMC DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING THE UNRELATED PMC LITIGATION** |
| v. | |
| PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10, | |
| Defendants. | [Concurrently-filed with Notice of Motion; Declaration of Lincoln Bandlow; [Proposed] Order] |
| | Assigned to: Hon. Fred W. Slaughter |
| | Date: June 15, 2023 |
| | Time: 8:30 a.m. |
| | Courtroom: 10D |

# TABLE OF CONTENTS

I. INTRODUCTION……………………………………………………..1

II. STATEMENT OF FACTS ……...……………………………….…….1

III. EVIDENCE AND ARGUMENT REGARDING UNRELATED PMC LITIGATION IS IRRELEVANT……………………………...………4

IV. EVEN IF SUCH EVIDENCE AND ARGUMENT IS RELEVANT (WHICH IT IS NOT), ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE, CONFUSING THE ISSUES AND MISLEADING THE JURY……...6

V. CONCLUSION ………………………………………………………..7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bhatti v. Ulahannan*,
  414 Fed.Appx. 988 (9th Cir. 2011) .................................................................................. 6

*Crawford v. City of Bakersfield*,
  944 F.3d 1070 (9th Cir. 2019) ........................................................................................ 4

*Davenport v. Board of Trustees of State Center Community College Dist.*,
  654 F.Supp.2d 1073 (E.D. Cal. 2009) ............................................................................ 4

*Erickson Productions, Inc. v. Kast*,
  921 F.3d 822 (9th Cir. 2019) .......................................................................................... 5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  921 F.3d 822 (9th Cir. 2019) .......................................................................................... 5

*Luvdarts, LLC v. AT&T Mobility, LLC*,
  710 F.3d 1068 (9th Cir. 2013) ........................................................................................ 4

*Old Chief v. U.S.*,
  519 U.S. 172 (1997) ....................................................................................................... 6

*Unicolors, Inc. v. Urban Outfitters, Inc*,
  853 F.3d 980 (9th Cir. 2017) ..................................................................................... 4, 5

*Unicolors, Inc. v. Urban Outfitters, Inc*,
  686 Fed.Appx. 422 (9th Cir. 2017) ................................................................................ 6

*United States v. Curtin*,
  489 F.3d 935 (9th Cir. 2007) .......................................................................................... 4

*VHT, Inc. v. Zillow Group, Inc.*,
  918 F.3d 723 (9th Cir. 2019) ..................................................................................... 4, 5

MPA ISO THE PMC DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING THE UNRELATED PMC LITIGATION

**Court Rules**

Federal Rule of Civil Procedure 16 ............................................................................... 3

Federal Rule of Evidence 401 ..................................................................................... 4

Federal Rule of Evidence 402 ..................................................................................... 4

Federal Rule of Evidence 403 ..................................................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Brandon Vogts ("Vogts") seeks to introduce evidence and argument of unrelated copyright litigation involving defendant Penske Media Corporation ("PMC"). Vogts seeks to introduce such evidence and argument to demonstrate that PMC and defendant Dirt.com, LLC (collectively, the "PMC Defendants") purportedly engaged in willful infringement for purposes of statutory damages. Vogts seeks to introduce such evidence and argument by claiming such litigation demonstrates the PMC Defendants were actually aware that their use of Vogts' photographs constituted copyright infringement.

PMC's prior copyright litigation does not demonstrate that the PMC Defendants' use of Vogts' photographs constituted willful copyright infringement for purposes of statutory damages. As the Ninth Circuit recently held, legal standards such as "should have known," "constructive knowledge," or "had reason to know" are insufficient for willful infringement and grounds for reversing a jury verdict. Moreover, allowing Vogts to introduce evidence of other lawsuits will not only prejudicially confuse the jury, but will result in several "mini-trials" about the merits of entirely unrelated litigation.

Accordingly, the PMC Defendants seek an order precluding Vogts, his witnesses and his counsel from mentioning, referring to, arguing about or attempting to introduce evidence pertaining to PMC's unrelated prior copyright litigation.

## II. STATEMENT OF FACTS

Vogts' complaint concerns the PMC Defendants' alleged infringement of Vogts' photographs (the "Subject Photographs"). *See generally* Dkt. No. 1. In light of the March 3, 2023 Joint Stipulation of Facts (Dkt. No. 42) and the May 9, 2023 conference of counsel, the parties agree that the only issues for trial are: (1) whether the PMC Defendants made a fair use of the Subject Photographs; and (2) if not, what is the number of statutory damages awards to which Vogts is entitled, whether the

1

MPA ISO THE PMC DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING THE UNRELATED PMC LITIGATION

PMC Defendants' infringement was willful and the amount of statutory damages to be awarded. Declaration of Lincoln Bandlow ("LB Decl."), ¶ 2.

