# Exhibit F

Bryan J. Freedman (SBN 151990)
bfreedman@ftllp.com
Sean M. Hardy (SBN 266446)
smhardy@ftllp.com
FREEDMAN + TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Telephone: 310-201-0005
Facsimile: 310-201-0045

Attorneys for Plaintiffs Penske Media Corporation
and Variety Media, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSKE MEDIA CORPORATION, a Delaware corporation; VARIETY MEDIA, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>FREEPLAY MUSIC, LLC, a Delaware limited liability company, and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY JUDGMENT [28 U.S.C § 2201]**<br><br>**(2) VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*)** |

Plaintiffs Penske Media Corporation ("PMC") and Variety Media, LLC ("Variety") (collectively, "Plaintiffs") allege as follows:

## INTRODUCTION

1. Defendant Freeplay Music, LLC ("Freeplay" or "Defendant") chose its name in an effort to mislead the public that the music on its website is available for "free." In fact, when a consumer enters a simple Google search for "free music," Freeplay is one of the first websites to come up. Upon entering

Freeplay's homepage, the consumer is met with large text which prominently states that Freeplay offers "FREE MUSIC FOR YOUTUBE AND <u>MORE</u>." After luring in unsuspecting consumers with the promise of "free" music, Freeplay then encourages these consumers to use the music, including in their own YouTube videos. After the consumer follows Freeplay's advice, Freeplay then traps the consumer by demanding that the consumer pay outrageous "license fees" for the use of music that was supposedly "free." Unlike most content owners, once a consumer uses Freeplay's music in a fashion Freeplay deems to be "illegal," Freeplay does not simply issue a takedown notice and request that the consumer remove the content. Instead, Freeplay sends the consumer a shakedown demand, threatening litigation if the consumer does not pay Freeplay an outrageous "license fee." These shakedown demands are typically made by TuneSat, LLC – ostensibly a third party "monitoring" the web for supposed infringement on behalf of Freeplay. In fact, both TuneSat and Freeplay were founded by Scott Schreer, the current CEO of both. Both TuneSat and Freeplay coordinate with one another in this deceptive scheme perpetrated on content creators. Furthermore, in making these outrageous demands, Freeplay refuses to identify to the target of the shakedown all of the allegedly infringing content. This is not how a business that wishes to legitimately license and protect its content would behave. But Freeplay is not really in the content license business. Freeplay conducts its business in a very different manner – a "bait and switch" followed by extortion.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2. Defendants are in the business of providing media content to consumers. They do so, in part, through the operation of a channel on the media sharing website YouTube. Through this YouTube channel, Defendants provide multi-media news content to users of YouTube.

3. Freeplay is also in the business of providing online media content to consumers. As its name inherently suggests, Freeplay markets itself as offering

2

**COMPLAINT**

EXHIBIT F

VOGTS000713

1  "free" music for download to consumers. The reality is far different. Freeplay is
2  actually a for-profit enterprise. It entices unsuspecting members of the public to
3  download its music, by claiming the use of such music is "free" – including,
4  specifically, the use of such music on YouTube. After the consumer has
5  downloaded the music and used it in virtually any manner, Freeplay contacts the
6  consumer and demands a license fee for the allegedly unauthorized use of
7  copyrighted material. Had Freeplay engaged in truthful advertising, and been
8  upfront to the consumer regarding these "license fees," it is highly doubtful the
9  consumer would have utilized this "free" music in the first place.

10       4.   On information and belief, Freeplay's business model is structured
11  upon this misleading "bait and switch" scenario. On information and belief,
12  Freeplay generates a significant portion of its revenue through its aggressive
13  license fee demands, coupled with threats of copyright infringement litigation.
14  Consumers, caught completely unaware, are squeezed into paying Freeplay –
15  typically for far more than Freeplay would have charged for a license in the first
16  place. Consumers, including struggling artists and musicians, drawn to Freeplay
17  by the promise of "free" music, generally lack the financial wherewithal to
18  seriously challenge Freeplay's shakedown tactics.

19       5.   Freeplay's deception of consumers is woven throughout its highly
20  interactive website. Freeplay encourages consumers to download its "free" music
21  and use the music in their own YouTube videos. Freeplay even offers a tool on its
22  website to assist consumers in the creation of new videos using Freeplay's music.
23  However, in or about October 2014, Freeplay unilaterally altered its confusing and
24  contradictory "terms and conditions" of use – prohibiting the free use of its music
25  on YouTube. On information and belief, following this sudden change, Freeplay
26  began issuing monetary demands to numerous consumers who had uploaded
27  media on YouTube – media that allegedly contained music subject to Freeplay's
28  copyright.

6. Moreover, following October 2014, Freeplay began issuing aggressive demands to numerous operators of YouTube channels – entities that had never subscribed to Freeplay's service, downloaded Freeplay's music, or otherwise agreed to any of Freeplay's terms and conditions.

7. Defendants seek a declaratory judgment of non-infringement of alleged copyright(s) asserted against Defendants by Freeplay. Defendants further seek a judgment against Freeplay for its violation of the California Unfair Competition Law, in that Freeplay's business practices constitute unfair competition under California law.

## THE PARTIES

8. PMC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Los Angeles, California.

9. Variety is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Los Angeles, California.

10. Upon information and belief, Freeplay is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in New York, New York.

11. Defendant DOES 1 through 5, inclusive, are sued herein under fictitious names. When their true names and capacities are ascertained, Defendants will amend this complaint by inserting their true names and capacities herein.

