Exhibit H

ROBERT C. WELSH (SBN 130782)
BAKER & HOSTETLER LLP
11601 WILSHIRE BOULEVARD, SUITE 1400
LOS ANGELES, CA 90025-7120
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: rwelsh@bakerlaw.com

OREN J. WARSHAVSKY (*admitted pro hac vice*)
owarshavsky@bakerlaw.com
TATIANA MARKEL (*admitted pro hac vice*)
tmarkel@bakerlaw.com
BAKER & HOSTETLER LLP
45 ROCKEFELLER PLAZA
NEW YORK, NY 10111

Attorneys for Defendant
FREEPLAY MUSIC, LLC

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSKE MEDIA CORPORATION, a Delaware corporation; VARIETY MEDIA, LLC, a Delaware limited liability company, | Case No.: 2:15-cv-06822 |
| | Hon. Andrew J. Wistrich |
| Plaintiffs, | **FREEPLAY MUSIC LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| FREEPLAY MUSIC, LLC, a Delaware limited liability company, and DOES 1 through 5, inclusive, | Filed concurrently with Notice of Motion; Declaration of Tatiana Markel; Declaration of Michelle Ozog; Notice of Lodging; and (Proposed) Order |
| Defendants. | Date: February 29, 2016 Time: 10:00 am Courtroom: 690 |
| | Action Filed: September 2, 2015 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

FREEPLAY MUSIC LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

VOGTS000738 2:15-cv-6822

EXHIBIT H

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE HONORABLE COURT, AND TO THE PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on February 29, 2016 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 690 of the above-entitled Court, located at Edward R. Roybal Federal Building, 255 East Temple Street Los Angeles, CA 90012-3332, the Honorable Andrew J. Wistrich presiding, Defendant Freeplay Music, LLC ("FPM") will and hereby does move the Court for an order dismissing the Amended Complaint of Plaintiffs Penske Media Corporation and Variety Media, LLC ("Plaintiffs") in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

FPM's Motion to Dismiss Plaintiffs' Amended Complaint ("Motion") is based on this notice of motion, the accompanying memorandum of points and authorities, all other pleadings and papers on file herein, and such other evidence and/or argument as may be presented to the Court at or before the hearing on the Motion.

This Motion is made following the conference of counsel pursuant to United States District Court, Central District of California Local Rule 7-3, which took place on January 15, 2016. *See* Declaration of Tatiana Markel, filed concurrently herewith, ¶¶ 4-7.

Respectfully submitted,

Dated: January 21, 2016

BAKER & HOSTETLER LLP

By: *s/Oren J. Warshavsky*

Attorneys for Defendant
FREEPLAY MUSIC, LLC

-i-

VOGTS000739 2:15-cv-6822

EXHIBIT H

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 3

I.     The Court Should Dismiss the First Cause of Action for Declaratory Judgment of Noninfringement ........................................... 3

     A.     Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted ................................................................................. 3

         1.     Plaintiffs Fail to Plead Copyright Misuse ....................... 4

         2.     Plaintiffs Fail to Plead Fair Use ...................................... 6

         3.     Plaintiffs' Tactical Suit Should Be Dismissed as an Abuse of the Declaratory Judgement Act ..................... 10

II.     This Court Should Dismiss Plaintiffs' Second Cause of Action for Violation of the California Unfair Competition Law ........................ 13

     A.     This Court Should Decline to Exercise Supplemental Jurisdiction to Hear Plaintiffs' State Law Claim ..................... 13

     B.     Plaintiffs Lack Standing to Assert a Claim for California Unfair Competition Law Against FPM. ................................. 14

CONCLUSION ......................................................................................................... 16

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FREEPLAY MUSIC LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
VOGTS000740   2:15-cv-6822

EXHIBIT H

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
239 F.3d 1004 (9th Cir. 2001) ...................................................................4, 8

*Acri v. Varian Assocs., Inc.*,
114 F.3d 999 (9th Cir. 1997) ........................................................................13

*Apple, Inc. v. Psystar Corp.*,
673 F. Supp. 2d 931 (N.D. Cal. 2009) ...........................................................4

*Arista Records LLC v. Myxer Inc.*,
No. CV-08-03935-GAF, 2011 U.S. Dist. LEXIS 109668 (C.D. Cal.
Apr. 1, 2011) ...................................................................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................3, 4

*Californians for Disability Rights v. Mervyn's, LLC*,
138 P.3d 207 (2006) ......................................................................................14

*Campbell v. Acuff-Rose Music, Inc.*,
510 U.S. 569 (1994) .....................................................................................6, 9

*Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343 (1988) ......................................................................................13

*City of Inglewood v. Teixeira*,
No. CV-15-01815-MWF, 2015 U.S. Dist. LEXIS 114539 (C.D.
Cal. Aug. 20, 2015) .........................................................................................7

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ........................................................................15

