# Exhibit K

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CIVIL MINUTES--GENERAL

Case No. CV 15-6822 AJW                        Date: April 14, 2016

Title: PENSKE MEDIA CORPORATION v. FREEPLAY MUSIC, LLC, et al.
================================================================
PRESENT:     HON. ANDREW J. WISTRICH, MAGISTRATE JUDGE

           Kerri Hays
          Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:
         None Present                              None Present

**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

To survive dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and citing Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although the court must accept as true all factual allegations contained in the complaint, that principle "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Plaintiff's counsel stated during the hearing that plaintiff does not dispute: (1) defendant's ownership of a valid copyright or (2) plaintiff's copying of a portion of the copyrighted work. Plaintiff contends, however, that its copying was non-infringing because it was de minimis or fair use, or that defendant is precluded from enforcing its copyright against plaintiff because defendant engaged in copyright misuse.

VOGTS000839

EXHIBIT K

The motion is **granted** in part and **denied** in part. The court accepts defendant's contention that the first amended complaint fails the Iqbal/Twombly test. However, allowing leave to amend is appropriate. In allowing plaintiff a second opportunity to amend its complaint, the court relies on the assurances of plaintiff's counsel during the February 29, 2016 hearing that plaintiff can and will provide a detailed factual basis for, among other things, the conclusory allegations contained in paragraphs 39-44, 47-54, and plaintiff's standing to sue under Cal. Bus. & Prof. Code § 17200 as either a competitor, a consumer, or both.  On the other hand, the court rejects defendant's contention that the first amended complaint fails to adequately plead a controversy for purposes of 28 U.S.C. § 2201 or that subject matter jurisdiction is lacking. The first amended complaint is dismissed with leave to amend within 14 days. Defendant shall have 14 days from service of the second amended complaint to file an answer or other responsive pleading.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                                    Initials of Deputy Clerk__klh___
CIVIL-GEN

VOGTS000840