Lincoln D. Bandlow (SBN: 170449)
Lincoln@BandlowLaw.com
Rom Bar-Nissim (SBN: 293356)
Rom@BandlowLaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.556.9680
Facsimile: 310.861.5550

Attorneys for Defendants
Penske Media Corporation
and Dirt.com, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10,<br><br>Defendants. | Case No.: 2:22-cv-01153-FWS-PVC<br><br>**THE PMC DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING PMC'S STAFF PHOTOGRAPHER**<br><br>[Concurrently-filed with Notice of Motion; Declaration of Lincoln Bandlow; [Proposed] Order]<br><br>Assigned to: Hon. Fred W. Slaughter<br><br>Date: June 15, 2023<br>Time: 8:30 a.m.<br>Courtroom: 10D |

## **TABLE OF CONTENTS**

I. INTRODUCTION……………………………………………………..1

II. STATEMENT OF FACTS ……...……………………………….…….1

III. EVIDENCE AND ARGUMENT REGARDING THE PMC PHOTOGRAPHER IS IRRELEVANT………………………………..2

IV. EVEN IF SUCH EVIDENCE AND ARGUMENT IS RELEVANT (WHICH IT IS NOT), ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE, CONFUSING THE ISSUES AND MISLEADING THE JURY……...4

V. CONCLUSION …………………………………………………….…..5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Authors Guild v. HathiTrust*,
    755 F.3d 87 (2d Cir. 2014) ................................................................................. 3

*Bhatti v. Ulahannan*,
    414 Fed.Appx 988 (9th Cir. 2011) ..................................................................... 4

*Campbell v. Acuff-Rose Music, Inc.*,
    510 U.S. 569 (1994) ........................................................................................... 3

*Crawford v. City of Bakersfield*,
    944 F.3d 1070 (9th Cir. 2019) ........................................................................... 3

*Davenport v. Board of Trustees of State Center Community College Dist.*,
    654 F.Supp.2d 1073 (E.D. Cal. 2009) ................................................................ 3

*Google, LLC v. Oracle America, Inc.*,
    141 S.Ct. 1183 (2021) ........................................................................................ 3

*McGucken v. Pub. Ocean Ltd.*,
    42 F.4th 1149 (9th Cir. 2022) ............................................................................ 3

*National Fire Protection Association, Inc. v. UpCodes, Inc.*,
    2021 WL 4913276 (C.D. Cal. 2021) .................................................................. 3

*Old Chief v. U.S.*,
    519 U.S. 172 (1997) ........................................................................................... 4

*Seltzer v. Green Day, Inc.*,
    725 F.3d 1170 (9th Cir. 2013) ........................................................................... 3

*United States v. Curtin*,
    489 F.3d 935 (9th Cir. 2007) ............................................................................. 3

**Statutes**

17 U.S.C. § 107 ......................................................................................................... 3

**Court Rules**

Federal Rule of Civil Procedure 16 ............................................................................... 2

Federal Rule of Evidence 401 ...................................................................................... 2

Federal Rule of Evidence 402 ...................................................................................... 3

Federal Rule of Evidence 403 ...................................................................................... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Brandon Vogts ("Vogts") seeks to introduce evidence and argument concerning the staff photographer for defendant Penske Media Corporation ("PMC"). Vogts seeks to introduce such evidence and argument regarding PMC's staff photographer (the "PMC Photographer") to demonstrate that the fourth fair use factor weighs against fair use.

The PMC Photographer is irrelevant to the fourth fair use factor. The fourth fair use factor examines "the effect of the use upon the potential market for or value of" Vogts' photographs that are the subject of this lawsuit (the "Subject Photographs"). The PMC Photographer does not concern the Subject Photographs whatsoever. Therefore, the PMC Photographer has no relevance to whether the use of the Subject Photographs by PMC and defendant Dirt.com, LLC ("Dirt") (collectively, the "PMC Defendants") results in market harm to the subject photographs. Moreover, allowing Vogts to introduce evidence of the PMC Photograph will prejudicially confuse the jury by focusing on issues unrelated to the PMC Defendants' use of the Subject Photographs and the impact on the market for them.

Accordingly, the PMC Defendants seek an order precluding Vogts, his witnesses and his counsel from mentioning, referring to, arguing about or attempting to introduce evidence pertaining to the PMC Photographer.

## II. STATEMENT OF FACTS

Vogts' complaint concerns the PMC Defendants' alleged infringement of Vogts' photographs (the "Subject Photographs"). *See generally* Dkt. No. 1. In light of the March 3, 2023 Joint Stipulation of Facts (Dkt. No. 42) and the May 9, 2023 conference of counsel, the parties agree that the only issues for trial are: (1) whether the PMC Defendants made a fair use of the Subject Photographs; and (2) if not, what is the number of statutory damages awards to which Vogts is entitled, whether the

PMC Defendants' infringement was willful and the amount of statutory damages to be awarded. Declaration of Lincoln Bandlow ("LB Decl."), ¶ 2.

In his motion for partial summary judgment (the "MPSJ"), Vogts submitted evidence concerning the PMC Photographer to argue market harm under the fourth fair use factor. *See* Dkt. No. 44-44, ¶ 24; Dkt. No. 44, pp. 19:23-20:2; ; Dkt. No. 45; Dkt. No. 45-4. Specifically, Vogts cited the PMC Photographer to argue:

> Plus, given their own photography staff, archive of photos, and licensing practices [Citations to the Separate Statement and Vogts MPSJ]—and the fact that each of the posts at issue began with a 'header photo' consisting of a licensed photo of the individual discussed in the post superimposed over an unlicensed photo of the property discussed in the post [Citations to the Vogts MPSJ]—the PMC Defendant cannot genuinely argue [that] a market exists to republish Vogts' photos.

