| | |
|---|---|
| 1 | Lincoln D. Bandlow (SBN: 170449) |
| | Lincoln@BandlowLaw.com |
| 2 | Rom Bar-Nissim (SBN: 293356) |
| | Rom@BandlowLaw.com |
| 3 | **Law Offices of Lincoln Bandlow, P.C.** |
| | 1801 Century Park East, Suite 2400 |
| 4 | Los Angeles, CA 90067 |
| | Telephone: 310.556.9680 |
| 5 | Facsimile: 310.861.5550 |
| 6 | Attorneys for Defendants |
| 7 | Penske Media Corporation and Dirt.com, LLC |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON VOGTS, an individual, | Case No.: 2:22-cv-01153-FWS-PVC |
| Plaintiff, | **THE PMC DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING PMC'S TERMS OF USE** |
| v. | |
| PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10, | |
| Defendants. | [Concurrently-filed with Notice of Motion; Declaration of Lincoln Bandlow; [Proposed] Order] |
| | Assigned to: Hon. Fred W. Slaughter |
| | Date: June 15, 2023 |
| | Time: 8:30 a.m. |
| | Courtroom: 10D |

**TABLE OF CONTENTS**

I. INTRODUCTION…………………………………………………………...1

II. STATEMENT OF FACTS ……...…………………………………….……1

III. EVIDENCE AND ARGUMENT REGARDING THE PMC TOU ARE IRRELEVANT……………………………………………………………....3

   A. The PMC TOU Is Irrelevant to the Fourth Fair Use Factor………...3

   B. The PMC TOU Is Irrelevant to Willful Infringement ………….…4

IV. EVEN IF SUCH EVIDENCE AND ARGUMENT IS RELEVANT (WHICH IT IS NOT), ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE, CONFUSING THE ISSUES AND MISLEADING THE JURY……...6

V. CONCLUSION ……………………………………………………..7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Authors Guild v. HathiTrust*,
 755 F.3d 87 (2d Cir. 2014) ................................................................................... 4

*Campbell v. Acuff-Rose Music, Inc.*,
 510 U.S. 569 (1994) ........................................................................................ 3, 4

*Crawford v. City of Bakersfield*,
 944 F.3d 1070 (9th Cir. 2019) ............................................................................. 3

*Davenport v. Board of Trustees of State Center Community College Dist.*,
 654 F.Supp.2d 1073 (E.D. Cal. 2009) ................................................................. 3

*Erickson Productions, Inc. v. Kast*,
 921 F.3d 822 (9th Cir. 2019) ............................................................................... 5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
 921 F.3d 822 (9th Cir. 2019) ............................................................................... 5

*Google, LLC v. Oracle America, Inc.*,
 141 S.Ct. 1183 (2021) ......................................................................................... 3

*Luvdarts, LLC v. AT&T Mobility, LLC*,
 710 F.3d 1068 (9th Cir. 2013) ............................................................................. 5

*McGucken v. Pub. Ocean Ltd.*,
 42 F.4th 1149 (9th Cir. 2022) .............................................................................. 6

*National Fire Protection Association, Inc. v. UpCodes, Inc.*,
 2021 WL 4913276 (C.D. Cal. 2021) ................................................................... 4

*Old Chief v. U.S.*,
 519 U.S. 172 (1997) ............................................................................................ 6

*Seltzer v. Green Day, Inc.*,
 725 F.3d 1170 (9th Cir. 2013) ............................................................................. 4

*Unicolors, Inc. v. Urban Outfitters, Inc*,
  853 F.3d 980 (9th Cir. 2017) .................................................................................. 5

*United States v. Curtin*,
  489 F.3d 935 (9th Cir. 2007) .................................................................................. 3

*VHT, Inc. v. Zillow Group, Inc.*,
  918 F.3d 723 (9th Cir. 2019) ............................................................................. 5, 6

**Statutes**

17 U.S.C. § 107 ........................................................................................................ 3

**Court Rules**

Federal Rule of Civil Procedure 16 ......................................................................... 2

Federal Rule of Evidence 401 .................................................................................. 3

Federal Rule of Evidence 402 .................................................................................. 3

Federal Rule of Evidence 403 .................................................................................. 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Brandon Vogts ("Vogts") seeks to introduce evidence and argument concerning the terms of use for the websites of defendant Penske Media Corporation ("PMC"). Vogts seeks to introduce such evidence and argument to demonstrate: (1) that the fourth fair use factor weighs against fair use; and (2) that PMC and defendant Dirt.com, LLC (collectively, the "PMC Defendants") purportedly engaged in willful infringement for purposes of statutory damages.

PMC's terms of use (the "TOU") is irrelevant to both the fourth fair use factor and willful infringement. The fourth fair use factor examines "the effect of the use upon the potential market for or value of" Vogts' photographs that are the subject of this lawsuit (the "Subject Photographs"). Willfulness examines whether the PMC Defendants had actual knowledge, willfully blindness or reckless regarding their alleged infringement.

