1  Lincoln D. Bandlow (SBN: 170449)
   Lincoln@BandlowLaw.com
2  Rom Bar-Nissim (SBN: 293356)
   Rom@BandlowLaw.com
3  **Law Offices of Lincoln Bandlow, P.C.**
   1801 Century Park East, Suite 2400
4  Los Angeles, CA 90067
   Telephone: 310.556.9680
5  Facsimile: 310.861.5550

6  Attorneys for Defendants
   Penske Media Corporation
7  and Dirt.com, LLC

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

| 12  BRANDON VOGTS, an individual, | Case No.: 2:22-cv-01153-FWS-PVC |
|---|---|
| 13              Plaintiff, | |
| 14 | **THE PMC DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING SCREENSHOTS OF VOGTS' WEBSITE** |
| 15      v. | |
| 16  PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10, | |
| 17 | |
| 18 | |
| 19              Defendants. | [Concurrently-filed with Notice of Motion; Declaration of Lincoln Bandlow; [Proposed] Order] |
| 20 | |
| 21 | Assigned to: Hon. Fred W. Slaughter |
| 22 | |
| 23 | Date: June 15, 2023 |
| 24 | Time: 8:30 a.m. Courtroom: 10D |

25

26

27

28

MPA ISO THE PMC DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING SCREENSHOTS OF VOGTS' WEBSITE

## **TABLE OF CONTENTS**

I. INTRODUCTION……………………………………………………..1

II. STATEMENT OF FACTS ……...…………………………….………1

III. THE WEBSITE SCREENSHOTS MUST BE EXCLUDED UNDER F.R.C.P. RULE 37(C) ……....................................................................3

IV. CONCLUSION …………………………………….……………4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) ........................................................................... 3

**Court Rules**

Federal Rule of Civil Procedure 26 ........................................................................ 3

Federal Rule of Civil Procedure 37 .................................................................... 1, 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Brandon Vogts ("Vogts") seeks to introduce evidence and argument concerning screenshots from his website (collectively, the "Website Screenshots"). The Website Screenshots were not disclosed in discovery. Rather, they were introduced for the first time in connection with Vogts' Opposition to the Motion for Partial Summary Judgment of Defendants Penske Media Corporation ("PMC") and Dirt.com, LLC ("Dirt") (collectively, the "PMC Defendants"). Federal Rule of Civil Procedure ("F.R.C.P.") Rule 37(c) mandates that the Website Screenshots be excluded from trial.

Accordingly, the PMC Defendants seek an order precluding Vogts, his witnesses and his counsel from mentioning, referring to, arguing about or attempting to introduce evidence pertaining to the Website Screenshots.

## II. STATEMENT OF FACTS

Vogts' complaint concerns the PMC Defendants' alleged infringement of Vogts' photographs (the "Subject Photographs"). *See generally* Dkt. No. 1. In light of the March 3, 2023 Joint Stipulation of Facts (Dkt. No. 42) and the May 9, 2023 conference of counsel, the parties agree that the only issues for trial are: (1) whether the PMC Defendants made a fair use of the Subject Photographs; and (2) if not, what is the number of statutory damages awards to which Vogts is entitled, whether the PMC Defendants' infringement was willful and the amount of statutory damages to be awarded. Declaration of Lincoln Bandlow ("LB Decl."), ¶ 2.

On June 29, 2022, the PMC Defendants propounded written discovery on Vogts – which included requests for production of documents (the "RFPs"). LB Decl., ¶ 3, Ex. A. Below are the RFPs that are relevant to this Motion.

RFP No. 203: "All DOCUMENTS and COMMUNICATIONS RELATED TO each attempt by VOGTS to LICENSE the SUBJECT PHOTOGRAPHS". LB Decl., ¶ 3, Ex. A, p. 37:1-3,

RFP NO. 206: "All DOCUMENTS and COMMUNICATIONS by VOGTS RELATED TO attempts to LICENSE his copyrighted works." LB Decl., ¶ 3, Ex. A, p. 37:13-15.

