# Exhibit A

Lincoln D. Bandlow (SBN: 170449)
Lincoln@BandlowLaw.com
Rom Bar-Nissim (SBN: 293356)
Rom@BandlowLaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.556.9680
Facsimile: 310.861.5550

Attorneys for Defendants
Penske Media Corporation
and Dirt.com, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10,<br><br>Defendants. | Case No.:  2:22-cv-01153-FWS-PVC<br><br>**FIRST SET OF REQUESTS FOR PRODUCTION OF THE PMC DEFENDANTS TO PLAINTIFF BRANDON VOGTS**<br><br>Assigned to: Hon. Fred W. Slaughter |

PROPOUNDING PARTY:   PENSKE MEDIA CORP & DIRT.COM, LLC

RESPONDING PARTY:   BRANDON VOGTS

SET NO.:   ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("F.R.C.P.") and Rules 26 and 34 the Local Civil Rules for the Central District of California ("Local Rules"), Defendants Penske Media Corporation and Dirt.com, LLC hereby propound these Requests for Production (singularly "Request" and, collectively, "Requests") upon Plaintiff Brandon Vogts.

## **DEFINITIONS**

1.   The term "ACCUSSED POSTS" shall have the same meaning as the defined term in Paragraph 25 of the COMPLAINT.

2.   The term "COMMUNICATION(S)" shall refer to every manner or means of disclosure, transfer, transmission, or exchange of information, whether orally or by DOCUMENTS and whether face-to-face, in person, in a group, by telephone, by letter, facsimile, telex or telecopy, or by any other process, electric, electronic or otherwise, and includes any DOCUMENTS as defined herein including any medium which abstracts, digests, records, or transcribes any such communication, or any subsequent review or discussion of such communication.

3.   The term "COMPLAINT" shall refer to the Complaint filed by VOGTS on February 18, 2022 in the matter entitled *Vogts v. Penske Media Corporation* (Case No. 2:22-cv-01153).

4.   The term "DIRT" shall mean defendant Dirt.com, LLC. individually and/or anyone acting on its behalf, including agents, employees, attorneys, insurance companies, accountants, investigators, representatives, business entities and any other PERSON or entity acting on its behalf.

5.   The term "DOCUMENT(S)" shall have the broadest meaning permitted by F.R.C.P. Rule 34(a), and shall include, without limitation, any tangible record of intelligence or information, whether handwritten, typed, printed or

otherwise visually or orally reproduced, including information stored on magnetic or optical media or in solid state storage devices, notes, drafts, reports, films, videotape, drawings, graphs, photographs, illustrations, agreements, letters, test data, circuit diagrams, software structure charts, software flow charts, software functional specifications, software code, data flow diagrams, hardware schematic diagrams, hardware logic diagrams, field maintenance print sets, timing diagrams, technical summaries, product description documents, software description documents, World Wide Web internet pages (whether archived or current), laboratory or engineers' notebooks, project or progress reports, database information, whether for prototypes or production products, and the like that are in possession, custody, or control of VOGTS or to which VOGTS otherwise has access.  Any such documents bearing on any sheet (front or back), margins, attachment, or enclosure thereof, any mark that is not a part of the original text or reproduction thereof, is to be considered and produced as a separate document.

6.     The term "EXHIBIT A" shall refer to Exhibit A attached to the REQUESTS FOR ADMISSION.

7.     The term "EXHIBIT B" shall refer to Exhibit B attached to the REQUESTS FOR ADMISSION.

8.     The term "EXHIBIT C" shall refer to Exhibit C attached to the REQUESTS FOR ADMISSION.

9.     The term "GALLEGOS" shall refer to Joseph Gallegos who is referenced in EXHIBIT A, whether as an individual and/or anyone acting on his behalf, including agents, employees, attorneys, insurance companies, accountants, investigators, representatives, business entities and any other PERSON or entity acting on his behalf.

10.     The terms "IDENTIFY" and "IDENTIFYING" means:

(a) when used with respect to a PERSON shall mean providing the PERSON's full name, business and/or residential address and telephone

1     number;

2         (b) when used with respect to a DOCUMENT shall mean to

3     IDENTIFY the DOCUMENT'S author, signor, sender, addresses and all

4     recipients; to state the DOCUMENT'S title, date and number of pages; if the

5     DOCUMENT has been produced by any party to this litigation, to state the

6     DOCUMENT'S bates number; to describe its subject matter; and to state the

7     DOCUMENT'S present location, the name and address of any PERSONS

8     currently having custody or control of it, and any other descriptive

9     information necessary to IDENTIFY such DOCUMENT sufficiently in a

10    subpoena duces tecum or a request for production; and

11        (c) when used with respect to a COMMUNICATION other than a

12    DOCUMENT shall mean to IDENTIFY the PERSON making the

13    COMMUNICATION, its recipients, and all natural persons who were

14    present at the time the COMMUNICATION was made, and to state the date,

15    place and subject matter of the COMMUNICATION.

