# Exhibit B

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE MEDIA CORPORATION; DIRT.COM, LLC; et al.,<br><br>Defendants. | Case No.: 2:22-cv-01153-FWS-PVC<br><u>Hon. Fred W. Slaughter Presiding</u><br><br>**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS** |

PROPOUNDING PARTIES:   PENSKE MEDIA CORPORATION; DIRT.COM, LLC

RESPONDING PARTY:   BRANDON VOGTS

SET:   ONE

**TO PROPOUNDING PARTIES AND THEIR COUNSEL:**

Pursuant to Fed. R. Civ. P. 34, Plaintiff Brandon Vogts ("Plaintiff" or "Responding Party") hereby responds to the First Set of Requests for the Production of Documents and Things ("RFPs") propounded by Defendants Penske Media Corporation and Dirt.com, LLC ("Defendants" or "Propounding Parties") as follows:

## PRELIMINARY STATEMENT

Plaintiff's responses to the below RFPs are based upon his investigation to date (i.e., in the time available since service of the RFPs). Because Plaintiff's investigation in this case remains ongoing, and as of the date of these responses, Plaintiff does (or may) not yet know of or possess all information potentially relevant to this case, including through discovery from Defendants and/or non-parties. As such, Plaintiff's responses are based upon information now known to Plaintiff and that Plaintiff believes to be relevant to the subject matter covered by the RFPs. Because Plaintiff may acquire additional information (through discovery from Defendants (and/or non-parties) or otherwise) bearing upon the RFPs and Plaintiff's responses thereto, Plaintiff reserves the right to (1) supplement, and/or otherwise subsequently revise or amend, these responses based upon any information, evidence, and/or documents hereafter discovered; and (2) produce, introduce, and/or otherwise rely upon such additional or subsequently acquired or discovered information, evidence, and/or documents at the time of any pretrial proceedings or trial held in this case.

## GENERAL OBJECTIONS

Plaintiff incorporates by reference each of the following General Objections in its Responses below:

1. Plaintiff objects to each of the RFPs as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent they seek information that is not relevant to the claims or defenses asserted in this case.

2. Plaintiff objects to each RFP to the extent it seeks information/documents protected by the attorney-client privilege and/or work-product doctrine.

3. Plaintiff objects to each RFP to the extent it seeks information that is publicly available; equally available to the Propounding Party; and/or already within the possession, custody, or control of the Propounding Party.

4. Vogts objects to Defendants' Paragraphs 6-8 Definitions to the extent those exhibits (i.e., "EXHIBIT A[, B, and C]") as initially attached to the RFAs are incomplete by Defendants' own admission; not text searchable and illegible when zoomed in; are not date, time, or URL stamped; and are unaccompanied by any indication of who created them. Vogts cannot authenticate a document he did not create, especially without any foundation.

5. Vogts objects to Defendants' Paragraph 10 Definition and Paragraphs C-K to the extent they purport to impose on Vogts obligations greater than those required under Federal Rule of Civil Procedures 26 and 34.

6. Vogts objects to Defendants' Paragraph B Instruction on the ground that it seeks information/documents protected by the attorney-client privilege and/or work-product doctrine.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the allegation in Paragraph 4 of the COMPLAINT that "Vogts is a professional photographer."

**RESPONSE TO REQUEST NO. 1:**

Vogts objects to this RFP on the ground that seeking "all" such "DOCUMENTS and COMMUNICATIONS RELATED TO" the subject matter of this RFP is overbroad, unduly burdensome, and disproportionate to the needs of the case. Vogts objects to this RFP to the extent it seeks information/documents that are publicly available; equally available to Defendants; and/or already in Defendants' possession, custody, or control. Vogts objects to this RFP to the extent it seeks information/documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST NO. 2:**

overbroad, unduly burdensome, disproportionate to the needs of the case, harassing, and oppressive. Vogts incorporates by reference his objections to the ROG referenced in this RFP. Vogts objects to this RFP to the extent it seeks information/documents protected by the attorney-client privilege and/or work-product doctrine.

Subject to the above objections, Vogts will produce relevant, responsive, non-privileged documents within his possession, custody, and control reflecting licenses for the SUBJECT PHOTOGRAPHS and any communications discussing those licenses.

**REQUEST NO. 203:**

All DOCUMENTS and COMMUNICATIONS RELATED TO each attempt by VOGTS to LICENSE the SUBJECT PHOTOGRAPHS.