During discovery in this case, Vogts produced various court documents concerning PMC's prior litigation. LB Decl., ¶ 3, Exs. A-K. Those documents are as follows:

1. PMC's September 11, 2020 [Proposed Partially Sealed] 98-page Amended Complaint in the matter entitled *Penske Media Corporation v. Shutterstock, Inc.* (Case No. 1:20-cv-04583-MKV-VF) (the "*Shutterstock Action*") that was commenced in the United States District Court for the Southern District of New York, labeled VOGTS528-625. LB Decl., ¶ 3, Ex. A.

2. PMC's November 6, 2020 31-page Memorandum of Law in Opposition to Defendant Shutterstock, Inc's Motion to Dismiss the Second, Third, and Fourth Claims for Relief in the Amended Complaint filed in the Shutter Stock Action, labeled VOGTS626-656. LB Decl., ¶ 3, Ex. B.

3. A 6-page printout from PACER Case Locator of all actions involving PMC, labeled VOGTS657-662. LB Decl., ¶ 3, Ex. C.

4. PMC's September 14, 2011 48-page Complaint for Copyright Infringement in the matter entitled *Penske Media Corporation v. Prometheus Global Media, LLC* (Case No. 2:11-cv-07650-FMO-MRW) (the "*Prometheus Action*") that was commenced in the United States District Court for the Central District of California, labeled VOGTS663-710. LB Decl., ¶ 3, Ex. D.

5. The September 14, 2011 Notice of Assignment to United States Magistrate Judge for Discovery in the Prometheus Action, labeled VOGTS711. LB Decl., ¶ 3, Ex. E.

6. PMC's 9-page September 2, 2015 Complaint for: (1) Declaratory Judgment [28 U.S.C. § 2201] (2) Violation of California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.* in the matter entitled *Penske Media Corporation et al. v. Freeplay Music, LLC* (Case No. 2:15-cv-06822-AJW) (the

"*Freeplay Action*") that was commenced in the United States District Court for the Central District of California, labeled VOGTS000712-720. LB Decl., ¶ 3, Ex. F.

7.  PMC's 17-page December 21, 2015 First Amended Complaint For: (1) Declaratory Judgment [28 U.S.C. § 2201] and (2) Violation of California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.* in the Freeplay Action, labeled VOGTS721-737. LB Decl., ¶ 3, Ex. G.

8.  Freeplay Music's 24-page January 21, 2016 Notice of Motion and Motion to Dismiss Plaintiffs' Amended Complaint; Memorandum of Points and Authorities in Support Thereof – including its supporting declarations – in the Freeplay Action, labeled VOGTS738-774. LB Decl., ¶ 3, Ex. H.

9.  PMC's 46-page February 8, 2016 Opposition to Defendant's Motion to Dismiss in the Freeplay Action, labeled VOGTS000775-807. LB Decl., ¶ 3, Ex. I.

10. Freeplay Music's 31-page February 15, 2016 Reply Memorandum in Support of Its Motion to Dismiss Amended Complaint – including its supporting declaration – in the Freeplay Action, labeled VOGTS808-838. LB Decl., ¶ 3, Ex. J.

11. The April 14, 2016 Order Regarding Defendant's Motion to Dismiss Plaintiff's First Amended Complaint in the Freeplay Action, labeled VOGTS839-40. LB Decl., ¶ 3, Ex. K.

During the May 9, 2023, conference of counsel under Federal Rule of Civil Procedure ("F.R.C.P.") Rule 16, counsel for the PMC Defendants discussed this Motion. LB Decl., ¶ 4. Vogts' counsel refused to refrain from mentioning, referring to, arguing about or attempting to introduce the aforementioned documents in particular and PMC's litigation against third parties in general (collectively, the "Unrelated PMC Litigation"). *Id.* Rather, Vogts' counsel stated that this information was purportedly relevant to the issue of willful infringement for purposes of statutory damages. *Id.* The Court should exclude this irrelevant information about wholly unrelated litigation.

## III. EVIDENCE AND ARGUMENT REGARDING UNRELATED PMC LITIGATION IS IRRELEVANT

Pursuant to Federal Rule of Evidence ("F.R.E.") Rule 401, evidence "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." If the evidence is "irrelevant," it is "not admissible." F.R.E. Rule 402.

To decide "whether a fact is 'of consequence in determining the action," this Court must consider "the substantive issues the case presents." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019). Therefore, to be relevant, the "evidence must be probative of a fact of consequence in the matter and must have tendency to make existence of that fact more or less probable that it would have been without the evidence." *Davenport v. Board of Trustees of State Center Community College Dist.*, 654 F.Supp.2d 1073, 1085 (E.D. Cal. 2009) (*citing United States v. Curtin*, 489 F.3d 935, 943-44 (9th Cir. 2007)).

For purposes of statutory damages, willfulness requires: "(1) that the infringing party was actually aware of the infringing activity, or (2) that the infringing party's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723, 748 (9th Cir. 2019) (internal brackets omitted) (*quoting Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017). For willful blindness, Vogts must prove the PMC Defendants: "(1) subjectively believed that infringement was likely occurring on their networks and they (2) took deliberate actions to avoid learning about the infringement." *VHT I*, 918 F.3d at 748 (*quoting Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013)). For reckless disregard, Vogts must prove the PMC Defendants "refus[ed], as a matter of policy, to even investigate or attempt to determine whether particular photos are subject to copyright protections." *VHT I*, 918 F.3d at 748 (*quoting Unicolors*, 853 F.3d at 992).