12. On information and belief at all times material herein each of the defendants was the agent and employee of some or all of the other defendants, and in so doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## JURISDICTION AND VENUE

13. This action is brought, and this Court has subject matter jurisdiction, pursuant to 28 U.S.C. Sections 1331, 1338, and 2201. This Court has federal question jurisdiction in this matter in that Plaintiff seeks a declaration of rights under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

14. Additionally, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. Section 1367 and California Business and Professions Code Section 17200 *et seq.*, specifically California Business and Professions Code Section 17203, which provides any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and California Business and Professions Code Section 17204, which provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a court of competent jurisdiction by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

15. Venue lies within this Court pursuant to 28 U.S.C. Sections 1391(b)(2)-(3) in that Defendant is subject to the personal jurisdiction of this Court in this Judicial District. Specifically, Defendant has substantial, continuous and systematic contacts with California in that Defendant directly targets business activities towards consumers in California and causes harm to Plaintiffs' business within this District through at least the operation of Defendant's fully interactive Internet website.

# FIRST CAUSE OF ACTION

### (For Declaratory Judgment – Non-Infringement of Copyright)

16. Plaintiffs re-allege herein by this reference each and every allegation contained in paragraphs 1 through 15, inclusive, of this Complaint as if set forth fully herein.

17. Plaintiffs are informed and believe that Defendant claims that it owns and has standing to pursue claims for infringement of certain copyrights, and that Plaintiffs have infringed such copyrights by using copyrighted material without Defendant's permission.

18. Plaintiffs firmly deny that they infringed upon any copyright allegedly belonging to Defendant.

19. There is an actual and justiciable controversy between Plaintiffs and Defendant in that Defendant claims that Plaintiffs have infringed upon Defendant's copyrights. Conversely, Plaintiffs deny Defendant's claims and contends that they have not infringed upon Defendant's copyrights.

20. A judicial declaration of the parties' respective rights and obligations with respect to the copyrights allegedly belonging to Defendant.

21. Plaintiffs are entitled to a declaratory judgment that they are not infringing, have not infringed, and are not liable for infringing any valid copyright owned by Defendant, either directly, or by inducing others to infringe, or by contributing to the infringement of others.

//
//
//
//
//
//
//

## SECOND CAUSE OF ACTION

## (For Violation of Unfair Competition Law [California Business & Professions Code § 17200, *et seq.*])

22. Plaintiffs re-allege herein by this reference each and every allegation contained in paragraphs 1 through 21, inclusive, of this Complaint as if set forth fully herein.

23. Plaintiffs are informed and believe, and based thereon allege that Defendant has committed and is continuing to commit unfair, unlawful, and fraudulent business practices and acts constituting unfair competition against Plaintiffs as defined by California Business and Professions Code Section 17200, by, among other things, exploiting deceptive business practices through the operation and marketing of its highly interactive website.

24. Plaintiffs are informed and believe, and based thereon allege that, as a direct, proximate, and foreseeable result of Defendant's conduct, as alleged above, Plaintiffs have been deprived of money, property, profits, and other benefits that rightfully belong to Plaintiffs including, without limitation, the advertising proceeds Plaintiffs would otherwise have received from their YouTube channels, but for the conduct of Defendant. Accordingly, Plaintiffs are entitled to restitution of all such money, property, profits, and other benefits.

25. Plaintiffs are informed and believe, and based thereon allege, Defendant's unfair and unlawful acts as described above are a serious and continuing threat to Plaintiffs' reputations, goodwill, and financial health. If Defendant is allowed to continue its wrongful acts, Plaintiffs will suffer further immediate and irreparable injury, loss, and damage. Plaintiffs are further informed and believe, and based thereon allege that, in the absence of a preliminary and permanent injunction as prayed for below, Defendant and its agents will continue to violate Plaintiffs' rights by engaging in the conduct alleged above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor against Defendant as follows:

**On the First Cause of Action:**

1. A declaration that Plaintiffs are not infringing, have not infringed, and are not liable for infringing any valid copyright owned by Defendant, either directly, or by inducing others to infringe, or by contributing to the infringement of others;
2. For costs of suit incurred herein;
3. For such other and further relief as the Court may deem just and proper; and
4. For attorneys' fees as may be provided by statute;

**On the Second Cause of Action:**

1. For restitution of all money, property, profits, and other benefits acquired by Defendant by means of its unfair business practices;
2. For a preliminary and permanent injunction enjoining Defendant, and its officers, agents, servants, employees, assigns, representatives, and all those acting in concert or participating with them, from engaging in, committing, or performing, directly or indirectly, unfair competition as defined in California Business and Professions Code Section 17200 *et seq.,* including, but not limited to, the acts and practices alleged in this Complaint;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

//
//
//

| | | |
|---|---|---|
| 1 | Dated: September 2, 2015 | FREEDMAN + TAITELMAN, LLP |
| 2 | | |
| 3 | | By: /s/ Bryan J. Freedman |
| 4 | | Bryan J. Freedman<br>Sean M. Hardy, |
| 5 | | Attorneys for Plaintiffs<br>Penske Media Corporation<br>and Variety Media, LLC |

9

**COMPLAINT**

EXHIBIT F

VOGTS000720