*Design Data Corp. v. Unigate Enter., Inc.*,
63 F. Supp. 3d 1062, 1070 (N.D. Cal. 2014) .................................................9

*DuckHole Inc. v. NBC Universal Media LLC*,
CV-12-10077-BRO (CWx), 2013 U.S. Dist. LEXIS 157305 (C.D.
Cal. Sept. 6, 2013) ..........................................................................................7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

-ii-

FREEPLAY MUSIC LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
2:15-cv-6822

VOGTS000741

EXHIBIT H

*Elvis Presley Enters. v. Passport Video*,
    349 F.3d 622 (9th Cir. 2003) ........................................................................ 9

*EMC Corp. v. Norand Corp.*,
    89 F.3d 807 (Fed. Cir. 1996) .............................................................. 10, 11

*Gribin v. Hammer Galleries*,
    793 F. Supp. 233 (C.D. Cal. 1992) ............................................................ 10

*Hall v. Time*,
    70 Cal. Rptr. 3d 466 (2008) ...................................................................... 15

*Harper & Row Publishers, Inc. v. Nation Enters.*,
    471 U.S. 539 (1985) ...................................................................................... 9

*Hill v. Impac Mortg. Holdings, Inc.*,
    No. SACV 14-01895 JVS (ANx), 2015 U.S. Dist. LEXIS 30131
    (C.D. Cal. Mar. 11, 2015) ......................................................................... 14

*Horne v. Wells Fargo Bank, N.A.*,
    969 F. Supp. 2d 1203 (C.D. Cal. 2013) .................................................. 13

*Kelly v. Arriba Soft Corp.*,
    336 F.3d 811 (9th Cir. 2003) ...................................................................... 6

*L.A. News Serv. v. CBS Broad., Inc.*,
    Nos. 00-56470, 00-57000, 2002 U.S. App. LEXIS 26206 (9th Cir.
    Sept. 16, 2002) .............................................................................................. 9

*Leadsinger, Inc. v. BMG Music Publ'g*,
    512 F.3d 522 (9th Cir. 2008) ...................................................................... 9

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .................................................................................... 14

*Mattel Inc. v. Walking Mountain Prods.*,
    353 F.3d 792 (9th Cir. 2003) ...................................................................... 7

*Mendell v. Amgen, Inc. (In re Amgen Inc. Sec. Litig.)*,
    544 F. Supp. 2d 1009 (C.D. Cal. 2008) .................................................. 15

*In re NJOY Inc. Consumer Class Action Litig.*,
    No. 14-cv-00428 MMM, 2015 U.S. Dist. LEXIS 109133 (C.D. Cal.
    Aug. 14, 2015) ........................................................................................... 14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

VOGTS000742

EXHIBIT H

*Phototera, Inc. v. Oron*,
    No. 07-cv-490, 2007 U.S. Dist. LEXIS 89053 (S.D. Cal. Dec. 4,
    2007) .................................................................................................................. 10

*Practice Mgmt. Info. Corp. v. AMA*,
    121 F.3d 516 (9th Cir. 1997) ............................................................................ 4

*Rimini St., Inc. v. Oracle Int'l Corp.*,
    2:14-cv-01699-LRH-PAL, 2015 U.S. Dist. LEXIS 89295 (D. Nev.
    July 9, 2015) ...................................................................................................... 4

*Sofa Entm't, Inc. v. Dodger Prods., Inc.*,
    782 F. Supp. 2d 898 (C.D. Cal. 2010) .............................................................. 8

*Sony Corp. v. Universal City Studios, Inc.*,
    464 U.S. 417 (1984) .......................................................................................... 9

*Stewart v. Abend*,
    495 U.S. 207 (1990) .......................................................................................... 6

*Turcios v. Carma Labs., Inc.*,
    296 F.R.D. 638 (C.D. Cal. 2014) .................................................................... 14

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966) ........................................................................................ 14

*Veoh Networks, Inc. v. UMG Recordings, Inc.*,
    522 F. Supp. 2d 1265 (S.D. Cal. 2007) ..................................................... 3, 10

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ........................................................................................ 10

**Statutes**

17 U.S.C. § 106 ......................................................................................................... 5

17 U.S.C. § 107 ..................................................................................................... 6, 8

28 U.S.C. § 1367(a) ............................................................................................... 13

28 U.S.C. § 1367(c)(3) .......................................................................................... 13

28 U.S.C. § 2201(a) ............................................................................................... 10

California Unfair Competition Law § 17204 ......................................................... 14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

-iv-

VOGTS000743

EXHIBIT H

# TABLE OF AUTHORITIES
**(continued)**

|  | Page(s) |
|---|---|
| Declaratory Judgement Act | 10, 12, 13 |

**Rules**

| Fed. R. Civ. P. 12(b)(1) | 1, 10, 16 |
|---|---|
| Fed. R. Civ. P. 12(b)(6) | 1, 3, 7 |