Dkt. No. 44, pp. 19:19-20:2 (emphasis omitted).

In response, the PMC Defendants objected to evidence of the PMC Photographer as irrelevant. Dkt. No. 53-3, Sections IV; Dkt No. 53-4, ¶ 24.

During the May 9, 2023, conference of counsel under Federal Rule of Civil Procedure ("F.R.C.P.") Rule 16, counsel for the PMC Defendants discussed this Motion. LB Decl., ¶ 4. Vogts' counsel refused to refrain from mentioning, referring to, arguing about or attempting to introduce evidence or argument about the PMC Photographer. *Id.* Rather, Vogts' counsel stated that this information was purportedly relevant to the fourth fair use factor. *Id.*

### III. EVIDENCE AND ARGUMENT REGARDING THE PMC PHOTOGRAPHER IS IRRELEVANT

Pursuant to Federal Rule of Evidence ("F.R.E.") Rule 401, evidence "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the

1  action." If the evidence is "irrelevant," it is "not admissible." F.R.E. Rule 402.

2       To decide "whether a fact is 'of consequence in determining the action," this
3  Court must consider "the substantive issues the case presents." *Crawford v. City of*
4  *Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019). Therefore, to be relevant, the
5  "evidence must be probative of a fact of consequence in the matter and must have
6  tendency to make existence of that fact more or less probable that it would have been
7  without the evidence." *Davenport v. Board of Trustees of State Center Community*
8  *College Dist.*, 654 F.Supp.2d 1073, 1085 (E.D. Cal. 2009) (*citing United States v.*
9  *Curtin*, 489 F.3d 935, 943-44 (9th Cir. 2007)).

10       The "fourth statutory factor focuses upon the 'effect' of the copying in the
11  'market for or value of the copyrighted work.'" *Google, LLC v. Oracle America, Inc.*
12  141 S.Ct. 1183, 1206 (2021) (*quoting* 17 U.S.C. § 107(4)). Market harm is "a matter
13  of degree, and the importance of this factor will vary, not only with the amount of
14  harm, but also with the relative strength of the showing on the other factors."
15  *Campbell v. Acuff-Rose, Inc.*, 510 U.S. 569 591 fn. 21 (1994). Courts examine
16  "(1) the extent of market harm caused by the particular actions of the infringer; and
17  (2) whether unrestricted and widespread conduct of the sort engaged in by the
18  defendant would result in substantially adverse impact on the potential market for the
19  original" *McGucken v. Pub. Ocean Ltd.*, 42 F.4th 1149, 1163 (9th Cir. 2022).

20       When the secondary use is transformative, "the allegedly infringing use does
21  not substitute for the original" because it "serves a 'different market function'" and,
22  therefore, "weighs in favor of fair use." *Id.* at 1164 (*quoting Seltzer v. Green Day,*
23  *Inc.*, 725 F.3d 1170, 1179 (9th Cir. 2013); *Campbell*, 510 U.S. at 591). "The Factor
24  Four analysis is concerned with ***only one type of economic injury*** to a copyright
25  holder: the harm that results because ***the secondary use serves as a market substitute***
26  ***for the work***." *National Fire Protection Association, Inc. v. UpCodes, Inc.*, 2021 WL
27  4913276, *7 (C.D. Cal. Aug. 9, 2021) (emphasis added) (*quoting Authors Guild v.*
28  *HathiTrust,* 755 F.3d 87, 99 (2d Cir. 2014)).

3
MPA ISO THE PMC DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND
ARGUMENT REGARDING PMC'S STAFF PHOTOGRAPHER

Here, the PMC Photographer is irrelevant because the fact PMC has a staff photographer is irrelevant to the PMC Defendants' use of the Subject Photographs – let alone how that use impacts the market for the Subject Photographs. Further, it assumes (without any foundation) that public figures will agree to the PMC Photographer entering their properties for news articles that shine a spotlight on where they live.

Accordingly, the Court should preclude Vogts from introducing evidence or argument regarding the PMC Photographer because the PMC Photographer is irrelevant to the fourth fair use factor.

## IV. EVEN IF SUCH EVIDENCE AND ARGUMENT IS RELEVANT (WHICH IT IS NOT), ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE, CONFUSING THE ISSUES AND MISLEADING THE JURY

Pursuant to F.R.E. Rule 403, this Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues [and] misleading the jury." The term "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997) (*quoting* Advisory Committee's Notes on F.R.E. 403). Evidence that "would effectively require a mini-trial within a trial" is "likely to confuse the jury." *Bhatti v. Ulahannan*, 414 Fed.Appx. 988, 989 (9th Cir. 2011).

Here, even assuming the PMC Photographer has probative value to the determination of the fourth fair use factor, its probative value is low for the reasons stated above. Introducing such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury as it would require conducting a mini-trial on whether the public figures would authorize the PMC Photographer to photograph their properties.

Accordingly, for these additional reasons, the Court should exclude evidence

and argument relating to the PMC Photographer.

## V. CONCLUSION

Therefore, for the reasons set forth above, the PMC Defendants respectfully request that this Court issue and order preventing Vogts, his witnesses and his counsel from mentioning, referring to, arguing about or attempting to introduce evidence pertaining to the PMC Photographer.

Dated: May 11, 2023

**Law Offices of Lincoln Bandlow**

By _____
LINCOLN D. BANDLOW
ROM BAR-NISSIM
Attorneys for Defendants
Penske Media Corporation and
Dirt.com, LLC