The TOU is an agreement between PMC and those who browse PMC websites and does not concern the Subject Photographs whatsoever. Therefore, the TOU has no relevance at all to whether the PMC Defendants' use of the Subject Photographs results in market harm to the Subject Photographs or their alleged willful infringement. Moreover, allowing Vogts to introduce evidence and argument on the PMC TOU will prejudicially confuse the jury.

Accordingly, the PMC Defendants seek an order precluding Vogts, his witnesses and his counsel from mentioning, referring to, arguing about, or attempting to introduce evidence pertaining to PMC's TOU.

## II. STATEMENT OF FACTS

Vogts' complaint concerns the PMC Defendants' alleged infringement of Vogts' photographs (the "Subject Photographs"). *See generally* Dkt. No. 1. In light of the March 3, 2023 Joint Stipulation of Facts (Dkt. No. 42) and the May 9, 2023 conference of counsel, the parties agree that the only issues for trial are: (1) whether

the PMC Defendants made a fair use of the Subject Photographs; and (2) if not, what is the number of statutory damages awards to which Vogts is entitled, whether the PMC Defendants' infringement was willful and the amount of statutory damages to be awarded. Declaration of Lincoln Bandlow ("LB Decl."), ¶ 2.

During discovery for this case, Vogts produced PMC's TOU, labeled VOGTS349-364. LB Decl., ¶ 3, Ex. A. Additionally, Vogts submitted and attempted to rely upon the TOU in support of his Motion for Partial Summary Judgment (the "Vogts MPSJ"). *See* Dkt. No. 44-44, ¶¶ 30-31, 37, 49; Dkt. No. 44, pp. 3:21-24, 4:1-3, 19:23-20:2; Dkt. No. 45; Dkt. No. 45-7. Specifically, Vogts cited the TOU to argue:

> given their own photography staff, archive of photos, and licensing practices [Citations to the Separate Statement and Vogts MPSJ]—and the fact that each of the posts at issue began with a 'header photo' consisting of a licensed photo of the individual discussed in the post superimposed over an unlicensed photo of the property discussed in the post [Citations to the Vogts MPSJ]—the PMC Defendant cannot genuinely argue" that "a market exists to republish Vogts' photos.

Dkt. No. 44, pp. 19:19-20:2 (emphasis omitted).

In response, the PMC Defendants objected to the TOU on the grounds that it was irrelevant. Dkt. No. 53-3 Sections I, VII.

During the May 9, 2023, conference of counsel under Federal Rule of Civil Procedure ("F.R.C.P.") Rule 16, counsel for the PMC Defendants discussed this Motion. LB Decl., ¶ 4. Vogts' counsel refused to refrain from mentioning, referring to, arguing about or attempting to introduce the PMC TOU. *Id.* Rather, Vogts' counsel stated that this information was relevant to the fourth fair use factor and the issue of willful infringement for purposes of statutory damages. *Id.*

///
///

## III. EVIDENCE AND ARGUMENT REGARDING THE PMC TOU ARE IRRELEVANT

Pursuant to Federal Rule of Evidence ("F.R.E.") Rule 401, evidence "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." If the evidence is "irrelevant," it is "not admissible." F.R.E. Rule 402.

To decide "whether a fact is 'of consequence in determining the action," this Court must consider "the substantive issues the case presents." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019). Therefore, to be relevant, the "evidence must be probative of a fact of consequence in the matter and must have tendency to make existence of that fact more or less probable that it would have been without the evidence." *Davenport v. Board of Trustees of State Center Community College Dist.*, 654 F.Supp.2d 1073, 1085 (E.D. Cal. 2009) (*citing United States v. Curtin*, 489 F.3d 935, 943-44 (9th Cir. 2007)).

As discussed in greater detail below, the PMC TOU is of no consequence to the fourth fair use factor or willful infringement for purposes of statutory damages.

### A. The PMC TOU is Irrelevant to the Fourth Fair Use Factor

The "fourth statutory factor focuses upon the 'effect' of the copying in the 'market for or value of the copyrighted work.'" *Google, LLC v. Oracle America, Inc.* 141 S.Ct. 1183, 1206 (2021) (*quoting* 17 U.S.C. § 107(4)). Market harm is "a matter of degree, and the importance of this factor will vary, not only with the amount of harm, but also with the relative strength of the showing on the other factors." *Campbell v. Acuff-Rose, Inc.*, 510 U.S. 569 591 fn. 21 (1994). Courts examine "(1) the extent of market harm caused by the particular actions of the infringer; and (2) whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in substantially adverse impact on the potential market for the original" *McGucken v. Pub. Ocean Ltd.*, 42 F.4th 1149, 1163 (9th Cir. 2022).

When the secondary use is transformative, "the allegedly infringing use does not substitute for the original" because it "serves a 'different market function'" and, therefore, "weighs in favor of fair use." *Id.* at 1164 (*quoting Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1179 (9th Cir. 2013); *Campbell*, 510 U.S. at 591). "The Factor Four analysis is concerned with ***only one type of economic injury*** to a copyright holder: the harm that results because ***the secondary use serves as a market substitute for the work***." *National Fire Protection Association, Inc. v. UpCodes, Inc.*, 2021 WL 4913276, *7 (C.D. Cal. Aug. 9, 2021) (emphasis added) (*quoting Authors Guild v. HathiTrust,* 755 F.3d 87, 99 (2d Cir. 2014)).