On August 19, 2022, Vogts served his responses to the PMC Defendants written discovery, including the RFPs. LB Decl., ¶ 4, Ex. B. For RFPs Nos. 203 and 206, Vogts responded as follows

Response to RFP No. 203: "Subject to the above objections, Vogts will produce relevant, responsive, non-privileged documents within his possession, custody, and control sufficient to show any attempts to license the SUBJECT PHOTOGRAPHS." LB Decl., ¶ 4, Ex. B., p. 84:10-25.

Response to RFP No. 206: "Subject to the above general and specific objections, Vogts will produce the SUBJECT PHOTOGRAPHS and the registration certificates from the U.S. Copyright Office covering the SUBJECT PHOTOGRAPHS."[1] LB Decl., ¶ 4, Ex. B, p. 86:4-19.

Vogts eventually produced 938 pages of documents, but did not produce the Website Screenshots by the February 15, 2023 non-expert discovery cut-off. LB Decl., ¶ 6; Dkt. No. 41, p. 2:16. Nor did Vogts disclose the Website Screenshots in connection with his motion for partial summary judgment. LB Decl., ¶ 5. Rather, Vogts disclosed the Website Screenshots for the first time in connection with his Opposition to the PMC Defendants' Motion for Partial Summary Judgment ("Opposition to MPSJ"). *See* Dkt. No. 57-7, ¶¶ 71-74; Dkt. No. 57-3, ¶¶ 16-18; Dkt. No. 57-4; Dkt. No. 57-5; Dkt. No. 57-6. Despite the Website Screenshots not containing the Subject Photographs or information on licensing, Vogts offered the Website Screenshots as evidence that he supposedly offered individual licensing opportunities for the Subject Photographs. Dkt. No. 57, pp. 3:8-13, 10:19-22, 11:13-

---

[1] During a meet and confer over Vogts' discovery responses, counsel for the PMC Defendants noted that the response to RFP No. 206 appeared to be a mistake – as it was non-responsive – and offered Vogts an opportunity to amend his response. LB Decl., ¶ 5. Vogts never amended his response to RFP No. 206. *Id.*

16, 11:24-27, 14:4-7, 14:14-15, 14:17-19.

During the May 9, 2023, conference of counsel under F.R.C.P. Rule 16, counsel for the PMC Defendants discussed this Motion. LB Decl., ¶ 7. Vogts' counsel refused to refrain from mentioning, referring to, arguing about or attempting to introduce evidence or argument about the Website Screenshots. *Id.*

### III. THE WEBSITE SCREENSHOTS MUST BE EXCLUDED UNDER F.R.C.P. RULE 37(c)

Pursuant to F.R.C.P. Rule 26, Vogts was obligated to provide the PMC Defendants "a copy … of all documents, electronically stored information … that the disclosing party has in [his] possession, custody, or control and may use to support [his] claims." F.R.C.P. Rule 26(a)(1)(A)(ii). F.R.C.P. Rule 26(e)(1) also required Vogts to supplement his responses to the RFPs.

F.R.C.P. Rule 37(c)(1) provides the consequences for failing to produce documents. Specifically, the rule states: "If a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." F.R.C.P. "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, the PMC Defendants propounded RFPs that directly pertained to the Website Screenshots. Vogts did not disclose the Website Screenshots by the February 15, 2023 non-expert discovery cut-off. Rather, he disclosed the Website Screenshots for the first time on March 23, 2023 in connection with his Opposition to the MPSJ. There is absolutely no justification for Vogts' failure to disclose the Website Screenshots.

Accordingly, the Court should preclude Vogts from introducing evidence or argument regarding the Website Screenshots under F.R.C.P. Rule 37(c).

## IV. CONCLUSION

Therefore, for the reasons set forth above, the PMC Defendants respectfully request that this Court issue and order preventing Vogts, his witnesses and his counsel from mentioning, referring to, arguing about or attempting to introduce evidence pertaining to the Website Screenshots.

Dated: May 11, 2023

**Law Offices of Lincoln Bandlow**

By _____
LINCOLN D. BANDLOW
ROM BAR-NISSIM
Attorneys for Defendants
Penske Media Corporation and
Dirt.com, LLC