16        11.   The term "IDX" shall have the same meaning as the defined term in

17    Paragraph 14 of the COMPLAINT.

18        12.   The terms "INTERROGATORY" shall refer to the Interrogatories of

19    the PMC DEFENDANTS on VOGTS (Set One) that are concurrently served with

20    these Requests.

21        13.   The term "LICENSE" shall refer to any contract (whether written, oral

22    or implied) involving the exercise of any of the exclusive rights set forth in 17 U.S.C.

23    § 106.

24        14.   The term "MLS" shall have the same meaning as the defined term in

25    Paragraph 11 of the COMPLAINT.

26        15.   The term "MOVE" shall have the same meaning as the defined term in

27    Paragraph 7 of the COMPLAINT.

28        16.   The term "O'DOWD" shall refer to Chris O'Dowd who is referenced

1   in EXHIBIT B, whether as an individual and/or anyone acting on his behalf,

2   including agents, employees, attorneys, insurance companies, accountants,

3   investigators, representatives, business entities and any other PERSON or entity

4   acting on his behalf.

5          17.    The term "O'PORTER" shall refer to Dawn O'Porter who is

6   referenced in EXHIBIT B, whether as an individual and/or anyone acting on her

7   behalf, including agents, employees, attorneys, insurance companies, accountants,

8   investigators, representatives, business entities and any other PERSON or entity

9   acting on her behalf.

10         18.    The terms "PERSON" and "PERSONS" mean and include natural

11  persons and, without limitation, companies, firms, associations, proprietorships,

12  partnerships, joint ventures, agencies, consortiums, associations, societies,

13  corporations, and other legal entities, as well as their parents, subsidiaries, and

14  affiliates, and all divisions, departments and units of any of them.

15         19.    The term "PMC DEFENDANTS" shall, collectively, refer to DIRT

16  and PMC.

17         20.    The term "PMC" shall mean defendant Penske Media Corporation

18  individually and/or anyone acting on its behalf, including agents, employees,

19  attorneys, insurance companies, accountants, investigators, representatives, business

20  entities and any other PERSON or entity acting on its behalf.

21         21.    The term "PRAYER FOR RELIEF" shall mean the Prayer for Relief

22  on Page 9 of the COMPLAINT.

23         22.    The term "REAL ESTATE AGENT" shall mean all PERSONS

24  involved in the involved in real property transactions on behalf of the owner or seller

25  of the real property, whether as an individual and/or anyone acting on their behalf,

26  including agents, employees, attorneys, insurance companies, accountants,

27  investigators, representatives, business entities and any other PERSON or entity

28  acting on their behalf.

23.     The terms "RELATE TO" or "RELATING TO" shall be construed in their broadest sense to require information, DOCUMENTS, COMMUNICATIONS or things which directly or indirectly construe, comprise, concern, constitute, relate, pertain to, mention, explain, identify, describe, discuss, refer to (directly or indirectly), reflect, regard, evidence, represent, comment upon, be connected with, or summarize the subject of the Request.

24.     The terms "REQUEST FOR ADMISSION" and "REQUESTS FOR ADMISSION" shall refer to the Requests for Admission of the PMC DEFENDANTS to VOGTS (Set One) that is concurrently served with these Requests.

25.     The term "STANCHFIELD" shall refer to Darby Stanchfield who is referenced in EXHIBIT A, whether as an individual and/or anyone acting on her behalf, including agents, employees, attorneys, insurance companies, accountants, investigators, representatives, business entities and any other PERSON or entity acting on her behalf.

26.     The term "SUBJECT PHOTOGRAPHS" shall have the same meaning as the defined term in Paragraph 22 of the COMPLAINT.

27.     The term "USCO" shall refer to the United States Copyright Office.

28.     The term "VOGTS" shall mean plaintiff Brandon Vogts individually and/or anyone acting on his behalf, including agents, employees, attorneys, insurance companies, accountants, investigators, representatives, business entities and any other PERSON or entity acting on his behalf.

29.     The term "VOWs" shall have the same meaning as the defined term in Paragraph 14 of the COMPLAINT.

30.     The term "WILLIAMS PROPERTY OWNER" shall refer PERSON(S) who owned the real property described in EXHIBIT C and sold it to Z.WILLIAMS, whether as an individual and/or anyone acting on its behalf, including agents, employees, attorneys, insurance companies, accountants,

1 | investigators, representatives, business entities and any other PERSON or entity

2 | acting on its behalf.