**RESPONSE TO REQUEST NO. 203:**

Vogts objects to this RFP on the ground that seeking "All DOCUMENTS and COMMUNICATIONS RELATED TO VOGTS' response to" each of Defendants' ROGs (one of which incorporates each of Defendants' 87 RFAs and potentially additional RFAs that Defendants may serve after the date of these responses) is overbroad, unduly burdensome, disproportionate to the needs of the case, harassing, and oppressive. Vogts incorporates by reference his objections to the ROG referenced in this RFP. Vogts objects to this RFP to the extent it seeks information/documents protected by the attorney-client privilege and/or work-product doctrine.

Subject to the above objections, Vogts will produce relevant, responsive, non-privileged documents within his possession, custody, and control sufficient to show any attempts to license the SUBJECT PHOTOGRAPHS.

**REQUEST NO. 204:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the authorship of the SUBJECT PHOTOGRAPHS.

1  Subject to the above general and specific objections, Vogts will produce the
2  SUBJECT PHOTOGRAPHS and the registration certificates from the U.S.
3  Copyright Office covering the SUBJECT PHOTOGRAPHS.

4  **REQUEST NO. 206:**

5  All DOCUMENTS and COMMUNICATIONS by VOGTS RELATED TO
6  attempts to LICENSE his copyrighted works.

7  **RESPONSE TO REQUEST NO. 206:**

8  Vogts objects to this RFP to the extent construing the term "authorship"
9  requires a legal conclusion. Vogts objects to this RFP on the ground that seeking "All
10 DOCUMENTS and COMMUNICATIONS RELATED TO the authorship of the
11 SUBJECT PHOTOGRAPHS" is overbroad, unduly burdensome, and
12 disproportionate to the needs of the case. Vogts objects to this RFP to the extent it
13 seeks information/documents protected by the attorney-client privilege and/or work-
14 product doctrine. Vogts objects to this RFP to the extent it seeks
15 information/documents that are publicly available; equally available to Defendants;
16 and/or already in Defendants' possession, custody, or control.

17 Subject to the above general and specific objections, Vogts will produce the
18 SUBJECT PHOTOGRAPHS and the registration certificates from the U.S.
19 Copyright Office covering the SUBJECT PHOTOGRAPHS.

20 **REQUEST NO. 207:**

21 All DOCUMENTS and COMMUNICATIONS between VOGTS and
22 PERSONS involved in news reporting RELATED to a LICENSE for the
23 SUBJECT PHOTOGRAPHS.

24 **RESPONSE TO REQUEST NO. 207:**

25 Vogts objects to this RFP to the extent the term "PERSONS involved in news
26 reporting" is vague, ambiguous, and/or undefined. Vogts objects to this RFP on the
27 ground that seeking "All DOCUMENTS and COMMUNICATIONS between
28 VOGTS and PERSONS involved in news reporting RELATED to a LICENSE for

**REQUEST NO. 223:**

All DOCUMENTS and COMMUNICATIONS that demonstrate PMC had knowledge of direct infringement for purposes of contributory copyright infringement.

**RESPONSE TO REQUEST NO. 223:**

Vogts objects to this RFP on the ground that construing the phrase "knowledge of direct infringement for purposes of contributory copyright infringement" requires a legal conclusion. Vogts objects to this RFP on the ground that seeking "All DOCUMENTS and COMMUNICATIONS that demonstrate PMC had knowledge of direct infringement for purposes of contributory copyright infringement" is overbroad, unduly burdensome, and disproportionate to the needs of the case. Vogts objects to this RFP as premature on the ground that as of the date of these responses, Vogts has not yet received any document production or discovery responses from Defendants, he has not yet had the opportunity to depose Defendants, and the discovery period is still open. Vogts objects to this RFP to the extent it seeks information/documents protected by the attorney-client privilege and/or work-product doctrine. Vogts objects to this RFP to the extent it seeks information/documents that are publicly available; equally available to Defendants; and/or already in Defendants' possession, custody, or control.

Subject to the above general and specific objections, and to the extent this RFP is understood, Vogts will produce responsive, relevant, non-privileged documents within his possession, custody, and control.

DONIGER / BURROUGHS

Dated: August 19, 2022     By:     */s/ Benjamin F. Tookey*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
Attorneys for Plaintiff