Critically, a "should have known" standard "does not fit within this

framework because it is a negligence standard." *Erickson Productions, Inc. v. Kast*, 921 F.3d 822, 833 (9th Cir. 2019). "Negligence is a less culpable mental state than actual knowledge, willful blindness, or recklessness, the three mental states that properly support a finding of willfulness." *Id.* (*citing Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770 (2011); *Unicolors*, 853 F.3d at 992).

Further, "'constructive knowledge' is distinct from, and less culpable than, any of the mental states that support a finding of willfulness." *Erikson Productions*, 921 F.3d at 834. Additionally, a "had reason to know" standard is equally improper because it "could be satisfied by a negligence finding" and "does not necessarily mean" the defendant is "actually aware of, or willfully blind or reckless with respect to" the infringement. *Id.* at 835.

Here, the Unrelated PMC Litigation is of no consequence to determining whether the PMC Defendants were "actually aware of the infringing activity" or that their "actions were the result of reckless disregard for, or willful blindness to" Vogts' copyrights. Rather, Vogts seeks to introduce evidence and argument about the Unrelated PMC Litigation to demonstrate that the PMC Defendants should have known that the Subject Photographs were subject to copyright protection. *See VHT*, 918 F.3d at 749 (vacating the jury's finding of willful infringement because plaintiff's argument that the defendant was "a sophisticated business with a robust legal team" that "should have known that its feed provider license agreements were invalid is unavailing.")

Accordingly, the Court should preclude Vogts from introducing evidence or argument regarding the Unrelated PMC Litigation because they are irrelevant to determining willfulness.

/ / /

/ / /

## IV. EVEN IF SUCH EVIDENCE AND ARGUMENT IS RELEVANT (WHICH IT IS NOT), ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE, CONFUSING THE ISSUES AND MISLEADING THE JURY

Pursuant to F.R.E. Rule 403, this Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues [and] misleading the jury." The term "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997) (*quoting* Advisory Committee's Notes on F.R.E. 403). "Evidence of prior lawsuits should be excluded when the possible prejudice to a party outweighs any probative value" – particular when such lawsuits have "low probative value." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 686 Fed.Appx. 422, 424-25 (9th Cir. 2017). Further, evidence that "would effectively require a mini-trial within a trial" is "likely to confuse the jury." *Bhatti v. Ulahannan*, 414 Fed.Appx. 988, 989 (9th Cir. 2011).

Here, even assuming the Unrelated PMC Litigation has probative value to the determination of willful infringement, its probative value is low because the Unrelated PMC Litigation involved disputes concerning different photographs, different uses and different issues. Introducing such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury as it would require conducting a mini-trial on the various issues raised in the Unrelated PMC Litigation instead of focusing on the issues presented in this case.

As set forth above, the Unrelated PMC Litigation has nothing to do with Vogts, the Subject Photographs or even with the Dirt.com website. For example, the *Shutterstock Action* (referenced in Exhibits A&B) is essentially a breach of contract action relating to Shutterstock's contention that the COVID-19 pandemic allowed it breach certain contractual provisions about use of PMC archives. The *Prometheus*

*Action* (referenced in Exhibits D&E) relates to allegations of luring away key employees and the theft of computer source code. The *Freeplay Action* (referenced in Exhibits F-K) is essentially an unfair competition lawsuit in which it is alleged that Freeplay Music "chose its name in an effort to mislead the public that the music on its website is available for 'free.'" Thus, not only do none of these actions or any of the Unrelated PMC Litigation documents have any relevance to any of the issues in this case, but the parties will have to conduct (and the jury will have to decide) literally dozens of separate, unrelated matters dealing with such issues as whether COVID-19 conditions excused contract breaches, whether a competing website stole computer source code or did the terms and language of a music website mislead consumers into believing the music on the site was free to use.[1]

Accordingly, for these additional reasons, the Court should exclude evidence and argument relating to the Unrelated PMC Litigation.

## V.  CONCLUSION

Therefore, for the reasons set forth above, the PMC Defendants respectfully request that this Court issue and order preventing Vogts, his witnesses and his counsel from mentioning, referring to, arguing about or attempting to introduce evidence pertaining to the Unrelated PMC Litigation.

Dated:  May 11, 2023

**Law Offices of Lincoln Bandlow**

By _____
LINCOLN D. BANDLOW
ROM BAR-NISSIM
Attorneys for Defendants
Penske Media Corporation and
Dirt.com, LLC

---

[1] This is in addition to the utterly irrelevant confusion that would be heaped on the jury to have to decide if the ***29 separate lawsuits*** listed on Exhibit C were meritorious or had any relationship whatsoever to any of the issues in this case.