**Other Authorities**

*Machinima, Collective Digital Studio File Suits Over Online-Video Music "Shakedown," Deadline Hollywood*, (Feb. 9, 2015) ................ 12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

–v–

EXHIBIT H

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Freeplay Music, LLC ("FPM"), respectfully submits this memorandum of points and authorities in support of its motion to dismiss with prejudice the amended complaint ("Amended Complaint") filed by Penske Media Corporation and Variety Media, LLC ("Plaintiffs"), based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

# INTRODUCTION

When seeking dismissal of Plaintiffs' original complaint, FPM asked this Court to dismiss with prejudice. Though leave to amend is freely granted, FPM argued that this case is one in which no amount of additional facts could save Plaintiffs' claims. The Amended Complaint shows that FPM's prediction was correct.

Steeped in conclusory and unsupportable allegations, the Amended Complaint is less defensible than the original. For example, while trying to save their claim under California's Unfair Competition Law ("UCL"), Plaintiffs allege that they—well-known entertainment news providers—are competitors of FPM, a background music catalogue. (Am. Compl. ¶ 13.) But that patently implausible conclusory allegation, even if accepted as true, is insufficient to support the UCL claim. Plaintiffs must also allege that FPM's conduct injured Plaintiffs by steering consumers seeking entertainment news away from them to, instead, download background music from FPM. The Amended Complaint pleads no allegations to support that far-fetched claim, and thus the UCL claim should be dismissed.

Plaintiffs' fair-use claim is no less specious. The copyrighted works are background music. Plaintiffs, a for-profit commercial enterprise, took FPM's background music, and used it as music in videos containing Plaintiffs' product: entertainment news. Plaintiffs plead that their use of the background music as background music, is "transformative"—a claim that is contrary to case law or any definition of the word "transformative." Worse, Plaintiffs allege that their

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

commercial videos are "non-commercial." Plaintiffs also try to wedge into a fair use claim by urging their use of FPM's background music in entertainment news stories could be deemed commentary or criticism of FPM's background music. To call these allegations a stretch is to give them more credit than they are worth. Even if these allegations had a shred of plausibility, Plaintiffs supply only conclusory allegations, rendering their declaratory judgment claim insufficient.

Plaintiffs' copyright misuse claim is equally unavailing, as Plaintiffs fail to plead even a factual predicate. A copyright misuse claim—which is basically an antitrust claim—only arises when a copyright owner seeks to improperly expand the scope of the limited monopoly granted by the copyright. The defense is most commonly seen where there is a tying arrangement (such as a requirement to buy unlicensed products), or a restriction added to a license (such as one preventing the licensee from using competing products). But Plaintiffs' only allegations are that FPM allegedly misleads consumers by advertising its music for "free" personal use. Even if this were true—and it is not—it does not give rise to a cause of action for copyright misuse, nor is it a claim Plaintiffs have standing to bring. Unlike its other theories where it at least conclusorily pleaded the elements of a cause of action, here Plaintiffs don't even meet that threshold. Plaintiffs' copyright misuse theory is devoid of merit and their claim seeking such a declaration should be dismissed.

The natural question here is: why would Plaintiffs try to breathe life into their obviously deficient claims? The answer appears to lie with the circumstances under which the suit was brought. FPM identified Plaintiffs' 61 uses of FPM's copyrighted music. As Plaintiffs plead, FPM was negotiating with Plaintiffs and offered to have Plaintiffs pay the published price as though they had properly licensed the works at issue, which FPM calculated as $60,000. Plaintiffs requested a few weeks to respond with an "amicable business solution." At the end of that period, Plaintiffs filed this action. After the action was filed, Plaintiffs responded to FPM's initial offer. Plaintiffs' conduct makes their motive plain: this lawsuit was a

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

VOGTS000746 2:15-cv-6822

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  negotiation tactic.  Plaintiffs hired the law firm that sued FPM a few months earlier,

2  and copied the allegations from those prior lawsuits, which were irrelevant here and

3  resulted in a woefully deficient complaint.

4        When the amount at issue was $60,000.00 (as an initial offer), the filing of a

5  federal lawsuit could only be interpreted as an effort to improve Plaintiffs'

6  bargaining position.  The fact that Plaintiffs are unable to file a properly pleaded

7  complaint, even on their second try, only supports that conclusion.  *See Veoh*

8  *Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1271 (S.D. Cal.

9  2007) ("Because Plaintiff's action, jurisdictionally and on the merits, is so ill-

10  defined, the Court suspects its use is more a bargaining chip than a sincere prayer

11  for relief.").  On that basis alone, this case should be dismissed.