Here, the TOU is irrelevant to the fourth fair use factor. First, the TOU is dated March 16, 2022 and the PMC Defendants utilized the Subject Photographs ***before*** March 16, 2022. *See* Dkt. No. 44-44, ¶¶ 55, 59, 63 (Subject Photographs were uploaded to Dirt.com on August 7, 2020, September 15, 2020 and March 10, 2021). LB Decl., ¶ 3, Ex. A. Second, the TOU is irrelevant because it concerns the use by third parties of the PMC Defendants' websites and not the use of the Subject Photographs. *Id.* Third, the TOU does not concern the Subject Photographs whatsoever. *Id.* Fourth, insofar as Vogts relies on the TOU to discuss PMC's licensing agreements, it remains irrelevant because there is no evidence that Vogts made the Subject Photographs available through third-party licensing agents – nor does Plaintiff provide any citation to how the PMC Defendants' licensing practices involving different photographs for different uses results in market harm to the Subject Photographs.

Accordingly, the Court should preclude Vogts from introducing evidence or argument regarding the PMC TOU because it is irrelevant to the fourth fair use factor.

### B. The PMC TOU is Irrelevant to Willful Infringement

For purposes of statutory damages, willfulness requires: "(1) that the infringing party was actually aware of the infringing activity, or (2) that the

infringing party's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723, 748 (9th Cir. 2019) (internal brackets omitted) (*quoting Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017). For willful blindness, Vogts must prove the PMC Defendants: "(1) subjectively believed that infringement was likely occurring on their networks and they (2) took deliberate actions to avoid learning about the infringement." *VHT I*, 918 F.3d at 748 (*quoting Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013)). For reckless disregard, Vogts must prove the PMC Defendants "refus[ed], as a matter of policy, to even investigate or attempt to determine whether particular photos are subject to copyright protections." *VHT I*, 918 F.3d at 748 (*quoting Unicolors*, 853 F.3d at 992).

Critically, a "should have known" standard "does not fit within this framework because it is a negligence standard." *Erickson Productions, Inc. v. Kast*, 921 F.3d 822, 833 (9th Cir. 2019). "Negligence is a less culpable mental state than actual knowledge, willful blindness, or recklessness, the three mental states that properly support a finding of willfulness." *Id*. (*citing Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770 (2011); *Unicolors*, 853 F.3d at 992).

Further, "'constructive knowledge' is distinct from, and less culpable than, any of the mental states that support a finding of willfulness." *Erikson Productions*, 921 F.3d at 834. Additionally, a "had reason to know" standard is equally improper because it "could be satisfied by a negligence finding" and "does not necessarily mean" the defendant is "actually aware of, or willfully blind or reckless with respect to" the infringement. *Id.* at 835.

Here, the PMC TOU is of no consequence to determining whether the PMC Defendants were "actually aware of the infringing activity" or that their "actions were the result of reckless disregard for, or willful blindness to" Vogts' copyrights. Rather, Vogts seeks to introduce evidence and argument about the PMC TOU to demonstrate that the PMC Defendants should have known that the Subject

Photographs were subject to copyright protection. *See VHT*, 918 F.3d at 749 (vacating the jury's finding of willful infringement because plaintiff's argument that the defendant was "a sophisticated business with a robust legal team" that "should have known that its feed provider license agreements were invalid is unavailing.")

Accordingly, the Court should preclude Vogts from introducing evidence or argument regarding the PMC TOU because it is irrelevant to determining willfulness.

## IV. EVEN IF SUCH EVIDENCE AND ARGUMENT IS RELEVANT (WHICH IT IS NOT), ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE, CONFUSING THE ISSUES AND MISLEADING THE JURY

Pursuant to F.R.E. Rule 403, this Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues [and] misleading the jury." The term "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997) (*quoting* Advisory Committee's Notes on F.R.E. 403).

Here, even assuming the PMC TOU has probative value to the determination of the fourth fair use factor or willful infringement (which it does not), its probative value is low for the reasons stated above. Introducing such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury as it would require focusing on how an agreement that has no bearing on the Subject Photographs whatsoever results in evidence of market harm to the Subject Photographs or of willful infringement.

Accordingly, for these additional reasons, the Court should exclude evidence and argument relating to the Unrelated PMC Litigation.

## V. CONCLUSION

Therefore, for the reasons set forth above, the PMC Defendants respectfully request that this Court issue and order preventing Vogts, his witnesses and his counsel from mentioning, referring to, arguing about or attempting to introduce evidence pertaining to the PMC TOU.

Dated:  May 11, 2023

**Law Offices of Lincoln Bandlow**

By *[signature]*
LINCOLN D. BANDLOW
ROM BAR-NISSIM
Attorneys for Defendants
Penske Media Corporation and
Dirt.com, LLC