3 |   31. The term Z.WILLIAMS shall refer to Zak Williams who is referenced

4 | in EXHIBIT C.

5 |   32. As used herein, any quoted language from the COMPLAINT,

6 | including all quoted defined terms from the COMPLAINT, shall have the same

7 | meaning as used in the COMPLAINT.

8 |   33. As used herein, the connectives "and" and "or" shall be construed

9 | either disjunctively or conjunctively so as to acquire the broadest possible meaning.

10 |   34. As used herein, the terms "any," "all," and "each" shall be construed

11 | as "any, all, and each" inclusively.

12 |   35. As used herein, the use of the singular form of any word shall include

13 | the plural and vice versa.

14 |   36. Masculine forms of any noun or pronoun shall embrace and be read to

15 | include the feminine or neuter, as the context may make appropriate.

16 | **INSTRUCTIONS**

17 |   A. Pursuant to Local Rule 34-2, VOGTS shall quote each Request in full

18 | immediately preceding the statement of any answer, response, or objection thereto.

19 |   B. Each Request solicits all information obtainable by VOGTS, including

20 | his attorneys, investigators, agents, employees and representatives.

21 |   C. Pursuant to F.R.C.P. Rule 34(b)(2)(B), each Request must be

22 | responded to separately and state whether: (1) VOGTS will allow inspection or

23 | related activities in response to the Request; (2) VOGTS will produce copies or of

24 | electronically stored information instead of inspection in response to the Request; or

25 | (3) an objection to the Request.

26 |   D. Pursuant to F.R.C.P. Rule 34(b)(2)(B), an objection to any Request

27 | must state with specificity the grounds for objecting to the Request, including the

28 | reasons. Pursuant to F.R.C.P. Rule 34(b)(2)(C), VOGTS must specify whether any

responsive materials to a Request are being withheld on the basis of said objection.

      E.     Pursuant to F.R.C.P. Rule 34(b)(2)(C), if a Request is objected to only in part, the objection must specify which part and permit inspection or produce documents as to the remainder of the Request.

      F.     Pursuant to F.R.C.P. Rule 34(b)(2)(D), if the objection is to the form for producing electronically stored information or if no form is specified in the Request, the response to the Request must state the form or forms to be produced.

      G.     Where a claim of privilege, immunity, or other protection from discovery (collectively, "Privilege") is asserted in objecting to any Request or any portion thereof, VOGTS shall furnish the following information for each such claim:

         1.     The nature of the Privilege (including work product) that is being claimed, and, if the Privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's Privilege rule being invoked;

         2.     The Request or specific portion of the Request to which the assertion of Privilege relates;

         3.     If the Privilege is being asserted for a particular COMMUNICATION, a description of the COMMUNICATION, including:

            a.     the date of the COMMUNICATION or disclosure;

            b.     IDENTIFY the PERSONS involved in the COMMUNICATION, including without limitation, the PERSONS' names, addresses, employments, and titles;

            c.     IDENFITY where/how the COMMUNICATION occurred, including the specific location where the COMMUNICATION occurred and/or medium of the COMMUNICATION; and

            d.     a summary of the COMMUNICATION'S subject matter.

         4.     If the Privilege is being asserted for a particular DOCUMENT, a

description of the DOCUMENT, including:

      a.    the date of the DOCUMENT;

      b.    IDENTIFY the PERSON who authored or prepared of the DOCUMENT, including without limitation, the PERSON'S name, address, employment, and title;

      c.    IDENTIFY each PERSON who has sent or had access to or custody of the DOCUMENT, together with an identification of employment of each said PERSON;

      d.    the location of the DOCUMENT; and

      e.    a summary of the DOCUMENT'S subject matter.

H.    If any DOCUMENT or thing otherwise responsive to any Request has been lost, discarded, or destroyed since its preparation or receipt, VOGTS shall IDENTIFY, as completely as possible, the DOCUMENT or thing, state the Request to which it would be responsive, and give full particulars or circumstances under which the DOCUMENT or thing was lost or destroyed, including, without limitation, each DOCUMENT'S date, the general nature of the DOCUMENT (*e.g.*, letter, memorandum, telegram, etc.), the subject matter of the DOCUMENT, each PERSON who authored the DOCUMENT, each PERSON indicated as an addressee or copy recipient, or known by VOGTS to have received a copy of the DOCUMENT or thing, and the DOCUMENT'S former custodians.  In addition, as to each such DOCUMENT or thing, the following information shall be supplied:

      1.    date of disposal, loss, or destruction;

      2.    manner of disposal, loss, or destruction;

      3.    reason for disposal or destruction, or an explanation of the loss;

      4.    IDENTIFY the PERSON(S) authorizing the disposal or destruction;

      5.    IDENTIFY the PERSON(S) having knowledge of the disposal, loss, or destruction; and

THE PMC DEFENDANTS' RFPS TO PLAINTIFF (SET ONE)
EXHIBIT A

6.     IDENTIFY the PERSON(S) who destroyed, lost, or disposed of the DOCUMENT or thing.

I.     If, in responding to any of these Requests, VOGTS encounters any ambiguity in construing either the Request, a definition, or an instruction, VOGTS shall state with specificity the matter deemed ambiguous and identify the construction chosen or used is responding to the Request.

J.     Pursuant to F.R.C.P. Rule 34(b)(2)(E)(i), all DOCUMENTS or electronically stored information must be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories in the Request.

K.     Pursuant to F.R.C.P. Rule 34(b)(2)(E)(ii), if a Request does not specify a form for producing electronically stored information, such information must be produced in a form or forms which the information is ordinarily maintained or in a reasonable usable form or forms.

L.     In producing material responsive to these Requests, VOGTS shall produce all material within his possession, custody or control.

M.     Pursuant to F.R.C.P. Rule 26(e), these Requests shall be deemed continuing and supplemental answers shall be required if VOGTS directly or indirectly obtains further information after his initial response.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNCATIONS RELATED TO the allegation in Paragraph 4 of the COMPLAINT that "Vogts is a professional photographer."

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the allegation in Paragraph 4 of the COMPLAINT that "Vogts specializes in photographing residential and commercial interiors, luxury real estate, and architecture."

/ / /

**REQUEST FOR PRODUCTION NO. 202:**

All DOCUMENTS and COMMUNICATIONS RELATED each LICENSE for the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 203:**

All DOCUMENTS and COMMUNICATIONS RELATED TO each attempt by VOGTS to LICENSE the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 204:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the authorship of the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 205:**

All DOCUMENTS and COMMUNICATIONS between VOGTS other PERSONS RELATED TO authoring the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 206:**

All DOCUMENTS and COMMUNICATIONS by VOGTS RELATED TO attempts to LICENSE his copyrighted works.

**REQUEST FOR PRODUCTION NO. 207:**

All DOCUMENTS and COMMUNICATIONS between VOGTS and PERSONS involved in news reporting RELATED to a LICENSE for the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 208:**

All DOCUMENTS and COMMUNICATIONS between VOGTS and PERSONS involved in news reporting RELATED to a LICENSE for VOGTS' copyrighted works.

**REQUEST FOR PRODUCTION NO. 209:**

All DOCUMENTS and COMMUNICATIONS between VOGTS and O'DOWD RELATED TO the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 210:**

All DOCUMENTS and COMMUNICATIONS between VOGTS and

**REQUEST FOR PRODUCTION NO. 218:**

All DOCUMENTS and COMMUNICATIONS between VOGTSH and the WILLIAMS PROPERTY OWNER'S REAL ESTATE AGENT RELATED TO the SUBJECT PHOTOGRAPHS.

**REQUEST FOR PRODUCTION NO. 219:**

All DOCUMENTS and COMMUNICATIONS that VOGTS intends to introduce into evidence at trial.

Dated:  June 29, 2022                              **Law Offices of Lincoln Bandlow**

By _____
LINCOLN D. BANDLOW
ROM BAR-NISSIM
Attorneys for Defendants Penske
Media Corporation and Dirt.com,
LLC

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the within action or proceeding.  My business address is the law firm of The Law Offices of Lincoln Bandlow, P.C., 1801 Century Park East, Suite 2400, Los Angeles, CA 90067.

     On June 29, 2022, I served the following document(s) **FIRST SET OF REQUESTS FOR PRODUCTION OF THE PMC DEFENDANTS TO PLAINTIFF BRANDON VOGTS**

| | |
|---|---|
| Stephen M. Doniger<br>Benjamin F. Tookey<br>DONIGER/BURROUGHS<br>603 Rose Ave.<br>Venice, CA 90291<br>Email: stephen@donigerlawfirm.com;<br>btookey@donigerlawfirm.com | Counsel for Plaintiff<br>Brandon Vogts |

    **[X]**    **BY EMAIL:** I attached the document(s) to an email sent to the email addresses set forth above

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed this June 29, 2022, at Encino, CA.

_____

Lincoln Bandlow

1