12        As further explained herein, FPM respectfully requests that Amended

13  Complaint be dismissed with prejudice.

14  **ARGUMENT**

15  **I.**    **The Court Should Dismiss the First Cause of Action for Declaratory**

16        **Judgment of Noninfringement**

17        Although FPM is moving on the issue of lack of subject matter jurisdiction,

18  because of the clear insufficiency of the Plaintiffs' claims, FPM addresses the

19  merits of Plaintiffs' claims first.

20        **A.**    **Plaintiffs Fail to State a Claim Upon Which Relief Can Be**

21            **Granted.**

22        Dismissal of a complaint is proper under Fed. R. Civ. P. 12(b)(6) if it fails to

23  "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550

24  U.S. 544, 570 (2007).  To survive a motion to dismiss, Plaintiffs must provide

25  "more than labels and conclusions" in support of their claims.  *Id.* at 555 (citations

26  omitted).  Although the Court must assume for purposes of this motion that facts

27  pleaded in the Amended Complaint are true, "bare assertions . . . amount[ing] to

28  nothing more than a 'formulaic recitation of the elements,'" are not sufficient to

3

VOGTS000747

survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 555).

Plaintiffs' theory of declaratory judgment appears to be based upon FPM's alleged misuse and Plaintiff's alleged fair use of FPM's copyrights. The allegations in the Amended Complaint support neither theory.

### 1.     Plaintiffs Fail to Plead Copyright Misuse

Copyright misuse "prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001). It applies where a copyright owner tries to extend the copyright beyond its intended reach and typically arises in situations where copyright licensors place conditions on licenses that prevent licensees from using competing products. *See, e.g.*, *Practice Mgmt. Info. Corp. v. AMA*, 121 F.3d 516, 520 (9th Cir. 1997); *Rimini St., Inc. v. Oracle Int'l Corp.*, 2:14-cv-01699-LRH-PAL, 2015 U.S. Dist. LEXIS 89295, at *9-10 (D. Nev. July 9, 2015); *Apple, Inc. v. Psystar Corp.*, 673 F. Supp. 2d 931, 939 (N.D. Cal. 2009).

There is not a single allegation in the Amended Complaint that FPM extended the scope of its copyright monopoly. To the contrary, the Amended Complaint's central theme is that FPM lures consumers to use FPM's copyrights by advertising them as free for personal use, and then FPM unreasonably enforces its copyrights. (Am. Compl. ¶¶ 25-44.) As a threshold matter, this is simply untrue. The "free" personal use advertised on FPM's website is, in fact, free, and FPM has not demanded payment from consumers who use FPM's work for personal use, even when they have unwittingly violated FPM's license.

But even taking the pleaded facts as true, as we must, the allegations still do not amount to copyright misuse. None of the allegations suggests FPM restricts the use of third parties' products to stifle competition. None of the allegations explains what license terms are oppressive. In fact, there is not one fact alleged about

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

VOGTS000748

1   Plaintiffs' licensing of FPM's music at all.  This should result in the dismissal of

2   Plaintiffs' claim.

3       Plaintiffs' copyright misuse theory appears to be grounded in a hypothetical

4   interaction between YouTube users and FPM's website.  Not only does this render

5   Plaintiffs' copyright misuse claim defective, that defect is incurable.  First, the

6   hypothetical "confusion" would not amount to misuse.  Second, Plaintiffs lack

7   standing to raise such a claim because the website and terms of use at the center of

8   Plaintiffs' allegations post-date Plaintiffs' unauthorized use of FPM's copyrights.

9   As Plaintiffs' themselves admitted, they downloaded all of the infringing music

10  from FPM's website in Spring 2013.  (See Declaration of Todd Greene in Support

11  of Plaintiffs' Opposition to FPM's Motion to Dismiss ¶ 9 and Exhibit 8, ECF Nos.

12  24-1, 24-8.)  FPM began advertising its music as free for personal use on YouTube

13  in August 2013.  (See Declaration of Michelle Ozog in Support of the Motion to

14  Dismiss the Amended Complaint ("Ozog Decl.") ¶¶ 4, 5, and Exhibit A and B

15  thereto.)  Therefore Plaintiffs could not have possibly seen the website, terms of

16  use, or advertisements of which they complain.  Thus, even if FPM's act could

17  constitute misuse for another consumer—they cannot constitute misuse with respect

18  to the copyright exploitation by Plaintiffs.

19      FPM owns the copyrights at issue and has the exclusive right all copyright

20  holders enjoy under 17 U.S.C. § 106, including the right to reproduce, publically

21  perform, and digitally transmit such copyrights.  Plaintiffs appear to concede that

22  they reproduced, performed, and digitally transmitted FPM's music without

23  authorization.  And their main complaint is that they do not like the amount that

24  FPM is charging because Plaintiffs apparently thought that they could use FPM's

25  music for free.  Disagreement about the cost of a license—or overvaluing a

26  license—is not an improper expansion of the copyright monopoly.  The only

27  pertinent allegations in the Amended Complaint show that FPM seeks only to

28  control areas within the monopoly granted to it by the Copyright Act, and therefore

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5

VOGTS000749

has not misused its copyrights. Accordingly Plaintiffs' claim for declaratory judgment based on copyright misuse should be dismissed.

### 2. Plaintiffs Fail to Plead Fair Use

Fair use is a statutory affirmative defense to a claim of copyright infringement. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003). The purpose of the doctrine is "'to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster.'" *Campbell*, 510 U.S. at 577 (citing *Stewart v. Abend*, 495 U.S. 207, 236 (1990)).

Section 107 of the Copyright Act states:

> Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—
>
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

6

FREEPLAY MUSIC LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
VOGTS000750 2:15-cv-6822

EXHIBIT H

Plaintiffs allege that the "primary purpose of [the 61 YouTube videos at issue here] was to convey criticism, commentary, and news reporting related to the entertainment industry." (Am. Compl. ¶ 19.) Plaintiffs also allege that their "use of the material subject to the Copyright in YouTube videos was of a reasonable length to accomplish their goals of criticism, comment, and news reporting." (*Id.* ¶ 50.) Thus, Plaintiffs believe that they are "entitled to a declaratory judgement that . . . [their] use of the material subject to the Copyright in YouTube is noninfringing fair use." (*Id.* ¶ 56.)

First, Plaintiffs do not provide the videos as part of their submission. Nor do Plaintiffs describe the videos in question or their alleged "fair use" of FPM's copyrights in those videos to allow this Court to determine whether that use was in fact "criticism, comment, and news reporting." This, alone, dooms Plaintiffs' claim, as it is an insufficient pleading.

But Plaintiffs' failure here goes much deeper. The only way that Plaintiffs' infringement of FPM's copyrighted music could be the "criticism, comment, [or] news reporting" contemplated by the statute is if Plaintiffs were criticizing, commenting or reporting on FPM's musical works. *See Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 799 (9th Cir. 2003) ("The fair use exception excludes from copyright restrictions certain works, such as those that criticize and comment on *another work*.") (emphasis added). Instead, Plaintiffs downloaded FPM's background music and used it as background music for their product— videos reporting on the entertainment industry. (*See* DVD containing the videos, referenced in Ozog Decl. ¶ 3 and Notice of Lodging, filed contemporaneously herewith).[1] Therefore the sole purpose of Plaintiffs' use of FPM's music was to

---

[1] "It is well settled that in deciding a Rule 12(b)(6) motion, a court may consider documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim." *City of Inglewood v. Teixeira*, No. CV-15-01815-MWF (MRWx), 2015 U.S. Dist. LEXIS 114539, at *5 (C.D. Cal. Aug. 20, 2015) (internal citations omitted); *see also DuckHole Inc. v. NBC Universal Media LLC*, CV-12-10077-BRO (CWx), 2013 U.S. Dist. LEXIS

7

VOGTS000751
2:15-cv-6822

EXHIBIT H

enhance the quality of its videos and to entertain its audience. "Because the copying of [FPM's]works serves a purely entertainment purpose, which is not of the type cited by § 107 as a legitimate goal of fair use, [Plaintiffs'] copying of [FPM's] works falls outside the scope of uses generally considered 'fair' under the doctrine." *Arista Records LLC v. Myxer Inc.*, No. CV-08-03935-GAF (JCx), 2011 U.S. Dist. LEXIS 109668, at *114 (C.D. Cal. Apr. 1, 2011); *Sofa Entm't, Inc. v. Dodger Prods., Inc.*, 782 F. Supp. 2d 898, 904 (C.D. Cal. 2010). Furthermore, "the uploading and downloading of copyrighted sound recordings does not fall clearly within any of the purposes specifically identified in the statute's preamble, e.g., criticism, comment, news reporting . . . ." *Arista Records*, 2011 U.S. Dist. LEXIS 109668, at *133-34.

Plaintiffs also allege that their "use of the material subject to the Copyright in YouTube videos" falls within one of the fair use factors, that is, it was "transformative," "*de minimis,*" "not substantially commercial," and "had little to no effect on the potential market for or value of the material subject to the Copyright. (Am. Compl. ¶¶ 47-53.) Plaintiffs plead *no facts* to support these bare conclusions, which subjects this claim to dismissal. Nor could Plaintiffs' blatant copying and use of FPM's copyrights in their videos ever be considered fair.

First, no fact exists that would render Plaintiffs' use of FPM's music transformative. Plaintiffs used FPM's background music in its original form and for its intended purpose—background music for its videos. Retransmitting the same music in a YouTube video does not transform it within the meaning of the fair use doctrine. *See Napster*, 239 F.3d at 1015.

---

157305 (C.D. Cal. Sept. 6, 2013) (considering copies of accused infringing episodes as properly judicially noticed, despite not being attached plaintiff's pleadings). The videos are referred to in Plaintiffs' Amended Complaint (¶¶ 18-20, 23, 46, 48-50, 52-54, 56) and their content is central to Plaintiffs' claims.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1      Second, no fact exists that would render Plaintiffs' use of FPM's music non-

2  commercial. Plaintiffs are a commercial publication, and the videos they post are

3  their product: entertainment news. This fact alone weighs against a finding of fair

4  use. *See, e.g.*, *Elvis Presley Enters. v. Passport Video*, 349 F.3d 622, 627 (9th Cir.

5  2003); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 562 (1985).

6      Third, no fact exists that would render Plaintiffs' use of FPM's music *de*

7  *minimis*. Plaintiffs use of FPM's music was not inadvertent or a technicality. *See*

8  *e.g.*, *Design Data Corp. v. Unigate Enter., Inc.*, 63 F. Supp. 3d 1062, 1070 (N.D.

9  Cal. 2014) (downloading of a copy of software, without evidence that the copy was

10  installed or used "amounts at most to a *de minimis* 'technical' violation that is not

11  actionable as a matter of law."). Plaintiffs intentionally copied FPM's musical

12  works in their entirety and used those works in 61 of their videos.

13      Finally, no fact exists that would render Plaintiffs' use of FPM's music a use

14  that does not affect the market for, or the value of, that music. "It is well accepted

15  that when 'the intended use is for commercial gain,' the likelihood of market harm

16  'may be presumed.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 531

17  (9th Cir. 2008) (citing *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417,

18  451(1984)). Furthermore, in evaluating this factor, courts "consider not only the

19  extent of market harm caused by the particular actions of the alleged infringer, but

20  also 'whether unrestricted and widespread conduct of the sort engaged in by the

21  defendant . . . would result in a substantially adverse impact on the potential

22  market' for the original." *L.A. News Serv. v. CBS Broad., Inc.*, Nos. 00-56470, 00-

23  57000, 2002 U.S. App. LEXIS 26206, *39-40 (9th Cir. Sept. 16, 2002) (quoting

24  *Campbell,* 510 U.S. at 590). FPM licenses its copyrights to businesses for use as

25  background music. As Plaintiffs concede, a business license comes with a cost.

26  (Am. Compl. ¶ 31.) Yet Plaintiffs took FPM's copyrights without payment and

27  used them in 61of their YouTube videos. Widespread conduct of this sort would

28  result in FPM going out of business. Moreover, it would prevent the creation of

9

VOGTS000753 2:15-cv-6822

new works by FPM's composers, the very result the fair use doctrine was designed to avoid.

It is important to reiterate that Plaintiffs pleaded no facts that would allow this Court to rule in Plaintiffs' favor, even if they were taken as true. However, it may be helpful for the Court to review the videos in questions to understand that Plaintiffs could never be successful on a fair use defense.

Accordingly, FPM respectfully requests that Plaintiffs' claim for declaratory judgment based on their alleged fair use of FPM's copyrights be dismissed.

### 3. Plaintiffs' Tactical Suit Should Be Dismissed as an Abuse of the Declaratory Judgement Act

The Amended Complaint should also be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiffs filed it for improper tactical purposes.

The exercise of jurisdiction in a declaratory judgment action is discretionary. *See* 28 U.S.C. § 2201(a) (the Court "*may* declare the rights and other legal relations . . . ."); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (the Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants"). Courts have held that it is an abuse of the Declaratory Judgment Act to file suit "for an improper tactical purpose." *Photothera, Inc. v. Oron*, No. 07-cv-490, 2007 U.S. Dist. LEXIS 89053 (S.D. Cal. Dec. 4, 2007); *see also Gribin v. Hammer Galleries*, 793 F. Supp. 233, 236 (C.D. Cal. 1992); *Veoh Networks*, 522 F. Supp. 2d at 1271.

For example, in *EMC Corp. v. Norand Corp.*, the declaratory judgment plaintiff filed suit "because its management thought it was in their interest to protect themselves first and continue discussions." 89 F.3d 807, 809 (Fed. Cir. 1996) (internal quotations omitted). The district court concluded and the Federal Circuit agreed that "to allow a declaratory judgment action to proceed under such circumstances would encourage parties who were negotiating with [rights holders] to use the declaratory judgment procedure to improve their bargaining positions and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

10

FREEPLAY MUSIC LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
VOGTS000754 2:15-cv-6822

EXHIBIT H

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

to impede negotiations between [the rights holders] and other potential licensees or buyers." *Id.* at 810.

This is precisely what Plaintiffs did here. As set forth in the Amended Complaint, FPM's agent first contacted Plaintiffs on June 9, 2015. (Am Compl. ¶ 19.) As also set forth in the Amended Complaint, FPM's agent made an offer to Plaintiffs on August 11, 2015. (*Id.* ¶ 20.) However, what is patently missing from the Amended Complaint is Plaintiffs' August 12, 2015 response:

> Thank you for your email. Unfortunately I am scheduled to leave for a 2 week vacation tomorrow and will not get a chance to review your correspondence and reply in sufficient detail before I leave. As such I would like to request a two week extension to respond to your correspondence until Wednesday, September 2nd at 5 pm ET.
>
> While I disagree with a number of the assertions contained in your letter, I am certain we can find an amicable business solution to the issues at hand.

(Exhibit D to the Declaration of Michelle Ozog in Support of FPM's Reply, ECF No. 28-4.) On September 2, 2015, the date on which Plaintiffs promised to respond with an "amicable business solution," Plaintiffs filed suit. At 7:17pm that night—after the suit was filed—Plaintiffs submitted their counteroffer to FPM. (Exhibit C to the Declaration of Michelle Ozog in Support of FPM's Motion to Dismiss, ECF No. 20-3.) The fact that a counteroffer was made is also missing from the Amended Complaint.

There is but one interpretation of Plaintiffs' actions—they filed the lawsuit "to improve their bargaining position," and as Plaintiffs admitted in their September 11, 2015 email, to "protect [their] interests." (*See id.*) Even if Plaintiffs could articulate a claim for non-infringement, their best case scenario would be that they

11

VOGTS000755

would not have to pay FPM, which at the time of the suit, provided an *initial* offer of $60,000.00. Given that the amount at issue was less than the cost of a copyright lawsuit, and the videos in question were several years old when voluntarily taken down by Plaintiffs, there is no business reason to bring this action other than to obtain an advantage in the negotiations. Because of Plaintiffs' clear abuse of the Declaratory Judgment Act, FPM requests that this Court use its discretion and dismiss the Amended Complaint's first cause of action.

This Court should also not countenance Plaintiffs' allegation of FPM's "extensive history of filing suit against alleged copyright infringers." (Am. Compl. ¶ 23.) FPM, which was established in 2001, has a catalogue of over 50,000 musical properties and has issued 2.5 million licenses since 2013. Like any other large rights holder, it is required to enforce its rights.

On February 9, 2015, Plaintiffs' counsel filed two actions for declaratory judgement of non-infringement against FPM. [2] Those are the first two actions listed in Plaintiffs' "history" of FPM's litigation that allegedly concerned Plaintiffs. (Am. Compl. ¶ 23). Plaintiffs' counsel issued press releases for those actions, including, *inter alia*, in Plaintiffs' publications. *See Machinima, Collective Digital Studio File Suits Over Online-Video Music "Shakedown*," Deadline Hollywood, (Feb. 9, 2015), http://deadline.com/2015/02/machinima-collective-digital-file-suits-over-online-video-music-shakedown-1201370211. Those lawsuits not only forced FPM to counterclaim in those actions, but also resulted in FPM having to bring actions against other industry players that ceased negotiating with FPM as a result of the February 9 lawsuits. In each of the three actions filed in the Southern District of New York on February 17, 2015, FPM referenced the declaratory judgment actions filed by Plaintiffs' counsel and indicated that the declaratory judgment actions were the reason for suit.

---

[2] Both of those lawsuits have settled.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

12

VOGTS000756

EXHIBIT H

The publicity of the February 9 lawsuits—accusing FPM of unfair competition and "bait and switch" tactics—was quickly seized upon by others who decided to evade FPM's copyrights.  This required FPM to bring some of the other suits mentioned in the Amended Complaint.  To be sure, it was FPM not Plaintiffs who was the target.  And it was FPM, not Plaintiffs , who was damaged as a result of the tactics initiated on February 9.  And despite reasonable negotiations with Plaintiffs, including acquiescing to each of Plaintiffs' requests for information and additional time to respond, FPM is the target here again.  It is simply beyond cavil that Plaintiffs were in fear of being sued by the very company its own counsel sued just months earlier, a company that had offered to settle for an amount less than what this lawsuit will undoubtedly cost.

Plaintiffs have abused the Declaratory Judgement Act, their action for declaratory judgment should therefore be dismissed.

## II.     This Court Should Dismiss Plaintiffs' Second Cause of Action for Violation of the California Unfair Competition Law

### A.     This Court Should Decline to Exercise Supplemental Jurisdiction to Hear Plaintiffs' State Law Claim.

Because Plaintiffs' federal claim cannot survive, the Court should, pursuant to 28 U.S.C. § 1367(a) and (c)(3), decline to exercise supplemental jurisdiction to hear the remaining state law claim.  "The Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of the factors. . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Because this case is at the motion to dismiss stage, "the factors of 'judicial economy, convenience and fairness to litigants' . . . weigh strongly in favor of the dismissal of supplemental state law claims." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1207 (C.D. Cal.

13

FREEPLAY MUSIC LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
2:15-cv-6822

VOGTS000757

EXHIBIT H

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2013) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  This is especially true here, where "the Court has not . . . devoted significant resources becoming familiar with the present action."  *Hill v. Impac Mortg. Holdings, Inc.*, No. SACV 14-01895 JVS (ANx), 2015 U.S. Dist. LEXIS 30131, at *3 (C.D. Cal. Mar. 11, 2015).  This Court should decline to exercise supplemental jurisdiction and dismiss the second cause of action.

### B.    Plaintiffs Lack Standing to Assert a Claim for California Unfair Competition Law Against FPM.

To have standing to pursue a claim against FPM in an Article III Court, Plaintiffs must demonstrate that they have "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical," and that there is "a causal connection between the injury and the conduct complained of" so that the injury is "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted).

"Injury in fact" is also necessary for standing under the UCL.  *See In re NJOY Inc. Consumer Class Action Litig.*, No. 14-cv-00428 MMM (JEMx), 2015 U.S. Dist. LEXIS 109133, at *72 (C.D. Cal. Aug. 14, 2015).  "Proposition 64 amended the UCL to limit standing to those who have suffered 'injury in fact and have lost money or property as a result of such unfair competition.'"  *Turcios v. Carma Labs., Inc.*, 296 F.R.D. 638, 643-44 (C.D. Cal. 2014) (quoting *Californians for Disability Rights v. Mervyn's, LLC*, 138 P.3d 207, 209 (2006)).

UCL § 17204 states that "[a]ctions for relief pursuant to this chapter shall be prosecuted . . . by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."  "[T]he phrase 'as a result of' in the UCL imposes a causation requirement; that is, the alleged unfair competition must

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT H

have caused the plaintiff to lose money or property." *Hall v. Time*, 70 Cal. Rptr. 3d 466, 467 (2008).

Because the Amended Complaint does not allege how Plaintiffs were deceived by FPM's behavior or the causal connection between FPM's behavior and their damages, Plaintiffs try to resuscitate their claim by alleging they are FPM's competitors. (Am. Compl. ¶ 13.) This preposterous theory was already put forth in Plaintiffs' Opposition to FPM's motion to dismiss the original complaint. And as FPM explained in its reply in support of that motion, the two companies could not possibly be competitors. Plaintiffs are an entertainment news company. They "operat[e] a channel on the media sharing website YouTube. Through this YouTube channel, Plaintiffs provide multi-media news content to users of YouTube." (*Id.*) The Court can also take judicial notice of the fact that Plaintiffs have a magazine and a web-site, both devoted to entertainment news. *See generally* http://www.variety.com; *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (court may take judicial notice of publically available information); *Mendell v. Amgen, Inc. (In re Amgen Inc. Sec. Litig.)*, 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008) (same). Plaintiffs' consumers seek entertainment news. FPM is a music publisher that maintains a music library of production music (i.e. background music). FPM's consumers download music to use as background for their home or professional videos, including on YouTube. In fact, to the extent that they have any business relationship at all, Plaintiffs are among FPM's consumers, as they create YouTube videos containing background music.

The only harm that Plaintiffs contend FPM caused is to hypothetical YouTube users during a period of time *after* Plaintiffs downloaded FPM's music and used it in its news stories. This does not provide Plaintiffs with standing. As competitors, the only injury that Plaintiffs could have suffered is by virtue of their customers being deceived by FPM into buying background music and making videos instead of consuming Plaintiffs' entertainment news. Not only is this claim

15

VOGTS000759

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1 absent from the Amended Complaint, nothing could save it from being implausible,

2 and therefore the claim should be dismissed.

3      Plaintiffs have not demonstrated an injury in fact for purposes of either

4 Article III standing, or standing to pursue violations of the UCL. Plaintiffs' second

5 cause of action therefore also fails.

6 **CONCLUSION**

7      FPM respectfully requests that the Court dismiss Plaintiffs' Amended

8 Complaint in its entirety and with prejudice under Federal Rules of Civil Procedure

9 12(b)(1) and 12(b)(6).

10

11 Dated: January 21, 2016         Respectfully submitted,

12                  BAKER & HOSTETLER LLP

13

14                  By:   *s/Oren J. Warshavsky*

15

16                  *Attorneys for Defendant Freeplay Music, LLC*

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

VOGTS000760

EXHIBIT H

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025.  On **January 21, 2016** I served the foregoing document(s) described as:

**FREEPLAY MUSIC, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**[X]  BY ELECTRONIC SERVICE/CM-ECF:  I caused the foregoing document to be electronically served via CM/ECF for the United States District Court, Central District of California upon all parties listed on the court docket for this case.**

I declare under penalty of perjury pursuant to the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 21, 2016, at Los Angeles, California.

/s/James A. Belton
James A. Belton

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

VOGTS000761 2:15-cv-6822

EXHIBIT H